**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
www.flsb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **LIBERTY POWER HOLDINGS, LLC,** | **Case No. 21-13797-SMG** |
| Debtor. _____/ | |

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING MAINTENANCE OF CERTAIN EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM, (II) WAIVING CERTAIN U.S. TRUSTEE REQUIREMENTS IN CONNECTION THEREWITH, AND (III) GRANTING RELATED RELIEF**

**(Emergency Interim Hearing Requested on April 27, 2021 at 2:30 p.m.)**

**Statement of Exigent Circumstances**

The Debtor seeks to continue to operate its business in the ordinary course and in connection therewith use its existing pre-petition bank accounts at JP Morgan Chase Bank, N.A. The United States Trustee Guidelines require the immediate closing of all pre-petition bank accounts and the establishment of new debtor-in-possession accounts. The Debtor receives a large percentage of its customer payments via direct deposit/ACH, thereby necessitating the need to keep those bank accounts open to streamline operations and facilitate receipt of revenue from its customers. Further, the Debtor pays its many of its major creditor constituencies via ACH.  Lastly, the Debtor granted a lien on such bank accounts to its senior secured lender through certain deposit control agreements. Therefore, requiring the Debtor to close and change its existing bank accounts at this critical juncture would disrupt the Debtor's cash management system, adversely affect the Debtor's business, and jeopardize its ability to reorganize. Therefore, the Debtor seeks authority to maintain its existing pre-petition bank accounts in order to ensure the continued cash flow for payment of operating expenses and to facilitate its reorganization.

**LIBERTY POWER HOLDINGS, LLC (the "Debtor"),** by and through its proposed undersigned counsel, requests that the Court enter an interim and final Orders (A) authorizing the Debtor (i) to maintain its existing Bank Accounts and Cash Management System (each as defined below), (ii) to continue its use of Automated Clearing House ("ACH") transfers and wire

transfers for payment of expenses, (iii) to maintain in place any and all deposit control agreements on such Bank Accounts, and (iv) to continue to maintain, service and administer the Bank Accounts in the ordinary course of business; and (B) waiving the U.S. Trustee Requirements in connection therewith (the "Motion"). In connection therewith, the Debtor respectfully represents as follows:

I.     **JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a) and 363(c) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 9013-1 (J) and 9075-1.

II.    **BACKGROUND**

4. On April 20, 2021 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under the Bankruptcy Code (the "Chapter 11 Case"). Since that time, the Debtor has operated as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. As of the date hereof, no creditors' committee has been appointed in this case. In addition, no trustee or examiner has been appointed.

6. For a detailed description of the Debtor and its operations, the Debtor respectfully refers the Court and parties in interest to the *Declaration of Bob Butler, Proposed Chief Restructuring Officer of the Debtor, in Support of Chapter 11 Petition and First Day Motions*

[Docket No. 10] (the "First Day Declaration") filed April 21, 2021.

### III. CASH MANAGEMENT SYSTEM

#### A. Bank Accounts

7. Prior to the Petition Date, the Debtor used a cash management system in the ordinary course of its business (the "Cash Management System") so as to efficiently collect, transfer, and disburse funds generated by its business operations. As more fully described below and in the Bank Account Structure schematic attached hereto as Exhibit "A", the Debtor has five (5) bank accounts at JP Morgan Chase Bank, N.A. ("JP Morgan") (collectively, the "Bank Accounts").[1]  JP Morgan is an authorized depository pursuant to the *United States Trustee's Authorized Depository Listing* ("Authorized Depository List") established for the Southern District of Florida.

8. The Bank Accounts are described in detail on the attached Exhibit "B."

9. The Debtor's customers make payments into the Lockbox Account (x2233) through various mediums, including ACH, credit card, paper checks or electronic checks. Those customer payments are then swept on a daily basis into the Debtor's Blocked Account (x9780).

10. Funds in the Blocked Account are then utilized to make payments and sweeps to Boston Energy Trading and Marketing ("BETM"), the Debtor's senior secured lender.  In addition, BETM has the benefit of certain deposit control agreements on certain of the Bank Accounts designated as Blocked Accounts as set forth on Exhibit "B" hereto.  The Blocked Account also pays miscellaneous bank charges and pays certain expenses via the Operating

---

[1] As detailed on Exhibit "A", the Bank Accounts in the name of the Debtor are interspersed with accounts controlled by Liberty Power Corp., the Debtor's parent company ("ParentCo").  While the ParentCo bank accounts are not in the name of the Debtor, they are integral to the Debtor's Cash Management System.  However, at this early stage in the case, the Debtor is seeking relief with respect to its Bank Accounts only.  As the CRO and his team evaluate the Debtor's cash flow needs, this Motion may be updated or revised as necessary.

Account (x9199). Certain funds from the Operating Account are also transferred and held in the Money Market Account (x3760) as a collateral account for letters of credit.

11. The Debtor also has a bank account dedicated to non-Texas[2] customer deposits (x9207).

## IV. RELIEF REQUESTED

12. By this Motion, the Debtor respectfully requests entry of an order (i) authorizing the Debtor to maintain its existing Bank Accounts, as well as its Cash Management System related thereto; (ii) granting the Debtor a waiver of certain bank account and related requirements of the Office of the United States Trustee for the Southern District of Florida (the "U.S. Trustee") to the extent that such requirements are inconsistent with (a) the existing practices under its Cash Management System, or (b) any action taken by the Debtor in accordance with any order granting this Motion or any other order entered in the Chapter 11 case.

13. The U.S. Trustee has established its *Operating Guidelines for Chapter 11 Cases* for Region 21 (the "Guidelines") in order to supervise the administration of chapter 11 cases. The Guidelines generally require debtors-in-possession to, among other things, (a) close all existing bank accounts and open new accounts, including an operating account, a tax account, a payroll account, and, if required by the Court, a cash collateral account, (b) obtain checks for all debtor-in-possession accounts that have the designation "debtor-in-possession," and the bankruptcy case number, (c) deposit all receipts into and make all disbursements only from the approved Debtor in Possession account(s) ("DIP") (d) deposit to the tax account sufficient funds to pay all tax liabilities, (e) deposit all funds into an account with a depository approved by the U.S. Trustee, (f) open a new set of books and records as of the Petition Date, (g) use new business forms indicating the debtor in possession status of the chapter 11 debtor, and (h)

4

provide consent to the U.S. Trustee to request copies of bank statements and/or supporting documentation directly from the Debtor designed banks and other financial institutions (collectively, the "Bank(s)"). The U.S. Trustee has these requirements to provide, among other things, a clear demarcation between prepetition and postpetition transactions and operations, which would, in theory, prevent the inadvertent postpetition payment of a prepetition claim. As explained in further detail below, the Debtor seeks a waiver of certain of these requirements in this Motion.

        A.      **Continued Use of Corporate Bank Accounts and Cash Management System.**

14. The Debtor respectfully requests authority to maintain its existing Bank Accounts, as well as its Cash Management System related thereto, in accordance with its usual and customary pre-petition practices to ensure a smooth transition into chapter 11 with minimal disruption to operations. The Debtor will agree to comply with the Guidelines to the extent they require the opening of new debtor-in-possession payroll and tax accounts at a U.S. Trustee authorized depository; new set of post-petition books and records as of the Petition Date, and provide consent to the U.S. Trustee to request copies of bank statements and/or supporting documentation directly from the banks.

15. The Cash Management System is similar to the cash management systems used by other comparably sized retail energy providers to manage cash flow. The Debtor uses its Cash Management System in the ordinary course to transfer and distribute funds and to facilitate cash monitoring, forecasting, and reporting. The Cash Management System facilitates the timely and efficient collection, management, and disbursement of funds. Because of the nature of the business and the disruption that would result if the Debtor is forced to close its existing Bank Accounts, it is critical that the existing Cash Management System remain in place.

---

[2] Deposits for Texas customers are held in an account owned by affiliated non-debtor LPT, LLC.

16. Only if the Debtor continues to use the existing Bank Accounts with the same account numbers can the transition into chapter 11 be smooth and orderly, causing minimal interference with continuing operations and customer relationships. Requiring the Debtor to open new accounts and contact all of its customers to redirect payments will be extremely disruptive to the Debtor's operations and may result in the loss of customers. The Debtor requests a waiver of the requirements to designate "Debtor-in-Possession" to any checks in its possession. Of course, no checks issued prior to the Petition Date are to be honored, except as otherwise provided by separate order of this Court.  However, as stated above the Debtor either makes all payments by credit card or wire transfer from the disbursement accounts and not by check.

17. By preserving business continuity and avoiding operational and administrative paralysis that closing the existing Bank Accounts and opening new ones would necessarily create, all parties-in-interest will be best served by maintaining the Bank Accounts and the benefits to the Debtor's estate will be considerable. The existing Bank Accounts are in financially stable institutions insured by the FDIC up to the applicable limit and the Debtor understands that JP Morgan is already on the U.S. Trustee's Authorized Depository List to maintain debtor in possession accounts. Therefore, the Bank Accounts comply with the requirements of section 345(b) of the Bankruptcy Code.  Thus, the Debtor believes that any funds that are deposited in these Bank Accounts are secure. Further, the Debtor does not have any investment accounts, and as such are in compliance with section 345(b) of the Bankruptcy Code and substantially in compliance with the Guidelines. Therefore, the Debtor respectfully submits that cause exists to continue to allow the Debtor to utilize its existing Bank Accounts.

18. The confusion that would otherwise result during these fragile times could only work to the detriment of the Chapter 11 Case. No checks or electronic transfers issued prior to

the Petition Date are to be honored, except as otherwise provided by separate order of the Court, subject to the terms and conditions set forth in this Motion. The Debtor reserves its rights pursuant to section 549 of the Bankruptcy Code with respect to any checks or transfers issued prepetition that is inadvertently honored postpetition. The Debtor will continue to maintain records respecting all transfers from its Bank Accounts so that all transactions can be ascertained after they have occurred.

19.     The Cash Management System constitutes an ordinary course, essential business practice providing significant benefits to the Debtor including, among other things, the ability to (i) control funds, (ii) ensure the availability of funds when necessary, and (iii) reduce costs and administrative expenses by facilitating timely and accurate account balance information. Any disruption of the Cash Management System could have a severe and adverse impact upon the Debtor's reorganization efforts.

  **B.**  **Authorizing the Debtor to Continue Using ACH and Wire Transfers Is Warranted.**

20.     The Debtor further requests that the Court grant relief from the Guidelines to the extent they require the Debtor to make all disbursements by check. In particular, the Guidelines require that all receipts and all disbursements of estate funds must be made by check with a notation representing the reason for the disbursement. If the ability to conduct transactions by debit or wire transfer, or other similar methods is impaired, the day-to-day activities may be unnecessarily disrupted, and its estate will incur additional costs.

  **C.**  **Authorizing the Banks to Continue to Maintain, Service and Administer the Bank Accounts in the Ordinary Course is Warranted.**

21.     The Debtor respectfully requests that the Court authorize JP Morgan to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtor as debtor in

possession, without interruption and in the ordinary course. In this regard, JP Morgan should be authorized to receive, process, honor, and pay any and all checks, ACH transfers, and other instructions and drafts payable through, drawn, or directed on such Bank Accounts after the Petition Date by holders, makers, or other parties entitled to issue instructions with respect thereto; *provided* that any check, draft, or other notification that the Debtor advises JP Morgan to have been drawn, issued, or otherwise presented before the Petition Date may be honored by the banks only to the extent authorized by order of the Court.

## V.     BASIS FOR RELIEF REQUESTED

22.     Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Courts have long recognized that the power granted by section 105(a) was expressly meant to be exercised to effectuate the rehabilitation of the debtor. *See, e.g.*, *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1989) (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 16 (1977)). The relief requested in this Motion is critical to the Debtor successful reorganization and is justified under section 105(a) especially during this unprecedented financial crisis.

23.     Extensive authority supports the relief the Debtor seeks in the Motion. In other Chapter 11 cases, courts have recognized that strict enforcement of the United States Trustee requirements does not always serve the purposes of a Chapter 11. Accordingly, courts have often granted relief from these requirements and replaced them with alternative procedures. *See, e.g.*, *In re American Purchasing Services, LLC,* Case No. 20-23495-SMG (Bankr. S.D. Fla. Dec. 11, 2020); *In re Mercedes Homes, Inc., et al.*, Case No. 09-11191-BKC-PGH (Bankr. S.D. Fla. Jan. 29, 2009); *In re TOUSA, Inc., et al.,* Case No. 08-10928-BKC-JKO (Bankr. S.D. Fla. Jan. 31,

2008); *In re Levitt and Sons, LLC, et al.,* Case No. 07-19845-BKC-RBR (Bankr. S.D. Fla. Nov. 14, 2007); *In re Gemini Air Cargo Logistics, Inc.* Case No. 06-10780-BKC-AJC (Bankr. S.D. Fla. Mar. 20, 2006) (*Order Granting Emergency Motion For Order (1) Authorizing Continued Use Of Existing Business Forms And Records; (2) Authorizing Maintenance Of Existing Corporate Bank Accounts And Cash Management System; And (3) Extending Time To Comply With 11 U.S.C. § 345 Investment Guidelines*); *In re Fine Air Serv., Corp.,* Chapter 11 Case No. 00-18671-75 (Bankr. S.D. Fla. Feb. 7, 2001) (*Order Granting Debtor Emergency Motion for Order Authorizing (a) Continued Use of Existing Bank Accounts and Business Forms and (b) Maintenance of Cash-Management System*); *In re Kitty Hawk, Inc.*, Case No. 400-42141-BJH (Bankr. N.D. Tex. May 3, 2000) (*Order Granting Motion for Order (1) Authorizing Continued Use of Existing Business Forms and Records; (2) Authorizing Maintenance of Existing Corporate Bank Accounts and Cash Management System; and (3) Extending Time to Comply with 11 U.S.C. § 345 Investment Guidelines*); *In re UAL Corp.,* Chapter 11 Case No. 02-B-48191 (Bankr. N.D. Ill., Dec. 9, 2002) (*Order Pursuant to Sections 363, 364, 1107, and 1108 of the Bankruptcy Code (a) Authorizing (I) Continue Use of Existing Cash Management System, (II) Maintenance of Existing Bank Accounts, (III) Continued Use of Existing Business Forms, and (IV) Continued Use of Existing Investment Guidelines; and (b) According Superpriority Status to Certain Intercompany Claims*); *In re Atlas Air Worldwide Holdings, Inc.,* Chapter 11 Case No. 04-10792-BKC-RAM (Bankr. S.D. Fla. March 26, 2004) (*Final Order Granting Emergency Motion for Order (1) Authorizing Continued Use of Existing Business Forms and Records; (2) Authorizing Maintenance of Existing Corporate Bank Accounts and Cash Management Systems; and (3) Extending Time to Comply with 11 U.S.C. § 345 Investment Guidelines*); *In re Trans World Airlines, Inc.*, Case No. 92-115 (Bankr. D. Del. Jan. 31, 1992) (*Order Authorizing*

*Maintenance and Use of Existing Bank Accounts Located Within the United States, Use of Existing Business Forms and Use of Investment and Deposit Guidelines*).

24. Additionally, section 363(c)(1) of the Bankruptcy Code authorizes the debtor-in-possession to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). The purpose of section 363(c)(1) of the Bankruptcy Code is to provide a debtor-in-possession with the flexibility to engage in the ordinary course transactions required to operate its business without unneeded oversight by its creditors or the Court. *Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne)*, 114 F.3d 379, 384 (2d Cir. 1997); *In re Git-N-Go, Inc.*, 322 B.R. 164, 171 (Bankr. N.D. Okla. 2004); *In re Enron Corp.*, No. 01-16034 (ALG), 2003 WL 1562202, at *15 (Bankr. S.D.N.Y. Mar. 21, 2003); *In re Atlanta Retail, Inc.*, 287 B.R. 849, 856 (Bankr. N.D. Ga. 2002); *Chaney v. Official Comm. of Unsecured Creditors of Crystal Apparel, Inc. (In re Crystal Apparel, Inc.)*, 207 B.R. 406, 409 (S.D.N.Y. 1997). Included within the purview of section 363(c) is a debtor's ability to continue the "routine transactions" necessitated by a debtor's cash management system. *Amdura Nat'l Distrib. Co. v. Amdura Corp. (In re Amdura Corp.)*, 75 F.3d 1447, 1453 (10th Cir. 1996). Accordingly, the Debtor seeks authority under section 363(c)(1) of the Bankruptcy Code to continue the collection and disbursement of cash pursuant to its Cash Management System described above.

25. The Debtor respectfully submits that it has shown the relief requested in this Motion is appropriate and ask that the Court grant all of the relief requested as being in the best interests of the estate.

26. The relief requested in this Motion is vital to ensuring the seamless transition into bankruptcy. Authorizing the Debtor to maintain its Cash Management System, as outlined

herein, will avoid many of the possible disruptions and distractions that could divert the Debtor attention from more pressing matters during the initial days of the Chapter 11 Case.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

27. Given the nature of the relief requested herein, the Debtor respectfully requests a waiver of (a) the notice requirements under Bankruptcy Rule 6004(a) and (b) the 14-day stay under Bankruptcy Rule 6004(h), to the extent that either rule is applicable.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (i) granting this Motion, (ii) authorizing the Debtor to maintain existing Bank Accounts, as well as its Cash Management System, (iii) continue using ACH and Wire transfers, (iv) to maintain in place any and all deposit control agreements on such Bank Accounts, (v) continue to maintain, service and administer the Bank Accounts in the ordinary course of business; (vi) waiving U.S. Trustee requirements in connection therewith, and (vii) granting such other and further relief as is just and proper.

Dated this 26th day of April, 2021.

    Respectfully Submitted,

    **GENOVESE JOBLOVE & BATTISTA, P.A.**
    *Proposed attorneys for Debtor-in-Possession*
    100 Southeast Second Street, Suite 4400
    Miami, Florida 33131
    Telephone: (305) 349-2300
    Facsimile:  (305) 349-2310

    By:   /s/ *Paul J. Battista*
        Paul J. Battista, Esq.
        Florida Bar No. 884162
        pbattista@gjb-law.com
        Mariaelena Gayo-Guitian, Esq.
        Florida Bar No. 813818
        mguitian@gjb-law.com
        Heather L. Harmon
        Florida Bar No. 13192
        hharmon@gjb-law.com

# CASH MANAGEMENT

## Bank Account Structure

**Customer Collections** → **2233 "Lockbox" ZBA Account** —Daily Sweep→ **9780 "Blocked Account"**

2233 "Lockbox" ZBA Account → Returned checks, misc. charges, etc.

9780 "Blocked Account" → Payments/Sweeps to BETM

9780 "Blocked Account" → Misc. Bank Charges, etc.

9780 "Blocked Account" —Payment of Allowed Admin Expenses→ **Liberty Power Corp**

9780 "Blocked Account" —Payment of Allowed Admin Expenses→ **9199 "Operating Account"**

9199 "Operating Account" —Payment for Managed Services→ Liberty Power Corp

9199 "Operating Account" → **3760 Money Market Account**

9199 "Operating Account" → Operating Disbursements

Liberty Power Corp → Payroll & Benefits

Liberty Power Corp → Operating Disbursements

Inter-Company Loans between LPH and LPC (between 9199 Operating Account and Liberty Power Corp)

**9207 Non-TX Customer Deposits**

### Legend
- LPH Accounts (ellipse)
- Non-LPH Accounts (rectangle)
- LPC Account (triangle)



**Schedule 7.1(m)**

**Accounts and Related Control Agreements**

| Account Number | ABA | Owner | Bank and Address | Control Agreement | Description |
|---|---|---|---|---|---|
| 3303153760 | 21000021 | Liberty Power Holdings LLC | JPMorgan Chase Bank, N.A. 700 N Pearl St, Floor 15 Dallas TX, 75021 | | Cash – JPMC Money Market -3760 |
| 427702233 | 21000021 | Liberty Power Holdings LLC | JPMorgan Chase Bank, N.A. 700 N Pearl St, Floor 15 Dallas TX, 75021 | Blocked Account Control Agreement for account number x2233, dated as of July __, 2020 by and among Liberty Power Holdings LLC, Boston Energy Trading and Marketing LLC and JPMorgan Chase Bank, N.A. | Cash JPMC  - LPH Lockbox – Blocked 2233 |
| 790509780 | 21000021 | Liberty Power Holdings LLC | JPMorgan Chase Bank, N.A. 700 N Pearl St, Floor 15 Dallas TX, 75021 | Blocked Account Control Agreement for account number x9780, dated as of July __, 2020 by and among Liberty Power Holdings LLC, Boston Energy Trading and Marketing LLC and JPMorgan Chase Bank, N.A. | Cash – JPMC Collateral, JPMC 9780 |
| 427699199 | 21000021 | Liberty Power Holdings LLC | JPMorgan Chase Bank, N.A. 700 N Pearl St, Floor 15 Dallas TX, 75021 | Blocked Account Control Agreement for account number x9199, dated as of July 1, 2020 by and among Liberty Power Holdings LLC, Boston Energy Trading and Marketing LLC and JPMorgan Chase Bank, N.A | Cash – JPMC LPH Operating Account 9199 |
| 427699207 | 21000021 | Liberty Power Holdings LLC | JPMorgan Chase Bank, N.A. 700 N Pearl St, Floor 15 Dallas TX, 75021 | Blocked Account Control Agreement for account number x9207, dated as of July __, 2020 by and among Liberty Power Holdings LLC, Boston Energy Trading and Marketing LLC and JPMorgan Chase Bank, N.A. | Cash – JPMC – Customer Deposits 9207 |
| 427702548 | 21000021 | LPT, LLC | JPMorgan Chase Bank, N.A. 700 N Pearl St, Floor 15 Dallas TX, 75021 | Blocked Account Control Agreement for account number x2548, dated as of July __, 2020 by and among LPT, LLC, Boston Energy | Cash – JPMC Customer Deposits 2548 |

|  |  |  |  | Trading and Marketing LLC and JPMorgan Chase Bank, N.A. |  |