UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                              Case No. 21-13797-SMG

LIBERTY POWER HOLDINGS, LLC,          Chapter 11

        Debtor.
_____/

**ASSIGNEE'S MOTION TO EXTEND TIME TO FILE NOTICE
OF APPEAL PURSUANT TO BANKRUTPCY RULE 8002,
AND REQUEST TO DEEM NOTICE OF APPEAL TIMELY FILED**

    Now comes Philip J. Von Kahle, as Assignee (the "Assignee") in the Assignment for the Benefit of Creditors of Liberty Power Corp., LLC ("LPC"), and files his *Motion to Extend Time to File Notice of Appeal Pursuant to Bankruptcy Rule 8002, and Request to Deem Notice of Appeal Timely Filed* (the "Motion") and in support states as follows:

    1.    On April 20, 2021 (the "Petition Date"), Liberty Power Holdings, LLC (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the U.S. Code.

    2.    On or about April 23, 2021, the Court entered the *Order Granting Debtor's Emergency Motion to Compel (i) Turnover of All Books, Records, Systems and Processes Related to the Debtor and Its Operations in the Possession and Control of Liberty Power Corp, LLC, (ii) Access to Corporate Premises and (iii) for Related Relief* (ECF No. 29) (the "Turnover Order").

    3.    On April 30, 2021, LPC filed its *Expedited Motion for Clarification of Court's Order Granting Debtor's Emergency Motion to Compel* [] (ECF No. 61) (the "Motion to Clarify").

    4.    On May 7, 2021, the Court entered the *Order Denying Liberty Power Corp., LLC's Expedited Motion for Clarification of Court's Order Granting Debtor's Emergency Motion to Compel (i) Turnover of All Books, Records, Systems and Processes Related to the Debtor and Its*

*Operations in the Possession and Control of Liberty Power Corp, LLC, (ii) Access to Corporate Premises and (iii) for Related Relief* (ECF No. 83) (the "Clarification Order").

5. On May 14, 2021, LPC executed an assignment of substantially all of its assets to the Assignee for the benefit of its creditors, pursuant to Florida Statute, Chapter 727. On May 19, 2021, the Assignee commenced the case styled *In re the Assignment for the Benefit of Creditors of Liberty Power Corp., LLC*, Case No. CACE-21-010056, pending in the Seventeenth Judicial Circuit, in and for Broward County, Florida (the "Assignment Case").

6. The Assignee now seeks to extend the time to file a notice of appeal of the Turnover Order, and requests the Court deem the Notice of Appeal of both the Turnover Order and the Clarification Order filed contemporaneously herewith, to be timely filed.

7. Pursuant to Bankruptcy Rule 8002, the time for filing a notice of appeal is within 14 days after entry of the order. Bankr. R. 8002(a). However, that deadline can be extended upon motion of the appealing party within 21 days after the time for appeal has run upon a showing of excusable neglect. Bankr. R. 8002(d)(1)(B).[1]

8. In the instant matter, Assignee did not receive assignment of the LPC assets until May 14, 2021, the date the appeal period on the Turnover Order expired. Assignee has spent the time since receiving the assignment attempting to secure the valuable assets of LPC both for the benefit of the LPC assignment estate, as well as for the benefit of the instant bankruptcy estate. Assignee has also been required to obtain legal counsel, who needed to review and understand the bankruptcy proceedings to date.

---

[1] None of the events precluding an extension of time under Bankruptcy Rule 8002(d)(2) is applicable here. Although the Debtor asserted that the Turnover Order and Clarification Order were premised upon 11 U.S.C. § 363(e), the Turnover Order was not an order authorizing "the sale or lease of property" nor "the use of cash collateral" under § 363 as set for the in Bankruptcy Rule 8002(d)(2)(B).

9. As soon as it was practicable, the Assignee prepared the Notice of Appeal, which has been or will be filed contemporaneously herewith.

10. The Motion to Clarify was filed only seven days after entry of the Turnover Order.

11. The Assignee submits that the Motion to Clarify served to extend the time for filing a Notice of Appeal from the Turnover Order, as set forth in Bankruptcy Rule 8002(1) but files this Motion in an abundance of caution.[2]

12. Determination of whether neglect is excusable in allowing a late filing is an equitable one, which takes into account all relevant circumstances surrounding a party's omission, including prejudice in the delay, length of the delay and the potential impact on proceedings, reason for the delay including whether the circumstances were within the reasonable control of the moving party, and whether the movant is acting in good faith. *Pioneer Inv. Serv. Co. v. Brunswick Assoc., Ltd. P'ship.*, 507 U.S. 1489, 1498 (1993); *Hansjurgens v. Bailey (In re Bailey)*, 521 Fed.Appx. 920, 921 (11th Cir. 2013).

13. In the instant case, the length of delay is minimal as this Motion and the Notice of Appeal were filed less than a week after the expiration of the original appeal period for the Turnover Order; but within the appeal period of the Clarification Order. Moreover, the parties are not being prejudiced by the 6-day delay in the appeal as the Debtor is currently enjoying the benefits of the Turnover Order. Moreover, the Turnover Order was amended and/or clarified by the Clarification Order, which is still subject to timely appeal.

14. Additionally, the circumstances were outside of the control of the Assignee, who has diligently worked to get up to speed in both understanding and securing LPC's assets, and

---

[2] The Assignee's appeal of the Clarification Order, entered May 7, 2021, is timely filed.

gaining an understanding of a bankruptcy case involving a complex business relationship between LPC and the Debtor. As soon as practicable after the Assignee became aware of the need to file an appeal, he verbally put the relevant parties on notice of his intent to appeal, and filed the instant motion and notice of appeal.

15. Accordingly, Assignee has demonstrated excusable neglect in his request to extend the deadline to file the notice of appeal of the Turnover Order.

16. The Assignee reserves the right to amend or supplement this Motion.

17. The Assignee has requested consent to the relief sought herein from the Debtor, but did not receive a response prior to filing the Motion.

WHEREFORE, Philip J. Von Kahle, as Assignee in the Assignment for the Benefit of Creditors of Liberty Power Corp., LLC, respectfully requests this Court enter an order: (i) granting the instant Motion; (ii) extending the time to file a notice of appeal of the Turnover Order through and including May 20, 2021; (iii) deeming the Notice of Appeal of the Turnover Order and Clarification Order filed contemporaneously herewith to be timely filed; and (iv) granting any other and further relief the Court deems just and proper.

> Respectfully submitted,
>
> BAST AMRON LLP
> *Counsel for Creditor, Liberty Power Corp., LLC*
> SunTrust International Center
> One Southeast Third Ave., Suite 1400
> Miami, Florida 33131
> Telephone: 305.379.7904
> Facsimile: 305.379.7905
> Email: jbast@bastamron.com
> Email: dquick@bastamron.com
>
> By: */s/ Dana R. Quick*
>     Jeffrey P. Bast (FBN 996343)
>     Dana R. Quick (FBN 074402)

CASE NO. 21-13797-SMG

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via CM/ECF to all parties registered to receive such service in this case on May 20, 2021, and to the parties listed below by U.S. Mail on May 21, 2021.

By: */s/ Dana R. Quick*
Dana R. Quick, Esq.

## **VIA CM/ECF**

- Scott Andron      sandron@broward.org, swulfekuhle@broward.org
- Stephen J Bagge    sbagge@baggelaw.com
- Paul J. Battista       pbattista@gjb-law.com,   gjbecf@gjb-law.com;   chopkins@gjb-law.com; jzamora@gjb-law.com; gjbecf@ecf.courtdrive.com; vlambdin@gjb-law.com
- Jason B Binford    jason.binford@oag.texas.gov
- Albert A Ciardi    aciardi@ciardilaw.com, sfrizlen@ciardilaw.com; dtorres@ciardilaw.com
- Jonathan F Dinerstein    jonathan.dinerstein@mass.gov
- Alexandra A Fahringer    afahringer@schnader.com
- Robert C Folland   rob.folland@btlaw.com, courtney.dunham@btlaw.com
- Mariaelena Gayo-Guitian  mguitian@gjb-law.com,   gjbecf@gjb-law.com;   vlambdin@gjb-law.com; cesser@gjb-law.com; chopkins@gjb-law.com; gjbecf@ecf.courtdrive.com
- Eric Goldstein       egoldstein@goodwin.com,       bankruptcy@goodwin.com; bankruptcyparalegal@goodwin.com
- Daniel N Gonzalez       dgonzalez@melandbudwick.com, ltannenbaum@melandbudwick.com; mrbnefs@yahoo.com; gonzalez@ecf.courtdrive.com; ltannenbaum@ecf.courtdrive.com; phornia@ecf.courtdrive.com
- Jordi Guso jguso@bergersingerman.com,       fsellers@bergersingerman.com; efile@bergersingerman.com; efile@ecf.inforuptcy.com
- Heather L Harmon      HHarmon@gjb-law.com, gjbecf@gjb-law.com; ecastellanos@gjb-law.com; gjbecf@ecf.courtdrive.com; jzamora@gjb-law.com
- Kevin M Lippman klippman@munsch.com
- Office of the US Trustee   USTPRegion21.MM.ECF@usdoj.gov
- Deborah M Perry   dperry@munsch.com
- Ethan M Preston    ep@eplaw.us
- Timothy J Reppucci     timothy.reppucci@mass.gov
- Abigail R Ryan    abigail.ryan@oag.texas.gov
- J. Steven Wilkes    steven.wilkes@usdoj.gov

## **VIA U.S. MAIL**

Bob Butler
810 Seventh Avenue, Suite 4100
New York, NY 10019

CASE NO. 21-13797-SMG

Breton Leone-Quick
One Financial Center
Boston, MA 02111

Abigail OBrient
Century Plaza Towers
2029 Century Park East, Suite 3100
Los Angeles, CA 90067