IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE)

| | | |
|---|---|---|
| *In Re:* | : | **Chapter 11** |
| **LIBERTY POWER HOLDINGS, LLC** | : | |
| Debtor | : | **Bankruptcy No. 21-13797(SMG)** |

**OBJECTION AND RESERVATION OF RIGHTS TO THE DEBTOR'S *EXPEDITED* MOLTION FOR THE ENTRY OF AN ORDER (1) APPROVING COMPETITIVE BIDDING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (2) SCHEDULING DATES TO CONDUCT AUCTION AND SALE HEARING, (3) APPROVING THE FORM AND MANNER OF NOTICES, (4) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (5) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES FOR EXECUTORY CONTRACTS,
AND (6) GRANTING RELATED RELIEF**

BLT Steak LLC and BLT Fish LLC, individually and as the appointed representatives of the class certified in *BLT Steak LLC and BLT Fish LLC v. Liberty Power Corp., LLC d/b/a Liberty Power New York and Liberty Power Holdings LLC*, Index No. 151293/2013 (N.Y. Sup. Ct., N.Y. County) on August 12, 2020 (hereinafter referred to as "Representative Plaintiffs"), by and through the undersigned counsel, files this objection and reservation of rights to the Motion of the Liberty Power Holdings, LLC (the "Debtor") pursuant to 11 U.S.C. §§105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014, and Local Rule 6004-1(B) for the entry of an Order (the "Bid Procedures Order"), in substantially the form attached to the motion as **Exhibit "A"**: (1) approving the competitive bidding procedures for the sale of substantially all of Debtor's assets attached as **Exhibit "1,"** to the Bid Procedures Order, (2) scheduling dates to conduct auction and sale hearing, (3) approving the form and manner of notices, including the Sale Notice attached as **Exhibit "2"** to the Bid Procedures Order and the Cure Notice attached as

**Exhibit "3"** to the Bid Procedures Order, (4) approving the sale of substantially all of the Debtor's assets free and clear of all liens, claims, encumbrances and interests, (5) approving procedures for the assumption and assignment of executory contracts and unexpired leases, and (6) granting related relief (the "Sale Motion") as follows:

1.  Representative Plaintiffs are restaurants located in New York and the appointed class representatives of the class certified in an action against Debtor and Liberty Power Corp., L.L.C. d/b/a Liberty Power New York (collectively, "Liberty") pending in the Supreme Court of New York, County of New York. Liberty provided electricity to the Representative Plaintiffs and members of the certified class and were contractually obligated to charge a variable rate based on electricity market pricing. Representative Plaintiffs allege that Liberty breached those contracts by charging exorbitant rates that were not tied to electricity market pricing.

2.  On August 12, 2020, the Hon. Shlomo S. Hagler appointed Representative Plaintiffs to represent a class consisting of all Liberty customers that, from June 29, 2009 to the present, were subject to a variable rate plan for the provision of electricity in New York State that provided that rates would be based on electricity market pricing.

3.  Representative Plaintiffs, both individually and in their capacities as representatives of the certified class, reserve any and all rights to object to the Sale Motion once the Debtor amends the same or provides via supplement the detail required to warrant the relief requested therein such as the purchase price, marketing efforts, identity of a buyer, and any credit bid.

4.  On May 18, 2021, the Debtor filed the Sale Motion on an expedited basis requesting a hearing on Monday, May 24, 2021.

5.      However, the Sale Motion should be denied – in whole or in part – as it merely identifies a process but provides no disclosure of price, buyer, distribution to creditors or a credit bid.  Rather, the Sale Motion suggests pre-approval of a transfer, a buyer, and credit bidding.  The relief requested is premature and should be summarily denied by the Court. The Debtor is free to market its assets in its business judgment.  However, the Sale Motion should be denied to the extent it seeks anything more than to express the Debtor's aspirations.

6.      Representative Plaintiffs do not object to the ultimate sale of the Debtor's assets after a reasonable marketing period.  The Representative Plaintiffs do object to anything in the Sale Motion seeking to pre-qualify aspects of a sale without the necessary time and information needed for creditors to assess and participate in the process.

7.      However, the Representative Plaintiffs object to any and all relief requested that equates to pre-approval of a buyer, credit-bidding scenario or a transfer, and reserve their rights to supplement this objection as events warrant.

8.      Notably, the Debtor, through the Debtor In Possession Financing it received, has used the critical vendor concept to pay most, if not all, of the unsecured creditors other than the Representative Plaintiffs. This means that as possibly the only remaining unsecured creditors or a majority of the same, the Representative Plaintiffs are the de facto owners of the Debtor because existing equity is out of the money.  Unless a substantial distribution is made to the unsecured creditors, the Representative Plaintiffs will object to any plan or sale proposed by the Debtor and to the Secured Lender's use of the bankruptcy process as a mechanism for laundering its collateral. To the extent the Debtor proposes to pay the unsecured creditors $0.00, the Secured Lender should avail itself of Article 9 of the uniform commercial code- and not Section 363 of the Bankruptcy Code.

WHEREFORE, Representative Plaintiffs respectfully request the Court deny all relief in the Sale Motion other than allowing the Debtor to market its assets for sale with all rights reserved as to all other relief.

Dated:  May 21, 2021                                         **CIARDI CIARDI & ASTIN**

By: */s/ Albert A. Ciardi, III*
   Albert A. Ciardi, III, Esquire
   Jennifer C. McEntee, Esquire
   1905 Spruce Street
   Philadelphia, PA  19103
   Telephone:  215-557-3550
   Facsimile:  215-557-3551
   aciardi@ciardilaw.com

4