## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| LIBERTY POWER HOLDINGS, LLC, | § | |
| | § | |
| Debtor. | § | Case No. 21-13797-SMG |

**THE PUBLIC UTILITY COMMISSION OF TEXAS'S LIMITED OBJECTION TO DEBTOR'S EXPEDITED MOTION FOR THE ENTRY OF AN ORDER (1) APPROVING COMPETITITVE BIDDING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (2) SCHEDULING DATES TO CONDUCT AUCTION AND SALE HEARING, (3) APPROVING THE FORM AND MANNER OF NOTICES, (4) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (5) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES FOR EXECUTORY CONTRACTS, AND (6) GRANTING RELATED RELIEF**
[Related to Doc. No. 98]

COMES NOW, the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas (the "**PUCT**"), and hereby files this limited objection to Debtor's *Expedited Motion for the Entry of an Order (1) Approving Competitive Bidding Procedures for the Sale of Substantially All of the Debtor's Assets, (2) Scheduling Dates to Conduct Auction and Sale Hearing, (3) Approving the Form and Manner of Notices, (4) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (5) Approving Assumption and Assignment Procedures for Executory Contracts, and (6) Granting Related Relief,* (Doc. No. 98) (the "**Motion**"). In support of its limited objection, the PUCT respectfully states as follows:

## I.     OVERVIEW

1.     The PUCT does not oppose the Debtor's request to obtain approval of bidding procedures. Rather, the PUCT files this limited objection to preserve the PUCT's regulatory interests and rights. The PUCT asserts that the Order and bidding procedure language set forth herein regarding the application of utility laws and regulations post-acquisition, will make clear to potential bidders that such laws and regulations remain enforceable in the context of this sale and will allow for a smoother and faster sale and closing process.

## II.     OBJECTION

**A.**     *<u>Potential Purchasers Must Comply with State Laws and Regulations</u>*

2.     Any Potential Bidder[1] that ultimately becomes the purchaser of the Assets, as the post-acquisition owner or operator, will be obligated to comply with all applicable state laws and regulations, just as if the property had been purchased outside of bankruptcy. *See In re Oldco M. Corp.*, 438 B.R. 775, 785 (Bankr. S.D.N.Y. 2010) (noting that, even when a bankruptcy sale is "free and clear," the purchaser must comply with applicable legal obligations "starting with the day it got the property"); *see also In re Welker*, 163 B.R. 488, 489 (Bankr. N.D. Tex. 1994) (stating that "[n]o subsection of § 363 applies to authorize the trustee to sell free and clear of [governmental regulatory] interests.").

3.     To avoid any ambiguity or confusion on this point with respect to Assets involving the provision of electricity in the State of Texas, the PUCT respectfully requests that the following language, or language that is substantially similar, be included in the Order entered on the Motion, and in the body of the Bidding Procedures:

---

[1] Any capitalized term not explicitly defined herein shall have the meaning ascribed to it, as applicable, in the underlying Motion and Bidding Procedures.

*Requested Language:*

**No Effect on Governmental Regulatory Authority:**
Nothing in the Bidding Procedures Order or the Bidding Procedures or related documents discharges, releases, precludes, or enjoins the enforcement of any police or regulatory liability to the Public Utility Commission of Texas that any entity would be subject to as the post-sale owner or operator of the property after the date of the entry of the Bidding Procedures Order or the Sale Order. Nothing in the Bidding Procedures Order or Bidding Procedures authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law enforceable by the Public Utility Commission of Texas.

4. Further, the PUCT requests that language similar to the above also be included in any Sale Order approving the sale of the Debtor's Assets.

B. *The PUCT Requests that Potential Bidders be Required to Meet Threshold Qualifications to Provide Electric Services in Texas*

5. Under the Texas Administrative Code, Title 16, Section 25.107, in order to provide or seek to provide electric service to retail customers in an area in which customer choice is in effect, that entity must obtain a certificate to provide retail electric service, referred to as a Retail Electric Provider Certificate ("**REP Certificate**.")

6. To clarify this requirement, the PUCT requests that language be added to the Bidding Procedures Order and Bidding Procedures providing that to be a "Qualified Bidder," for Assets involving providing electricity in the State of Texas, there must be evidence of the prospective purchaser having a valid Retail Electric Provider (REP) Certificate pursuant to applicable Public Utility Commission of Texas regulations.

## **PRAYER**

Wherefore premise considered, the PUCT requests that the requested language herein be included in the Bidding Procedures Order, Bidding Procedures, and Sale Order, and for any other relief that the Court finds the PUCT entitled.

*[Remainder of Page Intentionally Left Blank]*

Dated: May 21, 2021                     Respectfully submitted,

                                                   KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

SEAN O'NEILL
Assistant Attorney General
Deputy Chief, Bankruptcy & Collections Division


*/s/ Jason B. Binford*
JASON B. BINFORD
Texas State Bar No. 24045499
LAYLA D. MILLIGAN
Texas State Bar No. 24026015
Office of the Attorney General of Texas
Bankruptcy & Collections Division
P. O. Box 12548 MC008
Austin, Texas 78711-2548
Telephone: (512) 463-2173
Facsimile: (512) 936-1409
jason.binford@oag.texas.gov
layla.milligan@oag.texas.gov

ATTORNEYS FOR THE PUBLIC UTILITY COMMISSION OF TEXAS

5

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on May 21, 2021.

/s/ *Jason B. Binford*
JASON B. BINFORD
Assistant Attorney General