

**ORDERED in the Southern District of Florida on May 28, 2021.**

_____
**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:                                           Chapter 11 Case

**LIBERTY POWER HOLDINGS, LLC,**              Case No. 21-13797-SMG

      Debtor.
_____/

**ORDER GRANTING DEBTOR'S _EXPEDITED_ MOTION FOR THE ENTRY OF AN**
**ORDER (1) APPROVING COMPETITIVE BIDDING PROCEDURES FOR THE SALE**
**OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (2) SCHEDULING DATES**
**TO CONDUCT AUCTION AND SALE HEARING, (3) APPROVING THE FORM AND**
**MANNER OF NOTICES, (4) APPROVING THE SALE OF SUBSTANTIALLY ALL OF**
**THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS,**
**ENCUMBRANCES AND INTERESTS, (5) APPROVING ASSUMPTION AND**
**ASSIGNMENT PROCEDURES FOR EXECUTORY CONTRACTS,**
**AND (6) GRANTING RELATED RELIEF**

      **THIS MATTER** came before the Court for hearing on May 24, 2021 at 11:00 a.m. (the

"Hearing") upon the _Debtor's Expedited Motion for Entry of an Order (1) Approving Competitive_

10571916-1

*Bidding Procedures for the Sale of Substantially All of the Debtor's Assets, (2) Scheduling Dates to Conduct an Auction and Sale Hearing, (3) Approving the Form and Manner of Notices, (4) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (5) Approving Assumption and Assignment Procedures for Executory Contracts, and (6) Granting Related Relief* [ECF No. 98] (the "<u>Motion</u>")[1] filed by Liberty Power Holdings, LLC (the "<u>Debtor</u>").

      The Court, having found that the Debtor's notice of the Motion and opportunity for a Hearing on the Motion were appropriate and no other notice need be provided; having reviewed and considered the Motion and having heard the arguments and statements of counsel in support of the relief requested therein at the Hearing; having reviewed and considered the objections filed in respect of the Motion by BLT Steak LLC and BLT Fish LLC [ECF No. 120], by the Public Utility Commission of Texas [ECF No. 127], by Philip Von Kahle, as assignee for Liberty Power Corp., LLC [ECF No. 132] and by Samuel Katz and Lynne Rhodes [ECF No. 139] (collectively, the "<u>Filed Objections</u>"), having considered the oral objection asserted by the Broward County Department of Revenue at the Hearing (the "<u>Oral Objection</u>," the Filed Objections and the Oral Objection are collectively referred to herein as the "<u>Objections</u>"), having considered the arguments in support of and against the Objections by counsel at the Hearing, having determined that the legal and factual bases set forth in the Motion and at the Hearing established just cause for the relief granted herein; finding that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and upon all of the proceedings had before this Court and at the Hearing; and after due deliberation and sufficient cause appearing

---

[1] Any capitalized term not explicitly defined herein shall have the meaning ascribed to it, as applicable, in (i) the Motion, and (ii) the Bidding Procedures attached hereto as **<u>Exhibit "1"</u>**.

therefor, and for the reasons stated in the Motion and on the record of the Hearing, all of which are incorporated herein:

**FINDS AND DETERMINES THAT:**

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      This Court has jurisdiction over the Motion and the transactions contemplated thereby pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      The statutory bases for the relief requested in the Motion are: (i) sections 105, 363, and 365 of the Bankruptcy Code; and (ii) Bankruptcy Rules 2002, 6004, 6006, 9006, 9007 and 9014.

D.      Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, such notice complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and no other or further notice is required except as set forth herein with respect to the Sale Hearing to be conducted to approve the sale of all or substantially all of the Assets.  A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

10571916-1

E.      The Debtor's proposed notice of the Bidding Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the sale of substantially all of the Assets, the Auction for the Assets, the Sale Hearing, the objection deadlines related thereto, and the Bidding Procedures to be employed in connection therewith.

F.      The Debtor has articulated good and sufficient reasons on behalf of the Debtor's estate for the Court to: (i) approve the Bidding Procedures and certain notice procedures in connection with the sale of substantially all of the Assets; (ii) authorize the sale and the assumption and assignment of executory contracts and unexpired leases related thereto; and (iii) grant the related relief requested in the Motion.

G.      The entry of this Order is in the best interests of the Debtor, its estate, creditors and other parties in interest.

H.      The Bidding Procedures are fair, reasonable and appropriate, and are designed to maximize the value to be achieved for the Assets.

I.      The procedures for the assumption and assignment of the executory contracts and unexpired leases are fair, reasonable, and appropriate, and comply with the provisions of section 365 of the Bankruptcy Code.

**BASED ON THE ABOVE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is **GRANTED** as and to the extent set forth herein.

2.      The Objections and any other objections to the relief sought in the Motion with respect to the entry of this Order are either (i) resolved by the terms of this Order, or (ii) if not previously withdrawn, waived or settled, and all reservations of rights included therein, are hereby denied and overruled.

4

3.      The Bidding Procedures attached hereto as **Exhibit "1"** are hereby approved in their entirety, are incorporated herein by reference and shall govern the bids and proceedings related to the marketing and sale of the Assets and the Auction.  The failure to recite or reference any particular provision of the Bidding Procedures in this Order shall not diminish the effectiveness of such provision, it being the intent of this Court that the Bidding Procedures be authorized and approved in their entirety.

4.      The Debtor is authorized to take any and all actions necessary to implement the Bidding Procedures.

5.      The Bid Deadline is **August 19, 2021 at 5:00 p.m. (prevailing Eastern Time)**.

6.      If the Debtor receives more than one Qualified Bid (as defined in the Bidding Procedures) by the Bid Deadline, then an Auction shall take place on **August 25, 2021 at 10:00 a.m. (prevailing Eastern Time)** in person at the offices of Genovese Joblove & Battista, P.A., 200 East Broward Blvd., Suite 1110, Fort Lauderdale, FL 33301, or, at Debtor's election, by video conference (Zoom) in virtual meeting room(s), or at such other time and place as the Debtor shall determine and notify the Qualified Bidders, counsel for BETM and counsel to any official committee of unsecured creditors appointed in this chapter 11 case.  If the Debtor receives only one Qualified Bid or no Qualified Bids by the Bid Deadline, the Debtor shall file a notice cancelling the Auction, and for the avoidance of any doubt, the Auction is subject to the right of the Debtor, in the exercise of the reasonable business judgment of the Debtor and following consultation with BETM, to adjourn the Auction to a later date.  The Auction shall be conducted in accordance with the Bidding Procedures.  Each Qualified Bidder participating in the Auction must confirm that it (a) has not engaged in any collusion with respect to the bidding or sale of any

of the Assets described herein, (b) has reviewed, understands and accepts the Bidding Procedures, and (c) has consented to the core jurisdiction of this Court.

7.    The Sale Hearing shall be held before this Court on **August 31, 2021 at 9:30 a.m. (prevailing Eastern Time)** in person at the **United States Bankruptcy Court for the Southern District of Florida, Ft. Lauderdale Division, 299 East Broward Blvd., Room 308, Ft. Lauderdale, FL 33301**, or at such other date, time or method as directed by the Court.  The Sale Hearing may be adjourned from time to time by the Debtor, in the exercise of the reasonable business judgment of the Debtor, to a later date, subject to the availability of the Court.  For those parties-in-interest that do not wish to attend the Sale Hearing in person, the Sale Hearing will also be conducted by video conference using the services of Zoom Video Communications, Inc. For instructions regarding the video conference, please refer to the *General Procedures for Hearings By Video Conference* on Judge Scott M. Grossman's web page on the Court's website, https://www.flsb.uscourts.gov/judges/judge-scott-grossman.    (the    "Video    Hearing    General Procedures"). **To register for the video conference, click on the following link or manually enter the following link in a browser**:

https://www.zoomgov.com/meeting/register/vJIsceqsqzMtG7hezfpqRtlAFR1SzvHObJU

8.    Objections, if any, to the relief requested in the Motion in respect of the sale of the Assets, the determination of which Qualified Bid is the Successful Bid or any other aspect of the Auction must: (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, (iii) be filed with the Bankruptcy Court on or before **12:00 noon (prevailing Eastern time) on August 27, 2021** (the "Sale Objection Deadline"), and (iv) served upon (i) Liberty Power Holdings, LLC, c/o Bob Butler (email: bbutler@thinkbrg.com); (ii) the attorneys for the Debtor, Genovese Joblove & Battista, P.A., c/o Paul J. Battista, Esq. (email: pbattista@gjb-law.com) and Mariaelena

Gayo-Guitian, Esq. (email: mguitian@gjb-law.com); (iii) the attorneys for BETM, c/o Eversheds Sutherland (US) LLP, c/o David T. McIndoe, Esq. (email: davidmcindoe@eversheds-sutherland.com), and Berger Singerman LLP, c/o Jordi Guso, Esq. (email: jguso@bergersingerman.com), and (iv) counsel to any official committee of unsecured creditors appointed in this Chapter 11 case (together, the "Notice Parties"), in each case, so as to be actually received no later than 12:00 noon (prevailing Eastern time) on the same day.

9.      The sale notice, substantially in the form attached hereto as **Exhibit "2"** (the "Sale Notice"), is hereby approved.

10.      The procedures related to the assumption and assignment of the unexpired leases and executory contract are approved as follows.  The Debtors shall serve a notice of assumption and assignment and of the proposed cure amounts relating to such assumed agreements ("Assumed Agreements") in the form annexed hereto as **Exhibit 3** (the "Assumption Notice") no later than July 16, 2021.

11.      Objections, if any, to the Cure Amount or the assumption and/or assignment of an Assumed Agreement for any other reason (the "Cure Amount Objection") must: (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, (iii) be filed with the Bankruptcy Court on or before on or before **12:00 noon (prevailing Eastern Time) on August 27, 2021** (the "Cure Objection Deadline") and served so as to be received by the Notice Parties no later than 12:00 noon (prevailing Eastern Time) on the same day.

12.      In the event any such party fails to timely file and serve a Cure Amount Objection by the Cure Objection Deadline, such party shall (i) be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such Assumed Contracts and the Debtor shall be entitled to rely solely upon the Cure Amount; and (ii) be deemed

7

to have consented to the assumption and assignment of such Assumed Agreements and shall be forever barred and estopped from asserting or claiming against the Debtor, the Successful Bidder or any other assignee of the relevant Assumed Agreements that any additional amounts are due or defaults exist, or conditions to assumption and assignment must be satisfied under such Assumed Agreements.  Within five (5) calendar days of the sale closing date, the Debtor shall pay all Cure Amounts to the non-debtor parties to the Assumed Agreements.

13.    In the event that a Cure Amount Objection is timely filed, the Cure Amount Objection must set forth (i) the basis for the objection, and (ii) the amount the party asserts as the Cure Amount.  After receipt of the Cure Amount Objection, the Debtor will attempt to reconcile any differences in the Cure Amount believed by the non-debtor party to exist.  In the event, however, that the Debtor and the non-debtor party are unable to consensually resolve the Cure Amount Objection, the Debtor will segregate any disputed Cure Amount pending the resolution of any such disputes by this Court or mutual agreement of the parties.

14.    On or before July 16, 2021, the Debtor will cause the Sale Notice to be served by ECF notification (where applicable) and by first-class mail, to the following: (a) all creditors or their counsel known to the Debtor to assert a lien (including any security interest), claim, right, interest or encumbrance of record against all or any portion of the Assets; (b) the Office of the United States Trustee; (c) all applicable federal, state and local taxing and regulatory authorities of the Debtor or recording offices or any other governmental authorities that, as a result of the sale of the Assets, may have claims, contingent or otherwise, in connection with the Debtor's ownership of the Assets or have any known interest in the relief requested by the Motion; (d) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of entry of this Bid Procedures Order; (e) all parties to any litigation involving the Debtor; (f) all

8

counterparties to any executory contract or unexpired lease of the Debtor; (h) all other known creditors and interest holders of the Debtor; (g) all potential bidders, previously identified or otherwise known to the Debtor and (h) counsel to any official committee of unsecured creditors appointed in this Chapter 11 case.

15.     Compliance with the foregoing notice provisions shall constitute sufficient notice of the Debtor's proposed sale of the Assets free and clear of certain liens, claims, interests and encumbrances, pursuant to Bankruptcy Code section 363(f) and otherwise, and except as set forth in this Order, no other or further notice of the sale shall be required to be provided by the Debtor.

16.     The Sale Hearing may be continued, from time to time, without further notice to creditors or other parties in interest other than by announcement of said continuance before the Court on the date scheduled for such hearing or announced by the Debtor in open court.

17.     Nothing in this Order or the Bidding Procedures or related documents discharges, releases, precludes, or enjoins the enforcement of any police or regulatory liability to the Public Utility Commission of Texas that any entity would be subject to after the date of this Order.  Nothing in this Order or Bidding Procedures authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law enforceable by the Public Utility Commission of Texas.  The Public Utility Commission of Texas reserves all rights to object to any proposed Sale Order.

18.     Except as otherwise provided in this Order, the Debtor further reserves the right as it may reasonably determine to be in the best interests of the Debtor's estate, and following

9

consultation with BETM,[2] to: (a) determine which Bidders are Qualified Bidders; (b) determine which Bids are Qualified Bids; (c) determine which Qualified Bid is the highest or otherwise best proposal and which is the next highest or otherwise best proposal; (d) reject any Bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code or (iii) contrary to the best interests of the Debtor and its estate; (e) impose additional terms and conditions with respect to all potential bidders; (f) extend the deadlines set forth herein; and (g) continue or cancel the Auction and/or Sale Hearing in open court without further notice or by filing a notice on the docket.

19.    All persons and entities that participate in the bidding process or the Auction shall be deemed to have knowingly and voluntarily submitted to the exclusive jurisdiction of this Court with respect to all matters related to the terms and conditions of the transfer of Assets, the Auction and any transaction contemplated herein.

20.    To the extent that any order confirming any chapter 11 plan in this Chapter 11 Case or any other order in this Chapter 11 Case (including any order entered after any conversion of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code) alters, conflicts with or derogates from the provisions of this Order, the provisions of this Order shall control.  The Debtor's obligations under this Order and the provisions of this Order shall survive conversion of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code, confirmation of any plan of reorganization or discharge of claims thereunder and shall be binding upon the Debtor, any chapter 7 trustee, the reorganized or reconstituted debtor, as the case may be, after the effective

---

[2] In the event BETM submits a credit bid for the Assets, then the Debtor will no longer consult with BETM in connection with the sale proposed herein, or be required to obtain BETM's consent on any aspect of any other bid or bidder save and except the Debtor granting a Break-Up Fee or Expense Reimbursement, which remain subject to BETM's consent and approval of the Bankruptcy Court.

10

date of a confirmed plan or plans in the Chapter 11 Case (including any order entered after any conversion of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code).

21.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014 or any other provisions of the Bankruptcy Rules or the Local Rules stating the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and no automatic stay shall apply to this Order.

22.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

23.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

24.     In the event there is any inconsistency between the Motion, the Bidding Procedures, or this Order, this Order shall govern.

25.     The Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

###

Submitted by:
Paul J. Battista, Esq.
GENOVESE JOBLOVE & BATTISTA, P.A.
100 S.E. Second Street, 44th Floor
Miami, FL 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310
Email: pbattista@gjb-law.com

*(Paul J. Battista, Esq. is directed to serve a copy of this order on interested parties who are non-CM/ECF users and to file a proof of service within three days of entry of the order.)*

11

10571916-1

## **EXHIBIT "1"**

**Bidding Procedures**

## BIDDING PROCEDURES

By motion dated May 18, 2021 (the "**Motion**"), **LIBERTY POWER HOLDINGS, LLC** (the "**Debtor**"), as debtor and debtor-in-possession, sought, among other things, approval of certain competitive bidding procedures by which the Debtor will seek proposals for a transaction or transactions that alone or in combination will allow the Debtor to maximize the value of its assets (the "**Transaction**").  On May __, 2021, the United States Bankruptcy Court for the Southern District of Florida, Ft. Lauderdale Division (the "**Bankruptcy Court**") entered its order (the "**Bid Procedures Order**"), which, among other things, authorized and directed the Debtor to market its assets to one or more persons that may be interested in acquiring substantially all of its assets including, without limitation, the interests of the Debtor and its wholly owned subsidiaries in retail customer contracts and associated receivables (collectively, the "**Assets**"), all under the procedures described below (the "**Bidding Procedures**").

## **<u>Important Dates</u>**

In connection with the solicitation of proposals for the Assets, the Debtor shall:

- Assist Potential Bidders (as defined herein) in concluding their respective due diligence investigations, and accept initial indications of interest in connection with the potential acquisition of some of all of the Assets no later than **5:00 p.m.** (prevailing Eastern Time) on **July 16, 2021** (the "**Initial Indication of Interest Deadline**");

- Assist Potential Bidders (as defined herein) in concluding their respective due diligence investigations and accept Bids (as defined below) and Adequate Assurance Packages (as defined herein) from Potential Bidders until **5:00 p.m.** (prevailing Eastern Time) on **August 19, 2021**;

- Negotiate first with Potential Bidders and then with Qualified Bidders (as defined herein) in preparation for an auction (the "**Auction**") to be held on **August 25, 2021**, commencing at **10:00 a.m.** (prevailing Eastern Time);

- Select the Successful Bidder (as defined herein), after consultation with the secured lender, Boston Energy Trading and Marketing, LLC ("**BETM**"), at the conclusion of the Auction (if an Auction occurs), and seek authority to sell the Assets, in whole or in part, to such Successful Bidder at a hearing (the "**Sale Hearing**") to be held by the Bankruptcy Court on **August 31, 2021, at 9:30 a.m.** (prevailing Eastern Time); and

- Close and consummate the Transaction with the Successful Bidder in accordance with the APA and/or Sale Order (each as defined below), unless the Debtor, in the exercise of its reasonable business judgment and following consultation with BETM, agrees to a later date.

## Marketing Process and Access to Diligence Materials

**Contact Parties.**

The Debtor, in consultation with BETM,[1] has developed a set of competitive bidding and sale procedures set forth below that are designed to maximize the value of the Debtor's Assets. The Debtor, through its chief restructuring officer, Mr. Bob Butler (the "**CRO**"), is establishing a virtual data room ("**VDR**") which will be populated with due diligence information on the Debtor, its operations, assets, contracts and liabilities.  Due diligence access may include management presentations as may be scheduled by the CRO and on-site inspections of the Assets and such other matters which a Potential Bidder may request and as to which the CRO, in his sole discretion may agree  The Debtor will make the VDR available to those potential purchasers who sign and return a Non-Disclosure and Confidentiality Agreement ("**NDA**") that the Debtor, together with its professionals, has prepared, and otherwise complies with these Bidding Procedures. In addition to the parties who have already contacted the Debtor with an interest in entering into a transaction with the Debtor in regard to the Assets, the Debtor, through the CRO and its senior management team, are compiling a list of potential third parties who the Debtor believes may have an interest in acquiring the Assets (each a "**Potential Bidder**").  The Debtor, through the CRO and the management team, will continue to market the Assets, will continue to identify potentially interested parties for the Assets and will contact and engage with such parties in respect of the opportunity to acquire the Assets.

Following the entry of the Bidding Procedures Order, the Debtor and the CRO intend to contact Potential Bidders to explore their interest in pursuing a Transaction.  Potential Bidders may include parties whom the Debtor or its advisors have previously contacted regarding a potential transaction, regardless of whether such parties expressed any interest, at such time, in pursuing a transaction.  The Debtor and the CRO will continue to discuss and may supplement its list of Potential Bidders throughout the marketing process, as they deem appropriate.

## Access to Diligence Materials and Initial Indications of Interest.

To participate in the bidding process and to receive access to due diligence information (the "**Diligence Materials**"), a Potential Bidder must deliver to the Debtor (i) an executed NDA, in form and substance satisfactory to the Debtor, and (ii) a statement demonstrating to the Debtor's satisfaction a bona fide interest in purchasing the Assets and describing the Potential Bidder's proposed transaction.

No later than the Initial Indication of Interest Deadline (**5:00 p.m. on July 16, 2021**), each Potential Bidder shall submit an initial indication of interest in connection with the potential acquisition of some or all of the Assets, which shall include (i) an indication of which Assets the Potential Bidder is interested in, (ii) an indication of value or proposed price that the Potential Bidder is considering for its bid, and (iii) sufficient written evidence which in the sole and absolute discretion of the Debtor establishes that the Bidder has the financial ability to consummate the

---

[1] In the event BETM submits a credit bid for the Assets, then the Debtor will no longer consult with BETM in connection with the sale proposed herein or be required to obtain BETM's consent on any aspect of any other bid or bidder save and except the Debtor granting a Break-Up Fee or Expense Reimbursement, which remain subject to BETM's consent and approval of the Bankruptcy Court.

10568548-4

purchase of the Assets should such Bidder submit the highest and best bid, which the Debtor agrees to keep confidential as set forth below, including, without limitation, evidence of available cash, a commitment for financing or ability to obtain a satisfactory commitment if selected as the Successful Bidder.

A Potential Bidder who qualifies for access to Diligence Materials, as determined by the Debtor, may proceed to conduct due diligence for a Transaction. All due diligence requests must be directed to the CRO. Diligence Materials may be provided through access to the VDR, which may be maintained by a third-party provider. All due diligence will end on the Bid Deadline (as defined below). Neither the Debtor nor any of its representatives (including the CRO) will have any obligation to furnish any information relating to the Assets to any party that is not a Potential Bidder. Neither the Debtor nor the CRO make any representations or warranties as to the Diligence Materials or otherwise, except to the extent set forth in a definitive agreement between the Debtor and the Successful Bidder relating to a Transaction.

For any Potential Bidder or Qualified Bidder who is a competitor of the Debtor or is affiliated with any competitor of the Debtor, the Debtor reserves the right to withhold, or to delay providing, any Diligence Materials that the Debtor, in its sole discretion, determines is business-sensitive or otherwise inappropriate for disclosure to such Potential Bidder or Qualified Bidder at such time.

All Potential Bidders and Qualified Bidders are prohibited form communicating with any of the Debtor's employees, managers, members, officers, landlords, vendors, suppliers, agents, lenders or any other Potential Bidder or Qualified Bidder with respect to any Bid or a Transaction absent the prior written consent of the Debtor; provided that if such consent is given, a representative of the Debtor shall, at the request of the Debtor, be present for or a party to any such communications.

### **Bid Requirements**

### **Delivery of Bids**.

No later than **5:00 p.m. (prevailing Eastern Time)** on **August 19, 2021** (the "**Bid Deadline**"), each Potential Bidder interested in maintaining its participation in the bidding process and making a proposal or offer for some or all of the Assets (each a "**Bid**")[2] must deliver copies of the Bid and supporting materials described herein to: (i) Liberty Power Holdings, LLC, c/o Bob Butler (email: bbutler@thinkbrg.com); (ii) the attorneys for the Debtor, Genovese Joblove & Battista, P.A., c/o Paul J. Battista, Esq. (email: pbattista@gjb-law.com) and Mariaelena

---

[2] If a Bid includes Assets which relate to customers served in the ERCOT Region, in order for such Bid to constitute a Qualified Bid, such Potential Bidder must provide evidence that such Potential Bidder is ERCOT qualified, including, but not limited to registering with ERCOT as a Market Participant in accordance with the ERCOT Protocols and executing ERCOT's Standard Form Market Participant Agreement. In addition, if a Bid includes Assets which relate to customers served under the Public Utility Commission of Texas, then in order for such Bid to constitute a Qualified Bid for such Assets, such Potential Bidder must provide evidence that such Potential Bidder has or will obtain a valid Retail Electric Provider (REP) Certificate pursuant to applicable Public Utility Commission of Texas (PUCT) regulations.

10568548-4

Gayo-Guitian, Esq. (email: mguitian@gjb-law.com); (iii) the attorneys for BETM, c/o Eversheds Sutherland (US) LLP, c/o David T. McIndoe, Esq. (email: davidmcindoe@eversheds-sutherland.com), and Berger Singerman LLP, c/o Jordi Guso, Esq. (email: jguso@bergersingerman.com), and (iv) counsel to any official committee of unsecured creditors appointed in this Chapter 11 case (collectively, the "**Notice Parties**").

**Form and Content of Bid.**

A Bid shall consist of a signed letter from a Qualified Bidder stating that:

    a.    The Qualified Bidder offers to purchase all or a specified portion of the Assets; and

    b.    The Qualified Bidder's offer is irrevocable until two business days after the earlier of: (i) the closing of the sale of the applicable Assets, whether or not to such Qualified Bidder; or (ii) 45 days after the Sale Hearing (subject to any requirements relating to a Successful Bid or a Backup Bid).

**Required Supporting Materials.**

A Qualified Bidder's Bid for the proposed purchase transaction with the Debtor (the "**Transaction**") shall be accompanied (or preceded) by:

    a.    a signed "clean" version of an asset purchase agreement, substantially in the form proposed by the Debtor (the "**APA**"),[3] together with a marked version to reflect any proposed changes to the APA from the form proposed by the Debtor and detailing all of the terms and conditions of the proposed Transaction; provided that all asset purchase agreements must contain (i) provisions allowing the Debtor reasonable access to any books and records purchased by the purchaser for the purpose of administering its bankruptcy case; (ii) the purchaser's acknowledgement and representation that the purchaser (A) is purchasing the Assets on an "as is, where is" basis, (B) has had an opportunity to conduct any and all due diligence regarding the Assets, (C) has relied solely upon its own independent review, investigation, and/or inspection of all documents and Assets, and (D) did not rely on any written or oral statements, representations or warranties whatsoever, regarding the assets, except as specifically set forth in the APA; and (iii) a waiver of any requirement that the Sale Order (as defined below) be final and non-appealable. Consummation of the Transaction shall not be contingent on the purchaser obtaining financing or any internal approvals, or on the outcome or review of due diligence. If the Debtor selects a Stalking Horse Bidder (defined below) prior to the Bid Deadline, then other Qualified Bidders must submit a signed "clean" version of the asset purchase agreement comprising the Stalking Horse Bid, together with a marked version to reflect any changes to the Stalking Horse Bid; provided

---

[3] The Debtor will make available a copy of the APA form in the Virtual Data Room for submission by a Potential Bidder.

that any such asset purchase agreement submitted by a Qualified Bidder other than the Stalking Horse Bidder may not contain representations and warranties, covenants, termination rights, financing, or due diligence contingencies other than as are included in the Stalking Horse Bid (it being agreed and understood that such Bid shall modify the Stalking Horse Bid as needed to comply in all respects with the Bid Procedures Order (including removing any termination rights in conflict with the Bid Procedures Order) and will remove provisions that apply only to the Stalking Horse Bidder);

b. an affidavit under penalty of perjury from a corporate officer of the proposed Bidder identifying (i) the corporate structure of the proposed Bidder, (ii) the identity of the officers, directors, managers, members and equity holders of the proposed Bidder, (iii) disclosing any relationship between any of such parties and the Debtor or any or the Debtor's direct or indirect owners, and (iv) disclosing any relationship between any of such parties and any other interested Bidder and its principals;

c. a copy of a board resolution or similar document demonstrating the authority of the Qualified Bidder to make a binding and irrevocable Bid on the terms proposed; provided that if the Qualified Bidder is an entity specially formed for the purpose of consummating a Transaction, the Qualified Bidder must furnish written evidence reasonably acceptable to the Debtor of the approval of the owner of such Qualified Bidder;

d. to the extent that the Qualified Bidder proposes to include in its Bid the assumption and assignment of executory contracts or unexpired leases, a schedule showing such contracts and/or leases to be assumed and assigned, together with evidence of the Qualified Bidder's ability to provide adequate assurance of future performance of such contracts and/or leases, such as, but not limited to, audited financial statements of the Qualified Bidder, information regarding the capitalization of the Qualified Bidder, and information allowing the Debtor to evaluate the value of any guaranties being provided by affiliates of a Qualified Bidder of its obligations under any assumed and assigned executory (collectively, the "**Adequate Assurance Package**"); and

e. Notwithstanding anything in these Bidding Procedures to the contrary, a Qualified Bid must provide for the assumption and assignment of any customer or other contracts entered into by the Debtor from and after the Petition Date, including any renewals of any pre-petition customer contracts.

**Required Good Faith Deposit.**

By the Bid Deadline, a Qualified Bidder must provide a good faith deposit (the "**Good Faith Deposit**") in an amount equal to 10% of such Qualified Bidder's purchase price. The Good

Faith Deposit must be made by wire transfer and will be held in the trust account of the Debtor's counsel.

**Proof of Financial Wherewithal**,

Each Bid must include written evidence, combined with any such written evidence provided in connection with an initial indication of interest as set forth above, which in the sole and absolute discretion of the Debtor establishes that the Bidder has the financial ability to consummate the purchase of the Assets should such Bidder submit the highest and best bid. The Bidder's financial ability to consummate the transaction shall include evidence related to the initial purchase price as well as any increased purchase price that such Bidder submits in connection with the Auction. If so requested, the Debtor agrees to keep such information confidential, provided however that in the event of a dispute related to such financial wherewithal, the Debtor reserves the right to disclose such financial wherewithal to the Bankruptcy Court in connection with any such dispute

**As is/where is.**

The Assets will be sold in its "as is", "where is" condition and with all faults, with no guarantees or warranties, express or implied. The Assets will be sold free and clear of any and all liens, claims, encumbrances and interests pursuant to Section 363(f) of the Bankruptcy Code with all such liens, claims, encumbrances and interests to attaching to the proceeds of the sale.

**Qualified Bid.**

A Bid received from a Potential Bidder that meets the requirements set forth above (as determined by the Debtor after consultation with BETM) is considered a "**Qualified Bid**" and the Potential Bidder making a Qualified Bid is considered a "**Qualified Bidder**." The Debtor reserves the right, in its discretion, to waive noncompliance with any one or more of such requirements and to deem an otherwise not qualified Bid to be a Qualified Bid. The Debtor will advise all Qualified Bidders of any such waiver at the Auction.

**Stalking Horse Bidder, Break Up Fee and Expense Reimbursement**

Prior to or after the submission of Bids, the Debtor, after consultation and with the consent of BETM, may enter into an agreement ("**Stalking Horse Bid**"), subject to higher and better offers at the Auction (as defined below), providing for a breakup fee (the "**Breakup Fee**") and/or reimbursement of documented out-of-pocket expenses incurred in connection with the negotiation of the Stalking Horse Agreement (the "**Expense Reimbursement**"), in each case in amounts to be negotiated by the Debtor in consultation with, and subject to the approval of, BETM and the approval of the Bankruptcy Court.

**Conduct and Termination of Bidding Process**

The Debtor may, in its reasonable discretion (after consultation with BETM): (a) determine whether any Potential Bidder satisfies the requirements specified above to become a Qualified Bidder; (b) coordinate the efforts of Potential Bidders in conducting their respective due diligence investigations regarding the Assets; (c) with the consent of BETM, determine whether to remove

any of the Assets from the sale process under these Bidding Procedures; (d) evaluate Bids from Potential Bidders and determine whether any such Bid is a Qualified Bid; (e) negotiate any Bid made to purchase some or all of the Assets, and negotiate any related Transaction issues; (f) reject any Bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of these Bidding Procedures or the requirements of the Bankruptcy Code or (iii) contrary to the best interests of the Debtor and its estate; (g) with the consent of BETM, waive any terms and conditions set forth in the APA with respect to all Potential Bidders; (h) with the consent of BETM, impose additional terms and conditions with respect to all Potential Bidders; (i) with the consent of BETM, extend the deadlines set forth herein; (j) with the consent of BETM, continue or cancel the Auction and/or Sale Hearing in open court without further notice; and (k) make such other determinations as are provided in these Bidding Procedures.

### Auction Participation – Qualified Participants and Baseline Bid

Only a Qualified Bidder that has submitted a Qualified Bid, as determined by the Debtor, is eligible to participate in the Auction. If the Debtor receives one or more Qualified Bids, and there is no Stalking Horse Bid, then on or before **August 24, 2021 at 5:00 p.m. (prevailing Eastern Time)**, the Debtor will select, in its reasonable discretion (after consultation with BETM), the highest or otherwise best bid (the "**Baseline Bid**") to serve as the starting point for the Auction. The Debtor and its counsel shall preside over and conduct the Auction. Each Qualified Bidder participating in the Auction must confirm (and by its attendance shall be deemed to have confirmed) that (i) it has not engaged in any collusion with respect to the bidding or sale of the Assets, (ii) it has complied and will continue to comply with the Bidding Procedures, including, but not limited to, refraining from, after the conclusion of the Auction, either submitting a Bid or seeking to reopen the Auction, and (iii) it waives any substantial contribution and any other administrative expense claims under Bankruptcy Code section 503(b) related to bidding for the Assets. At the Debtor's request, each Qualified Bidder shall disclose the direct and indirect legal and beneficial owners of the Qualified Bidder.

### The Auction

**Time and Place.**

If one or more Qualified Bids are received by the Bid Deadline, the Auction will be conducted commencing at **10:00 a.m. (prevailing Eastern Time) on August 25, 2021**, in person at the offices of **Genovese Joblove & Battista, P.A., 200 East Broward Blvd., Suite 1110, Fort Lauderdale, FL 33301,** or, at Debtor's election, by video conference (Zoom) in virtual meeting room(s), or at such other time and place as the Debtor shall determine and notify the Qualified Bidders, counsel for BETM and counsel to any official committee of unsecured creditors appointed in this chapter 11 case. If the Debtor receives only one Qualified Bid or no Qualified Bids by the Bid Deadline, the Debtor shall file a notice cancelling the Auction.

**Competitive Bidding**.

At the Auction, Qualified Bidders will be permitted to increase their Qualified Bids and will be permitted to bid based only upon the terms of the Baseline Bid or the Stalking Horse Bid,

10568548-4

as applicable (except to the extent otherwise authorized by the Debtor). Unless there is a Stalking Horse Bid, the bidding will start at the purchase price and terms proposed in the Baseline Bid, and continue in increments of at least $100,000.00 in cash or cash equivalents (or such other increment announced by the Debtor prior to the start of or during the Auction); provided, however, that if there is a Stalking Horse Bid that includes an Expense Reimbursement and/or Breakup Fee, the initial overbid must exceed the approved Expense Reimbursement and Breakup Fee by at least $100,000. Overbids shall not include non-cash consideration until there are no further overbids in the form of cash or reduction to cure costs payable by the Debtor, but thereafter may include non-cash consideration valued by the Debtor at not less than $100,000. Any overbid shall remain open and binding on the Qualified Bidder until and unless the Debtor accept a higher overbid.

**Evaluation of Qualified Bids**.

For the purpose of determining the Baseline Bid and whether a Qualified Bid submitted at the Auction is higher or otherwise better, the Qualified Bid will be valued based upon factors such as: (a) the purported amount of the Qualified Bid; (b) the fair value to be provided to the Debtor under the Qualified Bid; (c) the ability to consummate any proposed sale transaction; (d) the type and nature of any requested changes to the APA; and (e) any other factors that the Debtor (after consultation with BETM) may deem relevant. Upon the submission of any Qualified Bid at the Auction, the Debtor (after consultation with BETM) shall announce to all participants whether the bid submitted is higher or otherwise better than the previously submitted Qualified Bid.

**Adoption of Auction Rules**.

The Debtor may adopt rules for the bidding process at the Auction that, in its discretion (after consultation with BETM), will best promote the goals of the bidding process and are not inconsistent with any of the provisions of the Bidding Procedures described herein. Nothing herein will prevent the Debtor from having separate negotiations with bidders during the Auction provided that the announcement of any bids actually made will be made in one room, on an open basis. The Auction shall be transcribed by a court reporter retained by the Debtor.

**Designation of Successful Bidder**.

Immediately prior to the conclusion of the Auction, the Debtor will: (a) review each Bid made at the Auction on the basis of financial and contractual terms and such factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the proposed sale; (b) in its discretion (after consultation with BETM), identify the highest and best bid for the Assets at the Auction (the "**Successful Bid**"); and (c) notify all Qualified Bidders participating in the Auction, prior to its adjournment, of the name or names of the Qualified Bidder(s) making the Successful Bid for the applicable Assets (the "**Successful Bidder**"), and the amount and other material terms of the Successful Bid.

8

**Backup Bidder.**

Notwithstanding anything in the Bidding Procedures to the contrary, if an Auction is conducted, the party with the next highest Qualified Bid after the Bid made by the Successful Bidder or otherwise next best Qualified Bid at the Auction, as determined by the Debtor, in the exercise of its reasonable business judgment and in consultation with BETM, will be designated as a backup bidder (the "**Backup Bidder**").  The Backup Bidder shall be required to keep its initial Bid, if any (or if the Backup Bidder submitted one or more overbids at the Auction, its final overbid) (the "**Backup Bid**") open and irrevocable until the earlier of (i) 5:00 p.m. (prevailing Eastern time) on the date which is 45 days after the date of the Sale Hearing (the "**Outside Backup Date**"), or (ii) the date of closing of a transaction with the Successful Bidder or with the Backup Bidder.  Following the Sale Approval Hearing, if the Successful Bidder fails to consummate an approved Transaction, because of a breach or failure to perform on the part of such Successful Bidder, the Debtor may designate the Backup Bidder to be the new Successful Bidder, and the Debtor will be authorized, but not required, to consummate the Transaction with the Backup Bidder without further order of the Bankruptcy Court.  In such case, the defaulting Successful Bidder's deposit, if any, shall be forfeited to the Debtor.  The deposit of the Backup Bidder shall be held by the Debtor until the earlier of 24 hours after (i) the closing of the transaction with the Successful Bidder and (ii) the Outside Backup Date.

**Notice of Successful Bid.**

Promptly after the conclusion of the Auction, the Debtor will file a notice on the Bankruptcy Court's docket identifying the Successful Bidder and any applicable Backup Bidders.

**Presentation of Successful Bids to the Bankruptcy Court.**

At the Sale Hearing, the Debtor will present each Successful Bid (and may in its discretion present one or more Backup Bids) to the Bankruptcy Court for approval.

**Consent to Jurisdiction.**

All Qualified Bidders at the Auction shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to these Bidding Procedures, the APA, the Auction or the construction and enforcement of any documents delivered in connection with a Bid.

**Acceptance of Qualified Bids**

The Debtor presently intends to sell the Assets to the Qualified Bidder(s) that submit(s) the highest and best bid(s).  The Debtor's presentation to the Bankruptcy Court for approval of any Successful Bid does not constitute the Debtor' acceptance of such bid.  The Debtor will be deemed to have accepted a bid only when it has been approved by the Bankruptcy Court at the Sale Hearing.  If the Successful Bidder does not close the approved sale, then (in addition to any Backup Bid previously approved by the Bankruptcy Court), the Debtor will have the right to present any other bid, whether made prior to or at the Auction, to the Bankruptcy Court for approval.

10568548-4

## Return of Good Faith Deposit

The Good Faith Deposit of a Qualified Bidder that is not the Successful Bidder or a Backup Bidder shall be returned to such Qualified Bidder within three business days after the Sale Hearing. The Good Faith Deposit (to the extent  not to be delivered to Debtor pursuant to the terms of the APA) of the Backup Bidder shall be returned to the Backup Bidder on the date that is the earlier of 24 hours after (a) the closing of the transaction with the Successful Bidder and (b) the Outside Backup Date.  The Good Faith Deposit of the Successful Purchaser shall be returned to the Successful Purchaser or retained by the Debtor in accordance with the terms of the APA.  If the Successful Bidder timely closes the Transaction, its Good Faith Deposit shall be credited towards its purchase price.

## Reservation of Rights

The Debtor reserves the right to make changes in these Bidding Procedures (in consultation with BETM) to promote the realization of the highest and best offers for the Assets and as they may determine to be in the best interests of its estate or to withdraw the Motion at any time with or without prejudice. The Debtor reserves the right, in its reasonable business judgment (after consultation with BETM), to make one or more continuances of the Auction to, among other things: facilitate discussions between the Debtor and individual Qualified Bidders; allow individual Qualified Bidders to consider how they wish to proceed; and give Qualified Bidders the opportunity to provide the Debtor with such additional evidence as the Debtor in its reasonable business judgment may require, that the Qualified Bidder has sufficient internal resources, or has received sufficient non-contingent debt and/or equity funding commitments, to consummate the proposed Transaction at the prevailing overbid amount.

## The Sale Hearing

The Sale Hearing shall be held before this Court on **August 31, 2021 at 9:30 a.m. (prevailing Eastern Time)** in person at the **United States Bankruptcy Court for the Southern District of Florida, Ft. Lauderdale Division, 299 East Broward Blvd., Room 308, Ft. Lauderdale, FL 33301**, or at such other date, time or method as directed by the Court.  The Sale Hearing may be adjourned from time to time by the Debtor, in the exercise of the reasonable business judgment of the Debtor, to a later date, subject to the availability of the Court.  For those parties-in-interest that do not wish to attend the Sale Hearing in person, the Sale Hearing will also be conducted by video conference using the services of Zoom Video Communications, Inc. For instructions regarding the video conference, please refer to the *General Procedures for Hearings By Video Conference* on Judge Scott M. Grossman's web page on the Court's website, https://www.flsb.uscourts.gov/judges/judge-scott-grossman.  (the "Video Hearing General Procedures"). **To register for the video conference, click on the following link or manually enter the following link in a browser**: https://www.zoomgov.com/meeting/register/vJIsceqsqzMtG7hezfpqRtlAFR1SzvHObJU

Objections, if any, to the relief requested in the Motion in respect of the sale of the Assets, the determination of which Qualified Bid is the Successful Bid or any other aspect of the Auction (other than an objection to the assignment and assumption of any executory contracts or unexpired leases) must (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, (iii) be

10568548-4

filed with the Bankruptcy Court on or before **12:00 noon (prevailing Eastern time) on August 27, 2021** (the "**Sale Objection Deadline**"), and (iv) served upon the Notice Parties.

Objections, if any, to the Cure Amount or the assumption and/or assignment of an Assumed Agreement for any other reason (the "**Cure Amount Objection**") must: (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, (iii) be filed with the Bankruptcy Court on or before on or before **12:00 noon (prevailing Eastern Time) on August 27, 2021** (the "**Cure Objection Deadline"**), and (iv) served so as to be received upon the Notice Parties no later than 12:00 noon (prevailing Eastern Time) on the same day.

If any Successful Bidder is selected by the Debtor, the Debtor will seek the entry of an order from the Bankruptcy Court at the Sale Hearing approving and authorizing the proposed sale to the Successful Bidder(s) on the terms and conditions of the Successful Bid (a "**Sale Order**").

## <u>Miscellaneous</u>

BETM may exercise its right to credit bid all or any portion of the Pre-Petition Indebtedness and/or the DIP Obligations under Section 363(k) of the Bankruptcy Code. Notwithstanding anything contained to the contrary in the Bidding Procedures, BETM shall be deemed a Qualified Bidder and BETM shall not be required to provide any Good Faith Deposit or an Adequate Assurance Package if BETM submits a credit bid.

10568548-4

**<u>EXHIBIT "2"</u>**

**Sale Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:                                              **Chapter 11 Case**

**LIBERTY POWER HOLDINGS, LLC,**        **Case No. 21-13797-SMG**

      **Debtor.**

_____/

**NOTICE OF AUCTION AND SALE HEARING**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

    1.    On May 18, 2021, Liberty Power Holdings, LLC (the "***Debtor***"), filed a Motion for entry of an order (the "***Bid Procedures Order***"), among other things, (a) approving certain competitive bidding and sale procedures (the "***Bidding Procedures***") for the sale of substantially all of the Debtor's assets (the "***Assets***"); (b) scheduling dates to conduct an auction (the "***Auction***") and sale hearing (the "***Sale Hearing***") to consider the sale of the Assets, (c) approving the form and manner of notices; and (d) establishing procedures for the assumption and assignment of executory contracts and unexpired leases. The Motion additionally requests entry of an order (the "***Sale Order***") approving (i) the sale of the Assets free and clear of liens, claims, encumbrances and interests; (ii) the assumption and assignment of executory contracts and unexpired leases with the Debtor, and (iii) certain related relief.

    2.    On May ___, 2021, the United States Bankruptcy Court for the Southern District of Florida entered the Bid Procedures Order [ECF No. ____]. Pursuant to the Bid Procedures Order, the Auction for the Assets shall take place on **August 25, 2021 at 10:00 a.m.** (prevailing Eastern Time) in person at the offices of **Genovese Joblove & Battista, P.A., 200 East Broward Blvd., Suite 1110, Fort Lauderdale, FL 33301**, or, at Debtor's election, by video conference (Zoom) in virtual meeting room(s), or at such other time and place as the Debtor shall determine and notify the Qualified Bidders, counsel for BETM and counsel to any official committee of unsecured creditors appointed in this chapter 11 case. Only parties that have submitted a Qualified Bid in accordance with the Bidding Procedures, by no later than **August 19, 2021 at 5:00 p.m.** (prevailing Eastern Time) (the "***Bid Deadline***") may participate at the Auction. Any party that wishes to take part in this process and submit a bid for the Assets must submit its bid prior to the Bid Deadline and in accordance with the Bidding Procedures. Parties interested in receiving information regarding the sale of the Assets should contact undersigned counsel.

    3.    The Sale Hearing shall be held before this Court on **August 31, 2021 at 9:30 a.m. (prevailing Eastern Time)** in person at the **United States Bankruptcy Court for the Southern District of Florida, Ft. Lauderdale Division, 299 East Broward Blvd., Room 308, Ft. Lauderdale, FL 33301**, or at such other date, time or method as directed by the Court.  The Sale Hearing may be adjourned from time to time by the Debtor, in the exercise of the reasonable business judgment of the Debtor, to a later date, subject to the availability of the Court.  For those parties-in-interest that do not wish to attend the Sale Hearing in person, the Sale Hearing will also be conducted by video conference using the services of Zoom Video Communications, Inc. For instructions regarding the video conference, please refer to the *General Procedures for Hearings By Video Conference* on Judge Scott M. Grossman's web page on the Court's website, https://www.flsb.uscourts.gov/judges/judge-scott-grossman. (the "***Video Hearing***

*General Procedures*"). **To register for the video conference, click on the following link or manually enter the following link in a browser**:
https://www.zoomgov.com/meeting/register/vJIsceqsqzMtG7hezfpqRtlAFR1SzvHObJU

4.      Objections, if any, to the relief requested in the Motion in respect of the sale of the Assets, the determination of which Qualified Bid is the Successful Bid or any other aspect of the Auction must: (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, (iii) be filed with the Bankruptcy Court on or before **12:00 noon (prevailing Eastern time) on August 27, 2021** (the "Sale Objection Deadline"), and (iv) served upon (i) Liberty Power Holdings, LLC, c/o Bob Butler (email: bbutler@thinkbrg.com); (ii) the attorneys for the Debtor, Genovese Joblove & Battista, P.A., c/o Paul J. Battista, Esq. (email: pbattista@gjb-law.com) and Mariaelena Gayo-Guitian, Esq. (email: mguitian@gjb-law.com); (iii) the attorneys for BETM, c/o Eversheds Sutherland (US) LLP, c/o David T. McIndoe, Esq. (email: davidmcindoe@eversheds-sutherland.com), and Berger Singerman LLP, c/o Jordi Guso, Esq. (email: jguso@bergersingerman.com), and (iv) counsel to any official committee of unsecured creditors appointed in this Chapter 11 case (together, the "Notice Parties"), in each case, so as to be actually received no later than 12:00 noon (prevailing Eastern time) on the same day.

5.      The failure of any person or entity to file an objection before the Sale Objection Deadline shall be deemed a consent to the sale of the Assets to the Successful Bidder or Back-Up Bidder, as applicable, and the other relief requested in the Motion, and be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Auction, the sale of the Assets, and the assumption or assumption and assignment of the Assumed Agreements.

6.      This Notice and the Sale Hearing are subject to the fuller terms and conditions of the Motion, the Bid Procedures Order and the Bidding Procedures, which shall control in the event of any conflict and the Debtor encourages parties in interest to review such documents in their entirety. Copies of the Motion, the Bidding Procedures, and/or the Bid Procedures Order may be obtained by request in writing, by telephone, or via email from counsel to the Debtor: Genovese Joblove & Battista, P.A., 100 S.E. 2nd Street, 44th Floor, Miami, Florida 33131, Attn: Paul J. Battista, Esq.; Tel. (305) 349-2300; e-mail at pbattista@gjb-law.com. In addition, copies of the aforementioned pleadings may be found on the Pacer website, http://ecf.flsb.uscourts.gov.

Respectfully submitted on May ___, 2021.

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Attorneys for Debtor-in-Possession*
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

By:  ___/s/___  *Paul J. Battista*_____
Paul J. Battista, Esq.
Florida Bar No. 884162
pbattista@gjb-law.com
Mariaelena Gayo-Guitian, Esq.
Florida Bar No. 813818
mguitian@gjb-law.com
Heather L. Harmon, Esq.
Florida Bar No. 013192
hharmon@gjb-law.com

**<u>EXHIBIT "3"</u>**

**Cure Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:                                                    **Chapter 11 Case**

**LIBERTY POWER HOLDINGS, LLC,**              **Case No. 21-13797-SMG**

          **Debtor.**
_____/

**NOTICE OF DEBTOR'S INTENT TO ASSUME AND ASSIGN**
**CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
**AND SETTING FORTH THE CURE AMOUNTS**

**PLEASE TAKE NOTICE OF THE FOLLOWING**:

1.      On May 18, 2021, Liberty Power Holdings, LLC (the "***Debtor***"), filed a Motion for entry of an order (the "***Bid Procedures Order***"), among other things, (a) approving certain competitive bidding and sale procedures (the "***Bidding Procedures***") for the sale of substantially all of the Debtor's assets (the "***Assets***"); (b) scheduling dates to conduct an auction (the "***Auction***") and sale hearing (the "***Sale Hearing***") to consider the sale of the Assets, (c) approving the form and manner of notices; and (d) establishing procedures for the assumption and assignment of executory contracts and unexpired leases.  The Motion additionally requests entry of an order (the "***Sale Order***") approving (i) the sale of the Assets free and clear of liens, claims, encumbrances and interests; (ii) the assumption and assignment of executory contracts and unexpired leases with the Debtor, and (iii) certain related relief.

2.      On May ___, 2021, the United States Bankruptcy Court for the Southern District of Florida entered the Bid Procedures Order [ECF No. _____].  Pursuant to the Bid Procedures Order, the Auction for the Assets shall take place on **August 25, 2021 at 10:00 a.m**. (prevailing Eastern Time) in person at the offices of **Genovese Joblove & Battista, P.A., 200 East Broward Blvd., Suite 1110, Fort Lauderdale, FL 33301**, or, at Debtor's election, by video conference (Zoom) in virtual meeting room(s), or at such other time and place as the Debtor shall determine and notify the Qualified Bidders, counsel for BETM and counsel to any official committee of unsecured creditors appointed in this chapter 11 case.  Only parties that have submitted a Qualified Bid in accordance with the Bidding Procedures, by no later than **August 19, 2021 at 5:00 p.m**. (prevailing Eastern Time) (the "***Bid Deadline***") may participate at the Auction. Any party that wishes to take part in this process and submit a bid for the Assets must submit its bid prior to the Bid Deadline and in accordance with the Bidding Procedures. Parties interested in receiving information regarding the sale of the Assets should contact undersigned counsel.

3.      The Sale Hearing shall be held before this Court on **August 31, 2021 at 9:30 a.m. (prevailing Eastern Time) in person at** the **United States Bankruptcy Court for the Southern District of Florida, Ft. Lauderdale Division, 299 East Broward Blvd., Room 308, Ft.**

**Lauderdale, FL 33301**, or at such other date, time or method as directed by the Court. The Sale Hearing may be adjourned from time to time by the Debtor, in the exercise of the reasonable business judgment of the Debtor, to a later date, subject to the availability of the Court. For those parties-in-interest that do not wish to attend the Sale Hearing in person, the Sale Hearing will also be conducted by video conference using the services of Zoom Video Communications, Inc. For instructions regarding the video conference, please refer to the *General Procedures for Hearings By Video Conference* on Judge Scott M. Grossman's web page on the Court's website, https://www.flsb.uscourts.gov/judges/judge-scott-grossman. (the "*Video Hearing General Procedures*"). **To register for the video conference, click on the following link or manually enter the following link in a browser**:
https://www.zoomgov.com/meeting/register/vJIsceqsqzMtG7hezfpqRtlAFR1SzvHObJU

      4.      The Debtor is a party to various executory contracts and unexpired leases (collectively, the "*Contracts*") and, pursuant to the Bid Procedures Order, the Debtor may assume or assume and assign certain of such Contracts to the Successful Bidder or Back-Up Bidder, as applicable (collectively, the "*Assumed Agreements*").

      5.      You have been identified as a counterparty to an Assumed Agreement. The Assumed Agreement with respect to which you have been identified as a counterparty, and the corresponding proposed cure amount (the "*Cure Amount*") are set forth on **Schedule 1** annexed hereto.

      6.      The Debtor believes that any and all defaults (other than the filing of this chapter 11 case) and actual pecuniary losses under the Assumed Agreement can be cured by the payment of the Cure Amount.

      7.      The assumption and assignment of any Assumed Agreement shall result in the full release and satisfaction of any claims or defaults relating to the Assumed Agreement, whether monetary or non-monetary.

      8.      Objections, if any, to the Cure Amount or the assumption and/or assignment of an Assumed Agreement for any other reason (the "*Cure Amount Objection*") must: (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, (iii) be filed with the Bankruptcy Court on or before on or before **12:00 noon (prevailing Eastern Time) on August 27, 2021** (the "*Cure Objection Deadline*") and (iv) served upon (i) Liberty Power Holdings, LLC, c/o Bob Butler (email: bbutler@thinkbrg.com); (ii) the attorneys for the Debtor, Genovese Joblove & Battista, P.A., c/o Paul J. Battista, Esq. (email: pbattista@gjb-law.com) and Mariaelena Gayo-Guitian, Esq. (email: mguitian@gjb-law.com); (iii) the attorneys for BETM, c/o Eversheds Sutherland (US) LLP, c/o David T. McIndoe, Esq. (email: davidmcindoe@eversheds-sutherland.com), and Berger Singerman LLP, c/o Jordi Guso, Esq. (email: jguso@bergersingerman.com), and (iv) counsel to any official committee of unsecured creditors appointed in this Chapter 11 case (collectively, the "Notice Parties"), in each case, so as to be actually received no later than 12:00 noon (prevailing Eastern time) on the same day.

      9.      Any counterparty to an Assumed Agreement that fails to timely file a Cure Amount Objection by the Cure Objection Deadline, such party shall (i) be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such

Assumed Contracts and the Debtor shall be entitled to rely solely upon the Cure Amount; and (ii) be deemed to have consented to the assumption and assignment of such Assumed Agreements and shall be forever barred and estopped from asserting or claiming against the Debtor, the Successful Bidder or any other assignee of the relevant Assumed Agreements that any additional amounts are due or defaults exist, or conditions to assumption and assignment must be satisfied under such Assumed Agreements.

10.     Where a counterparty to an Assumed Agreement files a timely Cure Amount Objection, the Cure Amount Objection must set forth (i) the basis for the objection, and (ii) the amount the party asserts as the Cure Amount.  After receipt of the Cure Amount Objection, the Debtor will attempt to reconcile any differences in the Cure Amount believed by the non-debtor party to exist.  In the event, however, that the Debtor and the non-debtor party are unable to consensually resolve the Cure Amount Objection, the Debtor will segregate any disputed Cure Amount pending the resolution of any such disputes by this Court or mutual agreement of the parties.

11.     If no Cure Amount is due under the Assumed Agreement, or the counterparty to such agreement does not otherwise object to the assumption and assignment of such agreement, no further action needs to be taken on the part of that counterparty.

12.     The Debtor's decision to assume and assign the Assumed Agreement is subject to Bankruptcy Court approval and consummation of the Sale. Absent consummation of the Sale, each Assumed Agreement may not be deemed assumed and assigned and shall in all respects be subject to further administration under the Bankruptcy Code. The designation of any agreement as an Assumed Agreement shall not constitute or be deemed to be a determination or admission by the Debtor that such document is, in fact, an executory Contract or unexpired Lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

Respectfully submitted this _____day of May 2021.

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Attorneys for Debtor-in-Possession*
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

By: ___/s/____*Paul J. Battista*_____
        Paul J. Battista, Esq.
        Florida Bar No. 884162
        pbattista@gjb-law.com
        Mariaelena Gayo-Guitian, Esq.
        Florida Bar No. 813818
        mguitian@gjb-law.com
        Heather L. Harmon, Esq.
        Florida Bar No. 013192
        hharmon@gjb-law.com

[12035-002/2873431/1]

## Schedule 1

[12035-002/2873431/1]