**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11 Cases** |
| **LIBERTY POWER HOLDINGS, LLC,** | **Case No. 21-13797-SMG** |
| **LPT, LLC,** | **Case No. 21-15537-SMG** |
| **LIBERTY POWER MARYLAND, LLC,** | **Case No. 21-15539-SMG** |
| **LIBERTY POWER DISTRICT OF COLUMBIA, LLC,** | **Case No. 21-15540-SMG** |
| Debtors. _____/ | (Jointly administered 21-13797-SMG) |

**DEBTORS' RESPONSE AND OBJECTION TO DEMAND FOR JURY TRIAL AND MOTION TO WITHDRAW REFERENCE TO THE BANKRUPTCY COURT**

**LIBERTY POWER HOLDINGS, LLC, LPT, LLC, LIBERTY POWER MARYLAND, LLC** and **LIBERTY POWER DISTRICT OF COLUMBIA, LLC** (collectively, the "Debtors" or "Debtors-In-Possession") by and through its undersigned counsel, files this response and objection (the "Objection") to the *Demand for Jury Trial and Motion to Withdraw Reference to the Bankruptcy Court* (the "Motion") [ECF No. 160][1] and states as follows:

**RELEVANT BACKGROUND**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On April 20, 2021, Liberty Power Holdings, LLC ("LPH") (Case No. 21-13797-BKC-SMG) filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 et seq,

---

[1] All capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Motion.

3. On June 4, 2021, LPT, LLC ("LPT") (Case No. 21-15537-BKC-SMG), Liberty Power Maryland, LLC ("Liberty MD") (Case No. 21-15539-BKC-SMG) and Liberty Power District of Columbia, LLC ("Liberty DC") (Case No. 21-15540-BKC-SMG), wholly owned subsidiaries of LPH, filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 et seq,

4. Since that time, each of the Debtors have operated as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. LPH is the parent company and sole member of LPT, Liberty MD and Liberty DC. As such, the Debtors are "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b).

6. The Debtors have interrelated liabilities, management, contractual arrangements and operations, including but not limited to operating from the same corporate headquarters in Fort Lauderdale, Florida.

7. On May 28, 2021, Samuel Katz and Lynne Rhodes (collectively, the "Plaintiffs") filed the Motion demanding a jury trial and seeking to withdraw the reference to a "federal district court." Curiously, the Motion does not identify which federal district court they seek to withdraw the reference to. The Debtors assume that the Motion seeks to withdraw the reference to the United States District Court for the Southern District of Florida.

8. Also on May 28, 2021, the Plaintiffs filed a related *Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. §362(d)* [ECF No. 159] (the "Stay Relief Motion"), which Stay Relief Motion seeks an order from the Bankruptcy Court granting Plaintiffs relief from the automatic stay to enable them to continue prosecuting a class action lawsuit that they filed against the Debtors and the Debtors' parent company, Liberty Power Corp, LLC, in the United States

District Court for the District of Massachusetts (the "<u>Class Action Case</u>").  The Stay Relief Motion is set for hearing on June 22, 2021.  The Debtors intends to oppose the Stay Relief Motion.

## **PRELIMINARY STATEMENT**

The Motion is fatally flawed for several reasons.  At the outset, the relief requested in the Motion is unclear, vague and confusing.  First, withdrawal of the reference under 28 U.S.C. § 157(d) requires that there be a "**case or proceeding**"[2] pending in the Bankruptcy Court.  Otherwise, there is nothing before the Bankruptcy Court in respect of which the reference to the Bankruptcy Court can be withdrawn.  To be clear, the Debtors have not brought any case or proceeding against the Plaintiffs in the Bankruptcy Court. Moreover, other than the Stay Relief Motion, the Plaintiffs have not filed a proof of claim or adversary proceeding in this Chapter 11 case.  The only "case or proceeding" that is pending is the Class Action Case in the United States District Court for the District of Massachusetts.  If the Plaintiffs are seeking to withdraw the reference in respect of the Class Action Case to a federal district court, then that relief is nonsensical. The Class Action Case is not pending before the Bankruptcy Court and is already pending before a federal district court.  Adding to the confusion, the Plaintiffs also appear to seek to withdraw the reference "for this bankruptcy case," implying that they want the entire chapter 11 case transferred to a federal district court.  *See* Motion at p. 3.  Contrary to that relief, however, the Motion seems to be focused on the Plaintiff's right to a jury trial in the Class Action Case, and does not appear to be focused on any aspect of the Chapter 11 case.  The Motion does not contain a "wherefore" clause and therefore there is no clear statement as to the relief the Plaintiffs seek.

Second, the Plaintiffs argue that the basis for withdrawal of the reference is that they are entitled to a jury trial in respect of the Class Action Case.  While the Debtors do not contest the

---

[2] A case or proceeding is an adversary proceeding under Rule 7001 or a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure.

3

general proposition that the Plaintiffs are entitled to a jury trial in the Class Action Case, it appears as though the Plaintiffs intend to a judgment against the Debtors in the Class Action Case and then file a proof of claim in this Chapter 11 case for any such judgment. In fact, the general bar date for filing proof of claims in this Chapter 11 case is June 29, 2021 [ECF No. 7]. If the Plaintiffs file a proof of claim in this Chapter 11 case before the bar date, then they will have submitted themselves to the equitable jurisdiction of the Bankruptcy Court under binding Supreme Court precedent, and therefor will have waived their right to a jury trial in respect of their claims. In that instance, there is no basis or cause to withdraw the reference, even assuming there is clarity on what "case or proceeding" the Motion refers to. Alternatively, if the Plaintiffs do not file a proof of claim prior to the bar date, then there is no basis to withdraw the reference because they will not be a creditor in this Chapter 11 case.

As a result, the Motion should be denied.

## **LEGAL ARGUMENT**

As the movant herein, the Plaintiffs bear the burden to show sufficient cause for withdrawal of the reference. *See In re Wi-Sky Inflight, Inc.*, 483 B.R. 788, 792 (M.D. Ga. 2012). The Eleventh Circuit has stated and reiterated that the movant's burden to show "cause" to withdraw the reference under § 157(d) is "not an empty requirement." *In re Simmons*, 200 F.3d 738, 741 (11th Cir. 2000) (*citing In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 (11th Cir. 1991)). To the contrary, "without truly exceptional and compelling circumstances, a motion for withdrawal of reference will not be well received" by a district court. *Chrysler Credit Corp. v. Fifth Third Bank of Columbus (In re Onyx Motor Car Corp.)*, 116 B.R. 89, 91 (S.D. Ohio 1990).

To determine whether a movant has carried its burden of demonstrating cause to withdraw the reference, courts in the Eleventh Circuit consider the following factors: (i) advancing uniformity in bankruptcy administration; (ii) decreasing forum shopping and confusion; (iii) promoting the economical use of the parties' resources; (iv) facilitating the bankruptcy process; (v) whether the claims at issue are core or non-core; (vi) efficient use of judicial resources; (vii) any jury demand; and (viii) prevention of delay." *In re Stone*, 2010 WL 5069698, *1 (M.D. Fla. Dec. 7, 2010) (citations omitted); *Stettin v. Centurion Structured Growth LLC*, 2011 WL 7413861, *2 (S.D. Fla. Dec. 19, 2011). In the present case, the Motion only cites the Plaintiffs' right to a jury trial in the Class Action Case as the basis for withdrawal of the reference.

The starting point, however, is to understand what relief the Plaintiffs seek in respect of withdrawal of the reference. The Motion does not state any such relief with clarity. Since there is no pending "**case or proceeding**" before the Bankruptcy Court, there is simply nothing to be withdrawn. *See In re Trans World Airlines, Inc.*, 280 BR 806 (D. Del. 2002) (denying a motion to withdraw the reference finding that there was no proceeding or contested matter pending in the bankruptcy court as to which the court could withdraw the reference). As a result, the Motion should be denied.

If the Plaintiffs seek to withdraw the reference in respect of the Class Action Case to the United States Bankruptcy Court for the Southern District of Florida, then such relief makes no sense as the Class Action Case is not pending before the Bankruptcy Court and is already pending before a federal district court. Similarly, it makes no sense to withdraw the reference from the Bankruptcy Court to the District Court in Massachusetts where the Class Action Case is already pending. As a result, the Motion should be denied.

If the Plaintiffs seek to withdraw the reference in respect of the *entire* Chapter 11 case, then such relief likewise makes no sense, including because the Plaintiffs state in the Motion that their "continued TCPA litigation is not going to disrupt the Debtors' sale of its assets, or predominate the bankruptcy case." *See* Motion at p. 4. As a result, the Motion should be denied.

Turning to the basis for withdrawal of the reference, Plaintiffs assert that they have a right to a jury trial in respect of the Class Action Case. While that statement may be true, the more relevant question in connection with the Motion is whether the Plaintiffs intend to file a proof of claim in this Chapter 11 case. The deadline for filing proof of claims is June 29, 2021. If the Plaintiffs do not file a claim in this Chapter 11 case, then they will not be creditors of the Debtors' estate and will not be entitled to a distribution from the Debtors' estate. In that event, there will be no reason or basis whatsoever for the Plaintiffs to continue to pursue the Class Action Case against the Debtors, irrespective of which federal court the Plaintiffs seek to have the reference withdrawn to. In fact, in a separate pleading recently filed by the Plaintiffs in this Chapter 11 case, the Plaintiffs disclosed their intent **not** to file a claim in this Chapter 11 case. Specifically, in their Objection [ECF No. 139] to certain bidding and sale procedures proposed by the Debtors, the Plaintiffs made clear that they "have not submitted submit [sic] any proof of claim, and disclaim any proof of claim by virtue of this objection …." *See* Objection at ¶ 1.

Alternatively, if the Plaintiffs elect to file a proof of claim in this Chapter 11 case, then they will have submitted themselves to the equitable jurisdiction of the Bankruptcy Court. *See Langenkamp v. Culp,* 498 U.S. 42, 45, 111 S.Ct. 330, 331-32 (1990)(Supreme Court concluded that creditors were not entitled to a jury trial because they had filed claims against the bankruptcy estate, "thereby bringing themselves within the equitable jurisdiction of the Bankruptcy Court.").

Therefore and in that event, no basis exists for withdrawal of the reference, again even assuming that it becomes clear what relief the Plaintiffs are actually seeking in the Motion.

## DESIGNATION OF RECORD

Pursuant to Local Rule 5011-1(B), the Debtors do not believe that any pleadings in this Chapter 11 case are relevant to the Motion. Therefore, the Debtors are not able, at this time, to designate any portion of the record in this Chapter 11 case as reasonably necessary and pertinent to the District Court's consideration of the Motion. Moreover, the pleadings designated by the Plaintiffs are irrelevant to the relief requested in the Motion, which relief is unclear and confusing.

**WHEREFORE**, the Debtors respectfully requests that the Court deny the Motion, and grant such other and further relief as is proper.

Dated this 11th day of June, 2021.

Respectfully Submitted,

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Counsel for Debtors-in-Possession*
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

By: /s/  *Paul J. Battista*
Paul J. Battista, Esq.
Florida Bar No. 884162
pbattista@gjb-law.com
Mariaelena Gayo-Guitian, Esq.
Florida Bar No. 813818
mguitian@gjb-law.com
Heather L. Harmon
Florida Bar No. 13192
hharmon@gjb-law.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 11, 2021, I electronically filed the foregoing Motion with the Clerk of the Court using CM/ECF. I also certify that the foregoing Motion is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

*/s/ Paul J. Battista.*
Paul J. Battista