UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:

LIBERTY POWER HOLDINGS, LLC,                    Case No.: 21-13797-SMG
                                                Chapter 11
    Debtor.
_____/

# THE ILLINOIS ATTORNEY GENERAL'S MOTION FOR AN ORDER DECLARING THE AUTOMATIC STAY INAPPLICABLE TO THE ILLINOIS ATTORNEY GENERAL'S ACTION, OR IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY

    The Illinois Attorney General's Office respectfully requests the entry of an order declaring that the automatic stay under 11 U.S.C. § 362 is inapplicable to the Illinois Attorney General's consumer protection action that is pending before the Chancery Division of the Circuit Court of Cook County, Illinois with a case style *People of the State of Illinois v. Liberty Power Holdings LLC*, Case. No. 2020 CH 1954 ("Illinois state court action"). In the alternative, the Illinois Attorney General requests that this Court grant the Illinois Attorney General relief from the automatic stay to pursue any and all relief against the Debtor in the Illinois state court action. In support thereof, the Illinois Attorney General states as follows:

## I.    Jurisdiction and Venue

    This Court has jurisdiction to enter the relief requested by this motion under 28 U.S.C. §§ 157 and 1334. Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(G).

1

## II. Background

On March 19, 2020, after conducting an investigation into Liberty Power Holdings LLC (the "Debtor") for unfair and deceptive acts and practices, the Illinois Attorney General brought a consumer protection action against Debtor and on behalf of the People of the State of Illinois.

The Illinois Attorney General alleges Debtor engaged in unfair and deceptive trade practices designed to induce consumers to purchase alternative retail electric supply from the Debtor, in violation of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 5051/1 *et seq.*, and the Illinois Telephone Solicitations Act, 815 ILCS 413/1 *et seq*. Debtor is an alternative retail electric supplier. Under Illinois law, an alternative retail electric supplier may solicit consumers to buy their electric supply from private companies while still receiving electricity delivery from their public utility. *See* Illinois Electric Service Customer Choice and Rate Relief Law of 1997, 220 ILCS 5/16-101 *et seq*. Debtor solicited consumers using a series of deceptive and fraudulent misrepresentations, including but not limited to: representations that that Illinois consumers would save money by switching their electric supply to Debtor; that Illinois consumers would receive "price protection" by making such a switch; that Debtor was affiliated with Illinois public utilities; and that Debtor was affiliated with fictitious state-sponsored programs. In fact, after lying to consumers about its services in order to get them to agree to switch, Debtor consistently charged more than the consumers' public utilities. A copy of the operative complaint is attached as **Ex. A**.

The Illinois Attorney General seeks multiple remedies against Debtor, including preliminary and permanent injunctive relief, restitution, disgorgement, rescission of contracts entered into between Debtor and Illinois consumers, attorneys' fees, and civil penalties.

On July 21, 2020, Debtor's motion to dismiss was denied on all but one count. The parties are currently engaged in active discovery in the Illinois state court action. On April 20, 2021, Debtor commenced the instant case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the U.S. Code (the "Bankruptcy Code").

After Debtor's Suggestion of Bankruptcy was filed, the Illinois Attorney General's Office filed a motion to pause the discovery schedule in the state court action so that the parties could discuss the impact of the bankruptcy filing on the state court action. The Circuit Court of Cook County denied the motion and directed the Illinois Attorney General's Office to seek clarification from this Court to confirm that the automatic bankruptcy stay does not apply to the Illinois Attorney General. As a result, the Illinois Attorney General now brings this motion.

### III.     Argument

**A. The Police and Regulatory Power Exception under 11 U.S.C. § 362(b)(4) Applies to the Illinois Attorney General's State Court Action Against the Debtor**

The Illinois Attorney General is authorized to enforce the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 ILCS 505/1 *et seq.*, to advance the public policy of protecting consumers from unfair or deceptive acts or practices. The Illinois Attorney General's claims under the Consumer Fraud Act, including those in its case against the Debtor, are exercises of the Illinois Attorney General's police and regulatory powers and thus should be excepted from the automatic stay under 11 U.S.C. § 362(a)(1).

It is well-established that the filing of a bankruptcy does not operate as a stay "of the commencement or continuation of an action or proceeding by a governmental unit…to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory

3

power." 11 U.S.C. § 362(b)(4); s*ee Bd. of Governors of Fed. Reserve Sys. v. MCorp Fin., Inc.*, 502 U.S. 32, 39-40 (1991) (citing plain language of bankruptcy code in holding that Board of Governors of Federal Reserve System's action fell "squarely within § 362(b)(4), which expressly provides that the automatic stay will not reach proceedings to enforce a 'governmental unit's police or regulatory power'"); *Brock v. Rusco Industries, Inc.* 842 F.2d 270, 273 (11th Cir. 1988) (action by Secretary of Labor to enforce the Fair Labor Standards Act fell within exception to automatic stay as valid exercise of police power); *In re Guardia*, 522 B.R. 734, 735 (Bankr. S.D. Fla. 2014) (finding that "case law strongly support[ed]" Attorney General of Florida's claim that its lawsuit against debtor for violations of that state's consumer protection laws fell within Section 362(b)(4) exception).

There is strong precedent that the exception applies to lawsuits filed by governmental units, including state Attorneys General, alleging violations of consumer protection statutes. *In re Guardia*, 522 B.R. at 735; *In re Dolen*, 265 B.R. 471, 480-81 (Bankr. M.D. Fla. 2001) (holding "there can be no question here that the automatic stay does not preclude the [Federal Trade] Commission from prosecuting its action against the debtor in district court"); *In re Steffy,* 494 B.R. 574, 585 (Bankr. N.D. Ga. 2012) (finding that consumer protection action filed by the State of Arkansas to enforce laws and to protect its citizens fell within the exception of Section 362(b)(4)); *In re Nelson,* 240 B.R. 802, 805-07 (Bankr. D. Me. 1999) (holding that the State of Maine's lawsuit against the debtor for violations of Maine's Unfair Trade Practices Act and the Consumer Solicitations Sales Act was within Section 362(b)(4)'s exception); *see also Matter of Towers,* 162 F.3d 952, 956 (7th Cir. 1998) (finding that "state law-enforcement actions are outside the scope of the [automatic] stay to begin with" in reference to the Illinois Attorney General's action to enforce

state consumer protection laws and therefore it was "unnecessary" for the Attorney General to petition the bankruptcy court for a lift from the stay).

Courts interpreting the bankruptcy code look to its legislative history, which illustrates that "Congress intended this exception to apply to suits by governmental units 'to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar regulatory laws.'" *In re Dolen*, 265 B.R. at 481 (citing S.Rep. No. 989, 96th Cong., 2d Sess. 52, reprinted in 1978 U.S.C.C.A.N. 5787, 5838). The proper inquiry for courts in determining whether the exception applies is whether the action "relates to a matter of public safety and health or primarily to the protection of the government's pecuniary interest in the debtor's property." *In re Dolen*, 265 B.R. at 481 *quoting Berg v. Good Samaritan Hospital*, 198 B.R. 557, 561 (9th Cir. BAP 1996); *see also In re Steffy* 494 B.R. at 585.

The Illinois Attorney General's action against the Debtor falls squarely within the police and regulatory power exception and undeniably functions to advance public safety by protecting the public from fraud. The Illinois Attorney General is a governmental unit, as defined by the bankruptcy code. 11 U.S.C. § 101(27); *In re Dolen*, 265 B.R. at 480 ("governmental unit" under Section 362(b)(4) is not limited to government units exercising control under the Chemical Weapons Doctrine). In the state court action, the Illinois Attorney General has alleged that the Debtor lied to Illinois consumers by falsely asserting that consumers would save money if they switched when, in fact, Debtor charged more than the price offered by the public utility. Debtor falsely touted its product as a something that would "protect" consumers from price increases when, in fact, Debtor intended to and did charge consumers more than they would have paid if they remained with their utility. And, in some instances, Debtor induced consumers into switching their electrical supply by suggesting that they were operating or administering a government

5

program or that they were affiliated with the consumer's public utility. In bringing the state court consumer protection action, the Illinois Attorney General seeks to protect Illinois consumers from the Debtor's fraudulent scheme by, among other things, obtaining an injunction preventing further operation of the scheme and recovering equitable relief such as restitution on behalf of consumers harmed by the Debtor, along with civil monetary penalties. The Illinois Attorney General is not pursuing the matter for his own pecuniary interest or to adjudicate private rights.

In sum, the Illinois Attorney General's Illinois state court action falls squarely within the "police and regulatory power exception" found in § 362(b)(4). The Debtor's Chapter 11 filing does not stay the Illinois Attorney General's Illinois state court action or any enforcement of a judgment, except for the enforcement of a money judgment against the Debtor. *See In re Dolen*, 265 B.R. at 480 (explaining that the exception allows the governmental unit to "engage in discovery, participate at trial to obtain an adjudication of its claims on the merits, and, if the debtor is found to have engaged in illegal conduct, determine and fix restitution damages for that conduct"). Furthermore, any money judgment the Illinois Attorney General obtains can form the basis of the claim the Illinois Attorney General might file in this case. *In re Guardia*, 522 B.R. at 736.

### IV. Relief Requested

By this motion, the Illinois Attorney General requests the entry of an order declaring that the automatic stay under 11 U.S.C. § 362 is inapplicable to the Illinois state court action, or in the alternative, granting the Illinois Attorney General relief from the automatic stay, to pursue any and all relief against the Debtor in the Illinois state court action. In addition, pursuant to Bankruptcy Rule 4001(a)(3), the Illinois Attorney General requests that the Court waive the fourteen day stay of the effect of an order granting this motion, in the event the Court deems it necessary to grant relief from the automatic stay.

                                                  Respectfully submitted,

Dated: June 16, 2021                      THE PEOPLE OF THE STATE OF ILLINOIS,
                                                  by KWAME RAOUL,
                                                  Attorney General of the State of Illinois


                                      BY:  /s/ *Michele Casey*

                                                  Andrew Dougherty
                                                  Michele Casey
                                                  Ronak Shah
                                                  Amanda Palmer
                                                  Daniel Edelstein
                                                  100 West Randolph Street, 12th Floor
                                                  Chicago, Illinois 60601
                                                  Phone: (708) 872-7882
                                                  andrew.dougherty@illinois.gov
                                                  michele.casey@illinois.gov
                                                  ronak.shah@illinois.gov
                                                  amanda.palmer@illinois.gov
                                                  daniel.edelstein@illinois.gov
                                                  Attorney No: 99000