

**ORDERED in the Southern District of Florida on July 1, 2021.**

_____
**Scott M. Grossman, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

| In re: | Chapter 11 Cases |
|---|---|
| **LIBERTY POWER HOLDINGS, LLC,** | Case No. 21-13797-SMG |
| **LPT, LLC,** | Case No. 21-15537-SMG |
| **LIBERTY POWER MARYLAND, LLC,** | Case No. 21-15539-SMG |
| **LIBERTY POWER DISTRICT OF COLUMBIA, LLC,** | Case No. 21-15540-SMG |
|  | **(Jointly administered 21-13797-SMG)** |
| Debtors. | |
| _____/ | |

**AGREED ORDER GRANTING ASSIGNEE'S MOTION FOR ADEQUATE
PROTECTION AND RESERVATION OF RIGHTS (ECF No. 130)**

THIS MATTER came before the Court for hearing on June 30, 2021 at 1:30 p.m. (the "Hearing") upon the *Assignee's Motion for Adequate Protection and Reservation of Rights* (ECF No. 130) (the "Motion")[1] filed by Philip Von Kahle, as assignee (the "Assignee") in the case styled *In re Assignment for the Benefit of Creditors of Liberty Power Corp, LLC*, Case No. CACE 21-010056 pending in the Seventeenth Judicial Circuit in and for Broward County, Florida (the "ABC"). The Court, having reviewed and considered the Motion and the Response filed by the

---

[1] All capitalized terms used herein and not otherwise defined shall have the meaning set forth in the Motion.

00672725.DOCX 8

above-captioned Debtors (the "Debtors") [ECF No. 174] (the "Response"), having been advised that the Assignee and the Debtors have agreed to resolve the Motion pursuant to the terms set forth herein, and otherwise based on the record in these proceedings:

The Motion is **GRANTED** as follows:

1. As adequate protection for the Debtor's use of the assets of Liberty Power Corp., LLC which were assigned to the Assignee and are the subject of the ABC (the "LPC Assets") through the Expiration Date (as defined below), the parties have agreed as follows:

    a. The Debtors will continue to pay the reasonable and necessary ordinary course of business expenses incurred in connection with the use of the LPC Assets as previously authorized by the Court in the Turnover Order [ECF No. 29] through the date (the "Expiration Date") which is the earlier of (i) 90 days after the closing of the sale of the Debtors' assets pursuant to the Court's Order approving bidding sand sale procedures [ECF No. 156] (the "Bid Procedures Order"), or (ii) 45 days after delivery of written notice by counsel to the Debtors via email to counsel to the Assignee that the Debtors no longer need use of and/or access to all of LPC Assets, unless at the request of the Assignee in the ABC following receipt of the written notice, the executory contract or unexpired lease concerning one or more of the LPC Assets is rejected by court order whereupon the obligation to pay the expense related to the contract or lease that is rejected shall terminate as of the effective date of rejection; or (iii) as to continued payments on account of specific LPC Assets, 45 days after delivery of written notice by counsel to the Debtors via email to counsel to the Assignee that the Debtors no longer need use of such LPC Assets, unless at the request of the Assignee in the ABC following receipt of the written notice, the executory contract or unexpired lease concerning one or more of the LPC Assets is rejected

by court order whereupon the obligation to pay the expense related to the contract or lease that is rejected shall terminate as of the effective date of rejection.

      b.      The Debtors will provide to the Assignee a weekly report of such expenses paid and not paid, if any, in connection with the use of LPC's Assets during the prior week.

      c.      If and to the extent the Assignee identifies any additional ordinary course expenses that are being incurred for the period after the filing of the ABC by and through the use of LPC's Assets by the Debtors in order to continue the use thereof, then the Assignee shall advise the Debtors of such expenses and provide any documentation in connection therewith.  The Debtors shall pay such additional expenses, provided that if the Debtors object to any such expenses, then the Assignee shall work with the Debtors in good faith to resolve any such objection during the period of seven (7) business days after the Debtors' notice of an objection.  If the parties are unable to resolve the objection and the Debtors do not agree to pay such expenses, or if the Debtor delivers notice pursuant to paragraph 1.a.(ii) or (iii), then the Assignee may, in his sole discretion take whatever steps he deems appropriate to dispose of the applicable contract or asset, whether by termination, rejection, sale, abandonment or otherwise through the ABC, provided however that either party may bring the matter before the Court for resolution.

      d.      Within two business days after this Order becomes final and non-appealable (the "Effective Date"), (i) the Debtors will pay a lump sum payment to the Assignee in the amount of $150,000, and (ii) upon receipt of such payment, the Assignee will take any and all action necessary to dismiss its pending appeal of the Turnover Order and the Clarification Order [ECF Nos. 116, 117].  Until at least three (3) business days after the Effective Date, the Debtors and the Assignee shall, by separate order, agree to abate all

appeal deadlines and continue the hearing on the Assignee's Motion to Extend [ECF No. 116] and the Debtors' Response [ECF No. 175].

  e. In addition to the continued use of LPC's Assets as set forth above, the Debtors shall be authorized to use any additional assets of LPC to the extent needed by the Debtors in furtherance of its operations and sale process, including trademarks, tradenames, logos, and other intellectual property owned by LPC.

  f. If and to the extent the Debtor requests the use of any additional assets owned and/or controlled by the Assignee, then the Assignee shall not unreasonably refuse such request.

2. The Debtors stipulate that the assets they own are set forth in detail on their Bankruptcy Schedules [ECF Nos. 210, 211, 212 and 213] (the "<u>Schedules</u>").  The Debtors stipulate and agree that the Debtors do not own any of LPC's Assets that are not otherwise set forth on the Schedules, provided however, that the Debtors and the Assignee each reserve their rights as to any LPC Assets which are also identified as owned by the Debtors in the Schedules.

3. In the event the Debtors receive any written offers, letters of intent and other expressions of interest in its sale process which contemplate the purchase of any of LPC's Assets, with or without the purchase of the Debtor's assets, as a result of the Bid Procedures Order (each an "<u>LPC Offer</u>"), then the Debtors shall promptly provide copies of such LPC Offers to the Assignee, which LPC Offers shall be maintained as confidential by the Assignee.  On or before July 23, 2021, the parties shall negotiate in good faith to agree upon a framework for an allocation of the potential purchase price as between the Debtors and the Assignee as to any LPC Offer received by such date.

Case No. 21-13797-BKC-SMG

4.     In the event the Debtors receive any Qualified Bids under and as defined in the Bid Procedures Order by the Bid Deadline set forth therein that include an LPC Offer, then the Debtors and the Assignee shall negotiate in good faith to agree upon an allocation of the purchase price proposed therein as between the Debtors and the Assignee prior to the Auction (as defined in the Bid Procedures Order) or the Sale Hearing (as defined in the Bid Procedures Order) if there is no Auction.  If an Auction occurs under the Bid Procedures Order, and the Successful Bid and/or Back-Up Bid includes an LPC Offer, then the Debtors and the Assignee shall negotiate in good faith to agree upon an allocation of the purchase price proposed therein, failing which the Court will resolve such issues at the Sale Hearing as part of its consideration of the approval of any such Successful Bid and/or Back-Up Bid; provided further that the parties recognize that any sale of the LPC Assets will require court approval in the ABC.

5.     In the event the Debtors and the Assignee reach an agreement on such allocation, then the Debtors and the Assignee shall cooperate with each other in connection with (i) obtaining any necessary approval of the Court in the ABC, (ii) executing and delivering any and all necessary documents to effectuate the sale of LPC's Assets in the Successful Bid and/or Back-Up Bid as applicable.

6.     Except as expressly provided for in this Agreed Order, the Assignee shall not oppose, object to or interfere with the sale of the Debtors' assets.

7.     The Assignee shall not object to, challenge, contest, seek to disallow or in any way contest (a) the amount of the claims of Boston Energy Trading and Marketing, LLC ("BETM") against the Debtors, or (b) the validity, priority or extent of the liens securing repayment of BETM's claims against the Debtors.

8.     Nothing herein shall amend or modify he provisions of the Bid Procedures Order.

9. For avoidance of doubt, the following assets of LPC shall be excluded from any sale: (i) cash and cash equivalents, and (ii) litigation claims.

10. If the Debtors do not receive any LPC Offers by August 3, 2021, then the Assignee shall be authorized to market for sale in the ABC the LPC Assets, provided that any such marketing and sale shall not impede or interfere with the Debtors' sale efforts, the closing and/or transition of the Debtors' assets to the Successful Bidder or Back-Up Bidder, or the wind up and closing of the Debtors' Chapter 11 cases.

11. Except for the payment required to be made under this Order, each of the Debtors and the Assignee/LPC shall bear its own fees and costs.

12. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

###

**Submitted by:**
Jeffrey P. Bast, Esq.
jbast@bastamron.com
Bast Amron LLP
1 SE 3rd Ave., Suite 1400
Miami, FL 33131
Tel: 305-379-7904
Fax: 305-379-7905

*Attorney Bast is directed to serve a copy of this Order on interested parties and file a certificate of service of same with the Court.*