**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 Cases |
| | |
| **LIBERTY POWER HOLDINGS, LLC,** | **Case No. 21-13797-SMG** |
| **LPT, LLC,** | **Case No. 21-15537-SMG** |
| **LIBERTY POWER MARYLAND, LLC,** | **Case No. 21-15539-SMG** |
| **LIBERTY POWER DISTRICT OF COLUMBIA, LLC,** | **Case No. 21-15540-SMG** |
| | |
| **Debtors.** | **(Jointly administered 21-13797-SMG)** |
| _____/ | |

**SUBSIDIARY DEBTORS' APPLICATION FOR AUTHORITY TO EMPLOY AND**
**RETAIN, ON A FINAL BASIS, PAUL J. BATTISTA AND THE LAW FIRM OF**
**GENOVESE JOBLOVE & BATTISTA, P.A. AS GENERAL BANKRUPTCY COUNSEL**
**FOR SUBSIDIARY DEBTORS EFFECTIVE AS OF JUNE 4, 2021**

LPT, LLC, Liberty Power Maryland, LLC, and Liberty Power District of Columbia, LLC (collectively, the "Subsidiary Debtors"), pursuant to 11 U.S.C. §327(a), Fed. R. Bankr. P. 2014 and 2016, and Local Rules 2014-1(A) and 2016-1(A), hereby file this *Application for Authority to Employ and Retain Paul J. Battista and the Law Firm of Genovese Joblove & Battista, P.A. As General Bankruptcy Counsel For Subsidiary Debtors Effective as of June 4, 2021* (the "Application") seeking approval, on a final basis, of the employment of Paul J. Battista ("Battista") and the law firm of Genovese, Joblove & Battista ("GJB"), to represent the Subsidiary Debtors as their general bankruptcy counsel in these Chapter 11 cases. In support of this Application, the Subsidiary Debtors rely upon the *Declaration of Paul J. Battista, on behalf of GJB, as Proposed Counsel for the Subsidiary Debtors* attached hereto as **Exhibit "A"** (the "Battista Declaration") and the *Declaration of Bob Butler in Support of the Chapter 11 Petition and First Day Motions* [ECF

No. 10] (the "<u>First Day Declaration</u>")[1] filed with the Court.  In further support of this Application, the Subsidiary Debtors respectfully represent as follows:

## I.    <u>JURISDICTION</u>

1.      This Court has jurisdiction over these cases pursuant to 28 U.S.C. 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).  Venue is proper in this District pursuant to 28 U.S.C. §1408.

2.      The statutory predicate for the relief requested herein are 11 U.S.C. §327(a), Fed. R. Bankr. P. 2014 and 2016, and Local Rules 2014-1(A) and 2016-1(A).

## II.    <u>BACKGROUND AND BUSINESS OPERATIONS</u>

3.      On June 4, 2021 (the "<u>Petition Date</u>")[2], the Subsidiary Debtors each filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

4.       As of the date hereof, no creditors' committee has been appointed in these cases.  In addition, no trustee or examiner has been appointed.

5.      The Subsidiary Debtors are operating their business and managing their affairs as a debtors-in-possession pursuant to 11 U.S.C. §§1107(a) and 1108.

6.      For a detailed description of the Subsidiary Debtors, their operations and assets and liabilities, the Debtors respectfully refer the Court and parties-in-interest to the First Day Declaration.

## III.    <u>RELIEF REQUESTED</u>

7.      By this Application, the Subsidiary Debtors seek to employ and retain Paul J.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the First Day Declaration.

2 The LPH Debtor filed its voluntary petition on April 20, 2021.  On May 17, 2021, the Court approved, on a final basis, the LPH Debtor's Application to Employ GJB as its general bankruptcy counsel [ECF No. 95].

Battista, Esq. and the law firm of GJB as their general restructuring and bankruptcy counsel with regard to the filing of their Chapter 11 petitions and the prosecution of their Chapter 11 cases. A copy of GJB's Engagement Letter is attached hereto as **Exhibit "B."** Accordingly, the Subsidiary Debtors respectfully request the entry of a final order, pursuant to Section 327(a) of the Bankruptcy Code authorizing them to employ and retain Paul J. Battista, Esq. and the law firm of GJB as their general bankruptcy counsel under a general retainer to perform the legal services that will be necessary during these Chapter 11 cases as more fully described below.

8.    Liberty Power Holdings, LLC (the "LPH Debtor") and the Subsidiary Debtors sought the services of GJB three (3) days prior to the LPH Debtor's Petition Date of April 20, 2021 principally with respect to advice regarding restructuring matters in general, and the preparation for and potential commencement and prosecution of Chapter 11 case for LPH Debtor. The Subsidiary Debtors believe that the continued representation by GJB is critical to the Subsidiary Debtors' efforts to effectuate an orderly liquidation of their business because GJB has extensive experience and expertise in complex commercial reorganization cases and has already become familiar with many aspects of the Subsidiary Debtors' business, legal and financial affairs. Accordingly, GJB is well-suited to guide the Subsidiary Debtors through the Chapter 11 process.

A.    <u>Services to be Provided</u>

9.    The services of GJB are necessary to enable the Subsidiary Debtors to execute faithfully their duties as debtors-in-possession. Subject to order of this Court, the law firm of GJB will be required to render, among others, the following services to the Subsidiary Debtors:

(a)    advise the Subsidiary Debtors with respect to their powers and duties as debtors and debtors-in-possession in the continued management and operation of their business and properties;

(b)    attend meetings and negotiate with representatives of creditors and other parties-in-interest and advise and consult on the conduct of the cases,

3

including all of the legal and administrative requirements of operating in Chapter 11;

(c)     advise the Subsidiary Debtors in connection with any contemplated sales of assets or business combinations, including the negotiation of sales promotion, liquidation, stock purchase, merger or joint venture agreements, formulate and implement bidding procedures, evaluate competing offers, draft appropriate corporate documents with respect to the proposed sales, and counsel the Subsidiary Debtors in connection with the closing of such sales;

(d)     advise the Subsidiary Debtors in connection with post-petition financing and cash collateral arrangements, provide advice and counsel with respect to pre-petition financing arrangements, and provide advice to the Subsidiary Debtors in connection with the emergence financing and capital structure, and negotiate and draft documents relating thereto;

(e)     advise the Subsidiary Debtors on matters relating to the evaluation of the assumption, rejection or assignment of unexpired leases and executory contracts;

(f)     provide advice to the Subsidiary Debtors with respect to legal issues arising in or relating to the Subsidiary Debtors' ordinary course of business including attendance at senior management meetings;

(g)     take all necessary action to protect and preserve the Subsidiary Debtors' estates, including the prosecution of actions on their behalf, the defense of any actions commenced against the estates, negotiations concerning all litigation in which the Subsidiary Debtors may be involved and objections to claims filed against the estates;

(h)     prepare on behalf of the Subsidiary Debtors all motions, applications, answers, orders, reports and papers necessary to the administration of the estates;

(i)     negotiate and prepare on the Subsidiary Debtors' behalf a plan of reorganization, disclosure statement and all related agreements and/or documents, and take any necessary action on behalf of the Subsidiary Debtors to obtain confirmation of such plan;

(j)     attend meetings with third parties and participate in negotiations with respect to the above matters;

(k)     appear before this Court, any appellate courts, and the U.S. Trustee, and protect the interests of the Subsidiary Debtors' estates before such courts and the U.S. Trustee; and

4

(l)     perform all other necessary legal services and provide all other necessary legal advice to the Subsidiary Debtors in connection with these Chapter 11 cases.

10.     The firm of GJB is willing to act on behalf of the Subsidiary Debtors as set forth above.

**B.     <u>Terms of Retention</u>**

5.     As is set forth more fully in the Battista Declaration, GJB did not require a retainer for this engagement.

11.     GJB intends to file a single fee application with respect to the above-captioned Debtors' jointly administered cases.  There will be no billing duplication among the cases.

12.     GJB intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in these Chapter 11 cases in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the orders of this Court.  GJB will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Subsidiary Debtors in these cases at the then-current rate charged for such services.

13.     Consistent with the firm's policy with respect to its other clients, GJB will continue to charge the Subsidiary Debtors for all other services provided and for other charges and disbursements incurred in the rendition of services.  These charges and disbursements include, among other things, costs for photocopying, travel, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

14.     GJB has agreed to accept as compensation such sums as may be allowed by the Court on the basis, among others, of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estates, the reasonableness of the time within

which the services were performed in relation to the results achieved, and the complexity, importance and nature of the problems, issues or tasks addressed in these cases.

15.     Other than as set forth herein and in the Battista Declaration, no arrangement is proposed between the Subsidiary Debtors and GJB for compensation to be paid in these cases, and no agreement or understanding exists between GJB and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the cases.

16.     No previous request for the relief sought in this Application has been made to this Court or any other Court.

## IV.    BASIS FOR RELIEF REQUESTED

17.     Continued representation of the Subsidiary Debtors by their restructuring counsel, GJB, is critical to the success of the Subsidiary Debtors' orderly liquidation efforts because GJB is and has become familiar with the Subsidiary Debtors' business, financial and legal affairs.

18.     The Subsidiary Debtors has selected the firm of GJB as their attorneys because of GJB's experience with and knowledge of the Subsidiary Debtors and their business, as well as its extensive experience, knowledge and expertise in the field of debtor and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code.

19.     The Subsidiary Debtors desire to employ the firm of GJB under a general retainer because of the extensive legal services that will be required in connection with their Chapter 11 cases and the firm's familiarity with the business of the Subsidiary Debtors.

## V.    DISINTERESTEDNESS OF PROFESSIONALS

20.     Except as set forth in the Battista Declaration, to the best of the Subsidiary Debtors' knowledge, the shareholders, counsel and associates of GJB: (a) do not have any connection with the Subsidiary Debtors, their affiliates, their creditors, the U.S. Trustee, any person employed in the

6

office of the U.S. Trustee, or any other party in interest, or their respective attorneys and accountants; (b) are "disinterested persons," as that term is defined in Section 101(14) of the Bankruptcy Code; and (c) do not hold or represent any interest adverse to the Subsidiary Debtors' estates.

21.     More specifically, as set forth in the Battista Declaration:

(a)     Neither GJB nor any attorney at the firm holds or represents an interest adverse to the Subsidiary Debtors' estates.

(b)     Neither GJB nor any attorney at GJB is or was a creditor, an equity holder, or an insider of the Subsidiary Debtors, except that GJB previously rendered legal services to the Subsidiary Debtors for which it was compensated.

(c)     Neither GJB nor any attorney at GJB is or was, within two years before the Petition Date, a director, officer or employee of the Subsidiary Debtors.

(d)     GJB does not have an interest materially adverse to the interests of the Subsidiary Debtors' estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Subsidiary Debtors, or for any other reason.

**WHEREFORE**, the Subsidiary Debtors respectfully request that the Court enter a final order, substantially in the form attached hereto as **Exhibit "C"**: (i)  authorizing the Subsidiary Debtors' retention of Paul J. Battista, Esq. and the law firm of GJB upon the terms outlined in this Application on an final basis effective June 4, 2021; and (ii) granting such other and further relief as is just and proper.

Dated this 29th day of July, 2021.

**LIBERTY POWER HOLDINGS, LLC**.

By:   /s/ *Bob Butler*
Name:  Bob Butler
Title:   Chief Restructuring Officer

# EXHIBIT "A"

**(BATTISTA DECLARATION)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 Cases |
| **LIBERTY POWER HOLDINGS, LLC,** | **Case No. 21-13797-SMG** |
| **LPT, LLC,** | **Case No. 21-15537-SMG** |
| **LIBERTY POWER MARYLAND, LLC,** | **Case No. 21-15539-SMG** |
| **LIBERTY POWER DISTRICT OF COLUMBIA, LLC,** | **Case No. 21-15540-SMG** |
| **Debtors.** | **(Jointly administered 21-13797-SMG)** |
| _____/ | |

**DECLARATION OF PAUL J. BATTISTA, ESQ. IN SUPPORT OF THE SUBSIDIARY DEBTORS' APPLICATION FOR AUTHORITY TO RETAIN, ON A FINAL BASIS, GENOVESE JOBLOVE & BATTISTA, P.A., AS GENERAL BANKRUPTCY COUNSEL FOR SUBSIDIARY DEBTORS EFFECTIVE AS OF JUNE 4, 2021**

PAUL J. BATTISTA makes this Declaration pursuant to 28 U.S.C. § 1746, and states:

1.      I am an attorney and shareholder of the law firm of Genovese Joblove & Battista, P.A. ("GJB").  GJB maintains offices for the practice of law at the 100 Southeast Second Street, Suite 4400, Miami, Florida 33131, 200 East Broward Boulevard, Suite 1110 Fort Lauderdale, Florida 33301 and 100 N. Tampa Street, Suite 2600, Tampa, FL 33602.  I am familiar with the matters set forth herein and make this Declaration in support of the *Subsidiary Debtors' Application for Authority to Retain, on a Final Basis, Genovese Joblove & Battista, P.A. as General Bankruptcy Counsel for the Subsidiary Debtors Effective as of June 4, 2021* (the "Application").

2.      In support of the Application, I disclose the following:

        a.      Unless otherwise stated, this Affidavit is based upon facts of which I have personal knowledge.

b.      In preparing this Affidavit, I have reviewed the preliminary list of creditors and equity security holders of the Subsidiary Debtors provided to us by the Subsidiary Debtors and as otherwise gathered by GJB.  GJB maintains a computerized conflicts check system.  GJB has compared the information obtained thereby with the information contained in its client and adverse party conflict check system.   As additional information becomes available to GJB concerning the identity of other creditors, then GJB will supplement its conflict check and if appropriate, I will supplement my Declaration accordingly.

c.      The facts stated in this Declaration as to the relationship between GJB and the Subsidiary Debtors, the Subsidiary Debtors' creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code, are based on the results of my review of GJB's conflict check system.  Based upon the foregoing, GJB does not represent any entity in any matter involving or adverse to the Subsidiary Debtors or which would constitute a conflict of interest or impair the disinterestedness of GJB in respect of its representation of the Subsidiary Debtors herein.

3.      GJB's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business by GJB, and it is the regular practice of GJB to make and maintain these records.  The system reflects entries that are noted at the time the information becomes known by persons whose regular duties include recording and maintaining this information. I am one of the persons who is responsible for the supervision of the department of GJB which keeps this system up-to-date, and I regularly use and rely upon the information contained in the system in the performance of my duties with GJB and in my practice of law.

2

4.      GJB neither holds nor represents any interest adverse to the Subsidiary Debtors and is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

5.      Other than GJB's representation of Liberty Power Holdings, LLC[1] (the "LPH Debtor", together with the Subsidiary Debtors, the "Debtors") as general bankruptcy counsel, neither I nor GJB has or will represent any other entity in connection with these cases, and neither I nor GJB will accept any fee from any other party or parties in these cases, except the, unless otherwise authorized by the Court.

6.      GJB did not require a retainer for this engagement.

7.      GJB intends to file a single fee application with respect to the Debtors' jointly administered cases.  There will be no billing duplication between the cases.

8.      The professional fees and costs to be incurred by GJB in the course of its representation of the Subsidiary Debtors in these cases shall be subject in all respects to the application and notice requirement of 11 U.S.C. §§ 330 and 331 and Fed. R. Bank. P. 2014 and 2016.

9.      There is no agreement of any nature as to the sharing of any compensation to be paid to GJB, except between the attorneys of GJB.  No promises have been received by GJB, nor any member or associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

10.     No attorney at GJB holds a direct or indirect equity interest in the Subsidiary Debtors, including stock or stock warrants, or has a right to acquire such an interest.  No attorney at GJB is or has served as an officer, director or employee of the Subsidiary Debtors within two

---

1 The LPH Debtor filed its voluntary petition on April 20, 2021.  On May 17, 2021, the Court approved, on a final basis, the LPH Debtor's Application to Employ GJB as its general bankruptcy counsel [ECF No. 95].

years before the Petition Date.  No attorney at GJB is in control of the Subsidiary Debtors or is a relative of a director, officer or person in control of the Subsidiary Debtors.  No attorney at GJB is a general or limited partner of a partnership in which any of the Subsidiary Debtors is also a general or limited partner.  No attorney at GJB is or has served as an officer, director or employee of a financial advisor that has been engaged by the Subsidiary Debtors in connection with the offer, sale or issuance of a security of the Subsidiary Debtors, within two years before the Petition Date. No attorney at GJB has represented a financial advisor of the Subsidiary Debtors in connection with the offer, sale or issuance of a security of the Subsidiary Debtors within three years before their Petition Date of June 4, 2021.

11.    No attorney at GJB has any other interest, direct or indirect, that may be affected by the proposed representation.

12.    No attorney at GJB has had or presently has any connection with the Subsidiary Debtors or the estates on any matters in which GJB is to be engaged, except that I, GJB and our attorneys: (i) may have appeared in the past and may appear in the future in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Subsidiary Debtors' creditors in matters unrelated to these cases.  In addition and for purposes of full disclosure, the proposed chief restructuring officer of the Subsidiary Debtors, Bob Butler, is employed by Berkeley Research Group, LLC ("BRG"), a global consulting firm with approximately 1,200 employees.  One of BRG's employees is Rachel Battista, who is my niece. Lastly, two years ago on April 26, 2019, David Hernandez ("Hernandez"), one of the Subsidiary Debtors' principals, had a meeting with 2 partners of GJB for a preliminary and general discussion of certain financial issues related to the LPH Debtor and the Subsidiary Debtors.  GJB was not retained by the Debtors, Hernandez or any other affiliate of the Debtors.  I do not believe such

discussion two years ago presents any conflict of interest for GJB or otherwise impairs the disinterestedness of GJB in respect of its representation of the Subsidiary Debtors herein.

13.    This concludes my declaration.

### 28 U.S.C § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 29, 2021.

_/s/ Paul J. Battista_
PAUL J. BATTISTA, ESQ.

5

**EXHIBIT "B"**

**(ENGAGEMENT LETTER)**



Paul J. Battista, Esq.
Telephone: 305-349-2300
Email:pbattista@gjb-law.com

June 4, 2021

**VIA EMAIL bbutler@thinkbrg.com**
Liberty Power District of Columbia, LLC
LPT, LLC
Liberty Power Maryland LLC Holdings, LLC
Attn: Bob Butler
Chief Restructuring Officer
Berkley Research Group
3350 Riverwood Parkway
Suite 1900
Atlanta, GA 30339

  Re: Engagement of Genovese, Joblove & Battista, P.A. (the "Firm")

Dear Bob:

  We are pleased that Liberty Power District of Columbia, LLC, LPT, LLC and Liberty Power Maryland LLC (collectively, the "Companies") have engaged our firm to represent them as their general bankruptcy counsel in connection with filing and prosecuting chapter 11 bankruptcy proceedings for each of them in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"). Consistent with the rules of professional responsibility that govern all attorneys, it is the Firm's practice to advise clients in writing of the terms and conditions under which we undertake a representation.

  First, to protect both of us and to comply with our professional obligations, this engagement is subject to clearance of any conflicts of interest with present or former clients of the Firm. We have performed a conflict check regarding those parties that we are aware of who are presently involved in this matter and, except as disclosed below, have determined that no conflict exists at this time. As additional parties are identified, we will update our conflict check and advise you of any issues. In order to help us in the future, if you become aware of additional potential adverse parties, then please provide us with the names of any such persons or entities as soon as possible. As you know, each of the Companies is a wholly-owned subsidiary of Liberty Power Holdings, LLC, who is presently a debtor-in-possession in a pending chapter 11 case in the Bankruptcy Court under a case styled *In re: Liberty Power Holdings, LLC*, Case No. 21-13797-SMG (the "Chapter 11 Case"). We currently represent Liberty Power Holdings, LLC in the Chapter 11 Case. We do

not believe there is a conflict in connection with our concurrent representation of the Companies since their interests are wholly aligned. We also believe that we remain "disinterested" as required by the United States Bankruptcy Code in regard to the proposed employment by the Companies. If anything occurs in the future that changes our views on these issues, then we will alert you immediately.

My law partners, Mariaelena Gayo-Guitian and Heather Harmon, and I will have primary responsibility for this engagement, and will use other attorneys and legal assistants in our Firm in the best exercise of our professional judgment. My standard hourly rate is $745.00, Ms. Gayo-Guitian's standard hourly rate is $550.00 and Ms. Harmon's standard hourly rate is $525.00. Where possible and applicable, we will utilize other attorneys and paraprofessionals with lower billing rates. The Firm's engagement is subject to and based on the provisions set forth herein and in our Standard Terms and Conditions, which are annexed to and made a part of this letter agreement. From and after the filing of a chapter 11 bankruptcy for the Companies, if and to the extent our Standard Terms and Conditions conflict with the provisions of the Bankruptcy Code or the Local Rules of the Bankruptcy Court, then the provisions of the Bankruptcy Code and/or Local Rules shall govern.

We want to assure you that we will endeavor to serve you effectively and strive to represent your interests efficiently. To advance these goals, the Companies agree to disclose fully and accurately all pertinent facts and keep us apprised of all developments in this matter. The Companies further agree to cooperate fully with us and to be available to attend such meetings as are appropriate. During the course of our representation, we may express opinions regarding issues for which we are being engaged or various courses of action and the results that might be anticipated. Any such statement made by myself or by any partner, associate, of counsel or employee or agent of our Firm is intended to be an expression of opinion only, based on information available to us at the time, and should not be construed as a promise or guarantee. Needless to say, there can be no assurances that our efforts on your behalf will be successful.

No retainer will be required for this engagement.

Please review this agreement carefully, and if you have any questions concerning the foregoing terms and conditions, please do not hesitate to contact me. If this agreement is acceptable, then please acknowledge that you have reviewed it, understand it, and desire to retain us based on the terms of this letter and attachment by signing and delivering to us the enclosed copy, together with the initial retainer via wire instructions included with this letter. We recommend that you keep a copy of this letter and our Standard Terms in your file.

Thank you for allowing us to be of service.

Sincerely,

**GENOVESE JOBLOVE & BATTISTA, P.A.**


By: _____/s/ _Paul J. Battista_____
        Paul J. Battista

**THE ABOVE IS ACCEPTED AND AGREED TO:**

**LIBERTY POWER DISTRICT OF COLUMBIA, LLC**

By: _____
Name: Bob Butler
Title:   Chief Restructuring Officer

**LPT, LLC**

By: _____
Name: Bob Butler
Title:   Chief Restructuring Officer

**LIBERTY POWER MARYLAND, LLC**

By: _____
Name: Bob Butler
Title:   Chief Restructuring Officer

## <u>STANDARD TERMS AND CONDITIONS OF ENGAGEMENT</u>

1.    **<u>Costs</u>**:  It is usually necessary for us to incur, as agent for our clients, expenses for items such as filing fees, travel, lodging, meals, toll telephone calls, photocopying, facsimiles ("fax"), and courier services.  Many engagements require substantial amounts of costly ancillary services such as outside duplication services and computerized legal research.  The client is responsible for all costs incurred on the client's behalf.  In order to allocate these expenses fairly and to keep our hourly rates as low as possible for those matters which do not involve such expenditures, these items are separately itemized on our statements as "costs advanced" or "disbursements".

Major out-of-pocket expenses, including outside fees and expenses (such as printing costs, filing fees, etc.), will not be advanced by us unless special arrangements are made in advance.  They will be billed directly or forwarded to our client.

2.    **<u>Billing</u>**: Costs and expenses will be billed monthly.  Payment is due promptly upon presentation of the statement, unless we agree otherwise in writing.

3.    **<u>Late Payments</u>**:  We are confident that our clients make every effort to pay us promptly.  Occasionally, however, a client has difficulty in making timely payment.  To avoid burdening those clients who pay their statements promptly with higher fees reflecting the added costs we incur as a result of clients who are delinquent, we reserve the right to impose an interest/service charge of one percent per month for late payments.  In no event will the service charge be greater than permitted by applicable law.

4.    **<u>Non-Payment of Fees and Costs</u>**:  Failure to pay any statement rendered when due will constitute a default.  In the event of a default, you agree that in our discretion we may immediately cease all legal services on your behalf or discontinue our representation (subject to our ethical obligations and any other applicable provision of law).  In the unlikely event that we are required to institute legal proceedings to collect fees and costs owed by the client, the prevailing party will be entitled to reimbursement of its reasonable attorneys' fees and other costs of collection.

5.    **<u>Termination</u>**:  The client has the right to terminate our representation by written notice at any time.  In that case, the client is not relieved of the obligation to pay for all services rendered and costs incurred on its behalf prior to receipt of such notice in accordance with the terms hereof.  We have the same right to terminate our engagement, subject to an obligation to give the client reasonable notice to arrange alternative representation.

6.    **<u>Applicable Law</u>**:  The laws of the State of Florida will govern the interpretation of this agreement, including all rules or codes of ethics which apply to the provision of services by us.  Any legal action or proceeding with respect to this engagement agreement may be brought in the federal or state courts in and for Dade County, Florida, and by the execution and delivery of this engagement agreement you and the Companies hereby consent to the non-exclusive personal jurisdiction of such courts, and waive any objection to such venue based on any grounds, including

forum non conveniens which they may have to the bringing of any action in such courts based on this engagement agreement.

      7.    **<u>Payment by Others</u>:**  Sometimes another party to a transaction agrees to pay our client's legal fees, or a court may order our client's adversary to pay all or a part of its legal fees and costs.  However, in such case our client remains primarily liable for payment of all fees and costs.  Any amounts received from others will be credited to the client's account.

      8.    **<u>Jury Trial Waiver</u>**.  The client and the Firm hereby unconditionally waive their respective rights to a jury trial of any claims or causes of action based upon or arising out of or in connection with, directly or indirectly, this agreement or the engagement of the firm contemplated herein, and any dealings between client(s) and Firm relating to the subject matter of this agreement or the Firm's fees.  This waiver shall encompass any and all disputes that may be filed in any Court (including, without limitation, contract claims, tort claims, malpractice claims, breach of duty claims, and all other common law and statutory legal and equitable claims).  This waiver is irrevocable, meaning that it may not be modified either orally or in writing.  This waiver shall apply to any subsequent amendments, renewals, supplements or modifications to this agreement, as well as to all other matters for which the client(s) engages the Firm.  This waiver is knowingly, willingly and voluntarily made by the parties.

**EXHIBIT "C"**

**(PROPOSED ORDER)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:                                                    Chapter 11 Cases

**LIBERTY POWER HOLDINGS, LLC,**                          **Case No. 21-13797-SMG**
**LPT, LLC,**                                             **Case No. 21-15537-SMG**
**LIBERTY POWER MARYLAND, LLC,**                          **Case No. 21-15539-SMG**
**LIBERTY POWER DISTRICT OF COLUMBIA, LLC,**  **Case No. 21-15540-SMG**

    Debtors.                                              **(Jointly administered 21-13797-SMG)**
_____/

**[PROPOSED] FINAL ORDER PURSUANT TO 11 U.S.C. § 327(a) AUTHORIZING THE**
**EMPLOYMENT OF PAUL J. BATTISTA AND THE LAW FIRM OF GENOVESE**
**JOBLOVE & BATTISTA, P.A., AS GENERAL BANKRUPTCY COUNSEL FOR THE**
**SUBSIDIARY DEBTORS EFFECTIVE AS OF JUNE 4, 2021**

**THIS CASE** came before the Court on _____ **at** _____ (the "Final Hearing") upon

the application (the "Application") of LPT, LLC, Liberty Power Maryland, LLC, and Liberty

Power District of Columbia, LLC  (collectively, the "Subsidiary Debtors") for entry of a final

order, pursuant to 11 U.S.C. §§ 327(a) and 330 and Bankruptcy Rules 2014(a), 2016 and 6003,

authorizing the Subsidiary Debtors to employ and retain Paul J. Battista, Esq. ("Battista") and the

law firm of Genovese Joblove & Battista, P.A. ("GJB") under a general retainer as its restructuring

and general bankruptcy attorneys in these Chapter 11 cases effective as of June 4, 2021 [ECF No. _____]. The Court, finding that good, adequate and sufficient cause has been shown to justify the entry of this final order; finding that the relief requested is in the best interests of the Subsidiary Debtors' estates, their creditors and other parties in interest; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; finding the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); finding venue being properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; having reviewed the Application and the Declaration of Paul J. Battista, a shareholder of GJB, attached to the Application (the "Battista Declaration"); finding that no objections were interposed to this Final Order; and the Court being satisfied based on the representations made in the Application and the Battista Declaration that (a) Battista and GJB do not hold or represent an interest adverse to the Subsidiary Debtors', and (b) GJB is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is

       **ORDERED** as follows:

       1.     The Application is **GRANTED** on a final basis effective as of June 4, 2021.

       2.     None of the disclosures or representations set out in the Battista Declaration constitutes a conflict of interest or impairs the disinterestedness of GJB or otherwise precludes the Subsidiary Debtors' retention of Battista and GJB in these Chapter 11 cases.

3.      The Subsidiary Debtors are authorized to employ and retain GJB as general counsel in these Chapter 11 cases in accordance with the terms and conditions set forth in the Application and this Final Order.

4.      Battista and GJB are authorized to render professional services to the Subsidiary Debtors as described in the Application.

5.      GJB shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Subsidiary Debtors' Chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any guidelines established by the Office of the United States Trustee for the Southern District of Florida and any other applicable procedures and orders of the Court.

6.      The Subsidiary Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Final Order

# # #

**SUBMITTED BY:**
Paul J. Battista, Esq
Genovese Joblove & Battista, P.A.
*Counsel to Debtors-in-Possession*
100 S.E. Second Street, 44th Floor
Miami, FL 33131
Telephone: (305) 349-2300
Facsimile: (305) 349- 2310
pbattista@gjb-law.com

**Copies Furnished to:**
Paul J. Battista, Esq.
[Attorney Battista is directed to serve a conformed copy of this Order on all parties in interest]

3