Case 21-13797-SMG    Doc 349    Filed 08/26/21    Page 1 of 6



**ORDERED in the Southern District of Florida on August 25, 2021.**

*Scott M. Grossman, Judge*
*United States Bankruptcy Court*

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| | |
| LIBERTY POWER HOLDINGS, LLC, | Case No. 21-13797-SMG |
| LPT, LLC, | Case No. 21-15537-SMG |
| LIBERTY POWER MARYLAND, LLC, | Case No. 21-15539-SMG |
| LIBERTY POWER DISTRICT OF COLUMBIA, LLC, | Case No. 21-15540-SMG |
| | |
| Debtors. | (Jointly Administered 21-13979-SMG) |
| _____/ | |

**ORDER GRANTING DEBTORS'** *EXPEDITED* **MOTION (I) TO APPROVE DESIGNATION OF STALKING HORSE BIDDER, (II) TO APPROVE ASSET PURCHASE AGREEMENT AND RELATED BID PROTECTIONS, (III) TO CLARIFY/MODIFY BIDDING PROCEDURES, AND (IV) FOR RELATED RELIEF**

**THIS MATTER** came before the Court for hearing on August 24, 2021 at 1:30 p.m. (the "Hearing") upon the *Debtors' Expedited Motion (I) to Approve Designation of Stalking Horse Bidder, (II) to Approve Asset Purchase Agreement and Related Bid Protections, (III) to*

*Clarify/Modify Bidding Procedures, and (IV) For Related Relief* [ECF No. 324], as supplemented by that certain *Notice of Filing Modifications to Stalking Horse Agreement* [ECF No. 339] (collectively, the "Motion")[1] filed by Liberty Power Holdings, LLC ("Holdings"), Liberty Power District of Columbia, LLC ("Liberty District of Columbia"), LPT, LLC ("LPT") and Liberty Power Maryland, LLC ("Liberty Maryland")(collectively, the "Debtors").

The Court; having found that the Debtors' notice of the Motion and opportunity for a Hearing on the Motion were appropriate under the exigent circumstances set forth therein and that no other or further notice need be provided; having reviewed and considered the Motion, having considered the *Objection and Reservation of Rights* filed by BLT Steak LLC and BLT Fish, LLC [ECF No. 340](the "Objection"), having heard the agreement of the Debtors and the Stalking Horse Bidder to reduce the Expense Reimbursement to an amount not to exceed $100,000, having heard the arguments and statements of counsel in support of the relief requested in the Motion at the Hearing; having determined that the legal and factual bases set forth in the Motion and at the Hearing established just cause for the relief granted herein; finding that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and upon all of the proceedings had before this Court and at the Hearing; and after due deliberation and sufficient cause appearing therefor; and for the reasons stated in the Motion and on the record of the Hearing, all of which are incorporated herein:

**FINDS AND DETERMINES THAT:**[2]

A.    This Court has jurisdiction over the Motion and the transactions contemplated thereby pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C.

---

[1] Any capitalized term not explicitly defined herein shall have the meaning ascribed to it in the Motion.

[2] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule

§ 157(b)(2). Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The predicates for the relief granted herein are sections 105, 363, 503, and 507 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9014.

C. Notice of the Motion and Hearing was proper and appropriate under the circumstances and reasonably calculated to provide all interested parties with proper notice of, and an opportunity to object to, the Debtors' entry into the Stalking Horse Agreement and the Break-Up Fee and the Expense Reimbursement as provided therein (collectively, the "Bid Protections"), and was provided in accordance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, the applicable Local Rules, and the Bidding Procedures Orders. Accordingly, no other or further notice with respect to such matters is necessary or shall be required.

D. Pursuant to the Bidding Procedures Order, the Debtors are authorized, after consultation with and the consent of BETM, to select and designate a bidder to act as the stalking horse bidder, and grant certain bid protections to such stalking horse bidder, subject to approval of this Court and BETM. BETM has consented to entry of this Order.

E. The Debtors' decision to enter into the Stalking Horse Agreement and grant the Bid Protections provided therein are supported by, and are the product of, an appropriate exercise of the Debtors' business judgment. The Stalking Horse Bidder has provided a material benefit to the Debtors and their creditors by providing a baseline value, increasing the likelihood of competitive bidding at the Auction, and facilitating participation of other potential bidders in the sale process,

---

9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

thereby increasing the likelihood that the value of the Debtors' assets will be maximized through the Debtors' ongoing sale process and restructuring.

F.     The Bid Protections set forth in the Stalking Horse Agreement, with the modifications specified herein and in that certain *Notice of Filing Modifications to Stalking Horse Agreement* [ECF No. 339] : (1) provide actual and necessary benefits to the Debtors' estates by the Stalking Horse Bidder within the meanings of section 503(b) and 507(a) of the Bankruptcy Code; (2) are reasonable and appropriate in light of the size and nature of the proposed sale contemplated by the Stalking Horse Agreement, the commitments that have been made by the Stalking Horse Bidder, and the efforts that have been and will be expended by the Stalking Horse Bidder; (3) are necessary to induce the Stalking Horse Bidder to continue to pursue such sale and continue to be bound by the Stalking Horse Agreement; and (4) are in the best interest of creditors and the Debtors' estates.

**BASED ON THE ABOVE IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1.     The Motion is GRANTED.  All objections to the Motion or to the relief requested therein have been resolved, withdrawn or are otherwise overruled for the reasons announced at the Hearing.  The Objection is overruled as to the relief and terms provided herein, but shall be preserved with respect to the relief sought at the Sale Hearing.

2.     The Stalking Horse Agreement is approved.  The Stalking Horse Bidder is hereby deemed a Qualified Bidder in all respects, and the Stalking Horse Agreement is a Qualified Bid for all purposes under the Bidding Procedures Orders and the Bidding Procedures.  The Debtors are authorized to enter into the Stalking Horse Agreement.

3.     The Bid Protections and related provisions of the Stalking Horse Agreement are approved in their entirety, provided that the Expense Reimbursement shall be reduced from a

maximum of $300,000 to a maximum of $100,000.  The Bid Protections and this Order shall be binding on the Debtors, their successors and assigns, and shall survive the termination of the Stalking Horse Agreement, appointment of a chapter 11 trustee or similar fiduciary, and any dismissal or conversion of these chapter 11 cases.  Nothing in any chapter 11 plan or order in these cases shall limit, derogate from, or modify the terms of this order or the Debtors' obligations in respect of the Bid Protections as provided in the Stalking Horse Agreement.

4.     Subject to the terms and conditions of the Stalking Horse Agreement, the Debtors are hereby authorized and directed to pay from the proceeds of any Alternative Transaction (i) the Break-Up Fee in an amount equal to $1,000,000, and (ii) the Expense Reimbursement equal to an amount not to exceed $100,000 for reasonable and documented out-of-pocket costs, fees and expenses.  The Break-Up Fee and the Expense Reimbursement (as modified herein) are hereby entitled to administrative expense status under sections 503(b) and 507(a)(2) of the Bankruptcy Code.

5.     For the avoidance of doubt, this Order does not approve or authorize the sale of the Debtors' assets or the assumption and assignment of executory contracts or unexpired leases under the Stalking Horse Agreement.  Such approval and authorization (if any) will be considered at the Sale Hearing pursuant to the Bidding Procedures Order.

6.     To the extent the automatic stay provisions of section 362 of the Bankruptcy Code would otherwise apply, such provisions are vacated and modified to the extent necessary to permit the parties to the Stalking Horse Agreement to exercise or give effect to their termination rights thereunder in accordance with its terms, and deliver any notice contemplated thereunder, in each case, without further order of the Court.

7. The Bidding Procedures are clarified and/or modified (as applicable) to provide that (i) any bids being made on the Purchased Assets must comply with the provisions of the Bidding Procedures as they relate to a "stalking horse" in order to be considered a Qualified Bid for such Purchased Assets, including specifically submitting a signed "clean" version of the Stalking Horse Agreement and a marked version reflecting changes to the Stalking Horse Agreement as set forth above, and (ii) all other provisions of the Bidding Procedures in respect of the sale of the Purchased Assets are to be applied in the context of the Stalking Horse Agreement.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, including, but not limited to, any matter, claim, or dispute arising from or relating to the Stalking Horse Agreement, the Bid Protections, and the implementation of this Order.

###

Submitted by:
Paul J. Battista, Esq.
GENOVESE JOBLOVE & BATTISTA, P.A.
100 S.E. Second Street, 44th Floor
Miami, FL  33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310
Email: pbattista@gjb-law.com
Counsel to the Debtors

*(Paul J. Battista, Esq. is directed to serve a copy of this order on interested parties who are non-CM/ECF users and to file a proof of service within three days of entry of the order.)*