**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11 Cases** |
| **LIBERTY POWER HOLDINGS, LLC,** | **Case No. 21-13797-SMG** |
| **LPT, LLC,** | **Case No. 21-15537-SMG** |
| **LIBERTY POWER MARYLAND, LLC,** | **Case No. 21-15539-SMG** |
| **LIBERTY POWER DISTRICT OF COLUMBIA, LLC,** | **Case No. 21-15540-SMG** |
| **Debtors.** _____ / | **(Jointly Administered under Case No. 21-13797-SMG)** |

## SUPPLEMENTAL CERTIFICATE OF SERVICE

I, Serina Tran, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtors in the above-captioned cases.

On November 1, 2021, at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on three (3) confidential parties not listed herein, pursuant to USPS forwarding instructions:

- **Notice of Debtors' Intent to Assume and Assign Certain Executory Contracts and Setting Forth the Cure Amounts** (attached hereto as **Exhibit A**)

Dated: November 5, 2021

    */s/ Serina Tran*
Serina Tran
STRETTO
410 Exchange, Suite 100
Irvine, CA 92602
Telephone: 800-634-7734
Email: Serina.Tran@stretto.com

# **<u>Exhibit A</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11 Cases** |
| **LIBERTY POWER HOLDINGS, LLC,** | Case No. 21-13797-SMG |
| **LPT, LLC,** | Case No. 21-15537-SMG |
| **LIBERTY POWER MARYLAND, LLC,** | Case No. 21-15539-SMG |
| **LIBERTY POWER DISTRICT OF COLUMBIA, LLC,** | Case No. 21-15540-SMG |
| **Debtors.** | **(Jointly administered 21-13797-SMG)** |
| _____/ | |

**NOTICE OF DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN**
**EXECUTORY CONTRACTS AND SETTING FORTH THE CURE AMOUNTS**

**PLEASE TAKE NOTICE OF THE FOLLOWING**:

1. On September 14, 2021, the Court entered the Sale Order[1] approving (i) the sale of the substantially all of the assets (the "***Assets***") of Liberty Power Holdings, LLC (the "***Lead Debtor***") and the other above captioned debtors (such other debtors the "***Subsidiary Debtors***" and together with the Lead Debtor, the "***Debtors***") to NRG Retail, LLC and/or its affiliates (the "***Buyer***") free and clear of liens, claims, encumbrances and interests; (ii) the assumption and assignment to the Buyer of executory contracts and unexpired leases between the Debtors and the counterparties thereto, and (iii) certain related relief.

2. One or more of the Debtors are a party to various executory contracts and unexpired leases (collectively, the "***Contracts***") and, pursuant to the Sale Order, the Debtors may assume and/or assign certain of such Contracts to the Buyer (collectively, the "***Assumed Agreements***").

3. You have been identified as a counterparty to an Assumed Agreement. The Assumed Agreement with respect to which you have been identified as a counterparty, and the corresponding proposed cure amount (the "***Cure Amount***"), are set forth on **Schedule 1** annexed hereto.

4. The Debtors believe that any and all defaults (other than the filing of these chapter 11 cases) and actual pecuniary losses under the Assumed Agreement can be cured by the payment of the Cure Amount referred to on **Schedule 1** hereto.

5. The assumption and assignment of any Assumed Agreement shall result in the full release and satisfaction of any claims or defaults relating to the Assumed Agreement that you have or may have against the Debtors, whether monetary or non-monetary.

6. Objections, if any, to the Cure Amount or the assumption and/or assignment of an Assumed Agreement for any other reason (the "***Cure Amount Objection***") must: (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, (iii) be filed with the Bankruptcy Court **on or before on**

---

[1] All capitalized terms used herein and not otherwise defined shall have the meaning set forth in the Sale Order.

**fourteen (14) calendar days from the date of this Cure Notice** (the "*Cure Objection Deadline*") and (iv) served upon (i) the Debtors, c/o Bob Butler (email: bbutler@thinkbrg.com); (ii) the attorneys for the Debtors, Genovese Joblove & Battista, P.A., c/o Paul J. Battista, Esq. (email: pbattista@gjb-law.com) and Mariaelena Gayo-Guitian, Esq. (email: mguitian@gjb-law.com); (iii) the attorneys for BETM, c/o Eversheds Sutherland (US) LLP, c/o David T. McIndoe, Esq. (email: davidmcindoe@eversheds-sutherland.com), and Berger Singerman LLP, c/o Jordi Guso, Esq. (email: jguso@bergersingerman.com), and (iv) counsel to any official committee of unsecured creditors appointed in these Chapter 11 cases (collectively, the "Notice Parties"), in each case, so as to be actually received on the same day.

7. If any counterparty to an Assumed Agreement fails to timely file a Cure Amount Objection by the Cure Objection Deadline, then such party shall (i) be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts due with respect to such Assumed Agreement(s), and the Debtors shall be entitled to rely solely upon the Cure Amount; and (ii) be deemed to have consented to the assumption and assignment of such Assumed Agreements and shall be forever barred and estopped from asserting or claiming against the Debtors, the Buyer or any other assignee of the relevant Assumed Agreements that any additional amounts are due or defaults exist, thereunder, or conditions to assumption and assignment must be satisfied under such Assumed Agreements.

8. Where a counterparty to an Assumed Agreement files a timely Cure Amount Objection, the Cure Amount Objection must set forth (i) the basis for the objection, and (ii) the amount the party asserts as the Cure Amount. After receipt of the Cure Amount Objection, the Debtors will attempt to reconcile any differences in the Cure Amount believed by the non-debtor party to exist. In the event, however, that the Debtors and the non-debtor party are unable to consensually resolve the Cure Amount Objection, then the Debtors will segregate any disputed Cure Amount pending the resolution of any such disputes by this Court or mutual agreement of the parties.

9. If no Cure Amount is due under the Assumed Agreement, or the counterparty to such Assumed Agreement does not otherwise object to the assumption and assignment of such Assumed Agreement, then no further action needs to be taken on the part of that counterparty.

10. The Debtors' decision to assume and assign the Assumed Agreement is subject to Bankruptcy Court approval and consummation of the Sale. Absent consummation of the Sale, each Assumed Agreement may not be deemed assumed and assigned and shall in all respects be subject to further administration under the Bankruptcy Code. The designation of any agreement as an Assumed Agreement shall not constitute or be deemed to be a determination or admission by the Debtors that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

## **Schedule 1**

| **Name of Contract** | **Cure Costs** |
|---|---|
| 1. Retail Customer Contract | $0 |