

**ORDERED in the Southern District of Florida on January 11, 2022.**

*Scott M. Grossman*
_____
**Scott M. Grossman, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov**

| | |
|---|---|
| **In re:** | **Chapter 11 Cases** |
| **LIBERTY POWER HOLDINGS, LLC,** | Case No. 21-13797-SMG |
| **LPT, LLC,** | Case No. 21-15537-SMG |
| **LIBERTY POWER MARYLAND, LLC,** | Case No. 21-15539-SMG |
| **LIBERTY POWER DISTRICT OF COLUMBIA, LLC,** | Case No. 21-15540-SMG |
| Debtors. | (Jointly administered 21-13797-SMG) |
| _____/ | |

**ORDER (A) GRANTING DEBTORS'** *EXPEDITED* **THIRD OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF CERTAIN PRE-PETITION EXECUTORY CUSTOMER CONTRACTS, (II) AUTHORIZING THE TERMINATION OF CERTAIN POST-PETITION CUSTOMER CONTRACTS, (III) WAIVING THE REQUIREMENTS OF RULE 6006(f)(6) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND (IV) SETTING BAR DATE <u>FOR THE FILING OF CLAIMS RELATED THERETO</u>**

**THIS CASE** came before the Court on **January 11, 2022 at 1:30 p.m**. (the "<u>Hearing</u>")

upon the *Debtors' Expedited Third Omnibus Motion for Entry of an Order (I) Authorizing the Rejection of Certain Pre-Petition Executory Customer Contracts, (II) Authorizing The Termination of Certain Post-Petition Customer Contracts, (III) Waiving the Requirements of Rule 6006(f)(6) of the Federal Rules of Bankruptcy Procedure, and (IV) Setting Bar Date for The Filing of Claims Related Thereto* [ECF No.515] (the "Motion")[1] filed by the above-captioned debtors-in-possession (collectively, the "Debtors") pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 6006-1 and 9013-1(a) of the Local Rules for the Southern District of Florida (the "Local Rules") seeking entry of an order: (i) authorizing the Debtors to reject those certain *pre-petition* Selected Customer Accounts in the East as described on **Exhibit "A"** attached to the Motion; (ii) authorizing the Debtors to terminate those certain *post-petition* Selected Customer Accounts in the East as described on **Exhibit "B"** attached to the Motion; (iii) waiving the requirements of Bankruptcy Rule 6006(f)(6); and (iv) setting a bar date for (x) the filing of claims under 11 U.S.C.§§ 365(g) and/or 502(g) based upon the rejection of the *pre-petition* Selected Customer Accounts, and (y) the filing of a motion or application with the Court seeking the allowance of any damage claim, including if applicable an administrative expense claim under sections 503(b) and 507(a)(2) of the Bankruptcy Code related to the termination of the *post-petition* Selected Customer Accounts.

The Court, having reviewed and considered the Motion, having considered the arguments of counsel and other parties in interest at the Hearing, finding that, based on the certificate of service [ECF No.524] filed by the Debtors on the Motion and the notice of the Hearing [ECF No. 516], proper and adequate notice of the Motion and the Hearing thereon has been given to all

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

parties entitled thereto and that no other or further notice is necessary, and this Court having determined that the relief requested in the Motion is a proper exercise of the Debtors' business judgment and is otherwise in the best interests of the Debtors, their estates, and their creditors, and other parties in interest, and upon the record of the Hearing and all the proceedings before this Court, and after due deliberation thereon; and good and sufficient cause appearing, the Court also finds that good and sufficient cause exists to grant the relief requested in the Motion. Accordingly, it is:

**ORDERED** that:

1. The Motion is **GRANTED** as set forth herein.

2. The Debtors' proposed rejection of those certain *pre-petition* Selected Customer Accounts in the East as described on **Exhibit "A"** attached to the Motion is hereby approved.

3. The Debtors' proposed termination of those certain *post-petition* Selected Customer Accounts in the East as described on **Exhibit "B"** attached to the Motion is hereby approved.

4. The Debtors are authorized to take any and all action and execute and deliver any and all documents that the Debtors determine are appropriate or required to effectuate the rejection or termination, as applicable, of the Selected Customer Accounts as provided in the Motion, including in connection with the transfer and/or transition of such Selected Customer Accounts to the applicable alternate provider or utility.

5. **ANY PROOF(S) OF CLAIM ARISING FROM THE REJECTION OF THE DEBTORS' PRE-PETITION CUSTOMER ACCOUNTS MUST BE FILED WITH THE DEBTORS' CLAIMS AGENT[2] ON OR BEFORE THE LATEST OF: (I) THE TIME FOR**

---

[2] The Debtors' Claims Agent is Stretto and any proofs of claims to be filed pursuant hereto shall be mailed to "Liberty Power Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602."

3

**FILING A PROOF OF CLAIM PURSUANT TO BANKRUPTCY RULE 3002(C); OR (II) 60 DAYS AFTER THE DATE OF THIS ORDER APPROVING THE REJECTION OF THE PRE-PETITION CUSTOMER ACCOUNTS (the "Rejection Claim Deadline").**

6.  Any holders of rejection damage claims arising from the rejection of a Pre-Petition Customer Account for which Proofs of Claim are not timely filed by the Rejection Claim Deadline as set forth above shall not (a) be treated as a creditor with respect to such Claim, or (b) participate in any distribution in these chapter 11 cases on account of such Claim. Any rejection damage claims arising from the rejection of a Pre-Petition Customer Account for which Proofs of Claim are not timely filed by the Rejection Claim Deadline as set forth above will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtors, the Estates or their property without the need for any objection, or further notice to, or action, order, or approval of the Court. All rejection damage claims arising from the rejection of the Pre-Petition Customer Accounts as set forth herein shall be deemed general unsecured claims against the appropriate Debtor, except as otherwise provided by order of the Court.

7.  Notwithstanding anything herein to the contrary, the procedures set forth above for filing rejection damage claims shall not apply with respect to claims arising out of the termination of Post-Petition Customer Accounts hereunder. Rather, if and to the extent any Customer counterparty to a Post-Petition Customer Account asserts a damage claim related to the termination of such Post-Petition Customer Account hereunder, then such Customer may file a motion or application with the Court seeking the allowance of any such damage claim, including if applicable an administrative expense claim under sections 503(b) and 507(a)(2) of the Bankruptcy Code.

8.  **ANY MOTION OR APPLICATION SEEKING A DAMAGE CLAIM FOR THE TERMINATION OF A POST-PETITION CUSTOMER ACCOUNT MUST BE**

**FILED WITH THE COURT ON OR BEFORE SIXTY (60) DAYS AFTER THE DATE OF THIS ORDER (the "Termination Claim Deadline").**

9. Any motion or application for a damage claim arising from the termination of a Post-Petition Customer Account that is not timely filed by the Termination Claim Deadline will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtors, their bankruptcy estates or their property without the need for any objection, or further notice to, or action, order, or approval of the Court.

10. The requirements of Bankruptcy Rule 6006(f)(6) in connection with the rejection of the applicable Selected Customer Accounts are waived.

11. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

# # #

**Submitted by:**
Paul J. Battista, Esq.
Genovese Joblove & Battista, P.A.
Counsel to Debtors-in-Possession
100 SE 2nd Street, 44th Floor
Miami, Florida 33131
Telephone: 305-349-2300
pbattista@gjb-law.com

Copy to: Paul J. Battista, Esq.
(Attorney Battista is directed to serve a conformed copy of this Order on all parties in interest)