UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11 Cases** |
| **LIBERTY POWER HOLDINGS, LLC,** | Case No. 21-13797-SMG |
| **LPT, LLC,** | Case No. 21-15537-SMG |
| **LIBERTY POWER MARYLAND, LLC,** | Case No. 21-15539-SMG |
| **LIBERTY POWER DISTRICT OF COLUMBIA, LLC,** | Case No. 21-15540-SMG |
| Debtors. _____/ | (Jointly administered 21-13797-SMG) |

**DEBTORS' RE-NOTICE OF TAKING BANKRUPTCY RULE 2004 EXAMINATION**
***DUCES TECUM* OF DAVID HERNANDEZ**

Liberty Power Holdings, LLC ("Holdings"), LPT, LLC ("LPT"), Liberty Power of Maryland, LLC ("Liberty Maryland") and Liberty Power District of Columbia, LLC ("Liberty DC") (collectively the "Debtors"), by and through counsel, and pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, will examine the following person(s) under oath, at the following date, time and location (the "Examination"):

| | |
|---|---|
| **EXAMINEE:** | David Hernandez |
| **DATE:** | June 7, 2022 |
| **TIME:** | 9:30 a.m. |
| **LOCATION:** | Genovese, Joblove & Battista, P.A.<br>100 SE 2nd Street, Suite 4400<br>Miami, Florida 33131 |

The Examination is being conducted by Federal Rules of Bankruptcy Procedure 2004 and Local Rule 2004-1. The Examination will be taken before an officer authorized to record the testimony by stenographic or other means. If the Examinee requires an interpreter, it is the

Examinee's responsibility to engage the employment of such interpreter to be present at the Examination.

The Examination is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the Federal Rules of Bankruptcy Procedure and other applicable law, and shall continue day to day until completed. If the Examinee receives this notice less than fourteen (14) days prior to the scheduled examination date, the Examination will be rescheduled upon timely request to a mutually agreeable time. Any objection must be heard prior to the taking of the Examination.

### REQUEST FOR PRODUCTION OF DOCUMENTS

The Examinee shall produce those documents, records and ESI (collectively, the "Documents") listed in the attached **Exhibit "A"** to Paul J. Battista, Esq., Genovese, Joblove & Battista, P.A., 100 SE 2nd Street, Suite 4400, Miami, Florida 33131, no later than 12:00 noon on June 1, 2022.

**Dated: May 12, 2022.**

                                              Respectfully submitted,

                                              **GENOVESE JOBLOVE & BATTISTA, P.A.**
                                              *Counsel to Debtors-in-Possession*
                                              100 Southeast Second Street, Suite 4400
                                              Miami, Florida 33131
                                              Telephone: (305) 349-2300
                                              Facsimile: (305) 349-2310

                                        By:    /s/*Paul J. Battista*
                                                    Paul J. Battista, Esq.
                                                    Florida Bar No. 884162
                                                    pbattista@gjb-law.com

# EXHIBIT "A"

## INSTRUCTION AND DEFINITIONS

Unless otherwise specified, the following words and terms as used herein shall, when utilized, mean as follows:

## I. INSTRUCTIONS

A. This document request is continuing in nature. When new knowledge or information comes to your attention you shall supplement the information supplied in the answers to the document request forthwith.

B. For each and every document request herein (each a "Request"), you shall produce documents in your possession, custody, or control which shall include, but not be limited to, documents, objects or articles described that are in your possession or for which you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each Request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. All documents produced pursuant to this Request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered Request hereof. If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

C. If at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, any such documents shall be identified as completely as possible by providing the following information:

1. The name(s) of the author(s) of the document;

2. The name(s) of the person(s) to whom the documents or copies were sent;

3. The date of the document;

4. The date on which the document was received by each addressee, copyee, or its recipients;

5. A complete description of the nature and subject matter of the document;

6. The date on which the document was lost, discarded, or destroyed; and

7. The manner in which the document was lost, discarded, or destroyed.

  D. With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

    1. The name(s) of the sender(s) of the document;

    2. The name(s) of the author(s) of the document;

    3. The name(s) of the person(s) to whom the document or copies were sent;

    4. The job title of every person named in subparagraphs 1, 2 and 3 above;

    5. The date of the document;

    6. The date on which the document was received by each addressee, person copied, or its recipient;

    7. A brief description of the nature and subject matter of the document; and

    8. The statute, rule, or decision which is claimed to give rise to the privilege.

  E. If, after exercising due diligence to secure or produce the document(s) requested, you cannot secure responsive documents, you must identify which Request(s) for which you do not have a responsive document, and answer the Request for production to the fullest extent possible, specifying your inability to produce the document(s), and providing the identity of the person who has possession, custody, or control of the requested document(s).

  F. All words, names, and terms in this request for production shall have their plain and ordinary meanings unless specifically defined in Part II herein.

  G. Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

  H. The singular and plural forms shall be construed interchangeably so as to bring within the scope of any Request any information which might otherwise be construed as being outside of the scope of such Request.

  I. The words **"and"** and **"or"** shall be construed as both conjunctive and disjunctive, so that a series of persons or things joined by the words "and" and "or" shall refer to any, all, or any combination of them.

J.  The words "**any**" and "**all**" shall be construed to bring within the scope of any Request any information which might be construed to relate to the subject matter of the Request.

K.  The terms **"concerning," "concerns,"** or any other derivative thereof, as used herein includes referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing and constituting.

L.  The terms **"support," "evidence," "relate to," "relating to," "related to," "referred to," "concerning," "pertaining to,"** and **"regarding"** shall mean anything which directly, or indirectly, concerns, consists of, pertains to , reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

M.  The use of the singular form of any word includes the plural and vice versa.

N.  Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of any Request.

O.  All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

P.  Unless otherwise stated in a particular Request for production, the relevant time period of these Requests is **January 1, 2020** to the present, and shall include all documents which relate or refer to this period even though prepared before or subsequent to such period.

## II. **DEFINITIONS**

1.  "**Akerman**" shall refer to Akerman, LLP and each of its shareholders, partners, associates, attorneys, employees, agents and independent contractors, including, without limitation, Michael Goldberg, Esq.

2.  "**BETM**" shall mean Boston Energy Trading and Marketing, LLC.

3.  "**Chapter 11 Cases**" shall refer to those certain voluntary chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the Southern District of Florida under Case Nos. 21-13797-SMG, 21-15537-SMG, 21-15539-SMG and 21-15540-SMG.

4.  **"Communication"** and **"Communications"** shall interchangeably mean any oral or written statement, dialogue, colloquy, discussion or conversation or exchange of information of any type, and any transfer of thoughts or ideas between any two or more persons, including but not limited to documents, telephone or face-to-face

        conversations, meetings, conferences, or transfer of data from one location to another by electronic or similar means.

5.     **"Correspondence"** shall mean any and all letters, facsimiles, transmitted memoranda, memorialized oral communications, e-mails (and attachments thereto), or other communications or documents exchanged or transmitted with another person or entity.

6.     "**Daire**" shall mean Alberto Daire.

7.     "**Debtors**" shall mean Liberty Power Holdings, LLC ("**Holdings**") LPT, LLC ("**LPT**"), Liberty Power of Maryland, LLC ("**Liberty Maryland**") and Liberty Power District of Columbia, LLC ("**Liberty DC**") (collectively the "**Debtors**") or anyone acting or purporting to act on behalf of the Debtors.

8.     "**Default Notices**" shall mean, without limitation, (i) that certain Notice of Potential Event of Default for Failure to Pay, dated March 26, 2021, provided by BETM to Liberty Power Holdings, LLC, and (ii) that certain Notice of Event of Default, dated March 31, 2021 from BETM to Liberty Power Holdings, LLC.

9.     "**Deponent**", "**examinee**", "**you**," and "**your**" shall mean David Hernandez.

10.     The terms "**Document**" or "**documents**" means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including but not limited to the original and any identical or non-identical copy or draft or revision thereof, regardless of origin or location, of any writing or record of any type or description, including, but not limited to: the original and any copy, of any text message, book, pamphlet, periodical, letter, memorandum, telegram, report, study, handwritten or other note, working paper, chart, paper graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of electronic mail or telephone conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, purchase order, bill of lading, bid tabulation, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photograph negative, phone record, tape recording, wire recording, phonorecord, transcript or recordings, drawing, catalog, brochure, or any other data compilations in any format (including computer hard drives, discs, diskettes, compact disk, digital files, any other storage and retrieval media and the like) from which information can be obtained, printed, transcribed, punched, taped or filed; graphic matter, however produced or reproduced, to which the responding party has or has had access; and any record or notes of other communications (including interoffice, intra-office communications, electronic memoranda, voicemail messages and all other oral communications) and specifically including ESI, Correspondence and Communications (each as defined herein).  All ESI is to be produced in a native format.

11. The term "**ESI**" means any electronically stored information, including emails (and attachments thereto), text messages, writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as defined in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.

12. "**Event of Default**" shall mean any event of default (A) referred to in the Default Notices, or (B) under (i) that certain Supply and Services Agreement, dated July 6, 2020, by and among Liberty Power Holdings, LLC and Boston Energy Trading and Marketing, LLC (the "**SSA**"), and (ii) any and all loan, security and other documents executed and delivered in connection with the SSA.

13. "**Gordian Group**" shall mean Gordian Group, LLC and each of its members, managers, partners, associates, attorneys, employees, agents and independent contractors, including without limitation, Kaufman.

14. "**Halpern**" shall mean Martin Halpern.

15. "**Kaufman**" shall mean Peter S. Kaufman.

16. "**Mezzanine Loan**" shall mean that certain loan made by you to the Debtors in the original principal amount of $5,000,000 on or about July 6, 2020.

17. "**Mezzanine Loan Documents**" shall mean those certain loan and security documents evidencing and securing the Mezzanine Loan, including, without limitation (i) that certain Mezzanine Loan Agreement, dated as of July 6, 2020, by and among you, Halpern and the Debtors, (ii) that certain Promissory Note, dated July 6, 2020, from the Debtors to you in the original principal amount of $5,000,000, (iii) that certain Security Agreement dated as of July 6, 2020, from the Debtors to you, (iv) that certain Warrant for Common Units, dated July 6, 2020, issued to you, and (iv) that certain Intercreditor Agreement, dated as of July 6, 2020, by and among BETM, Halpern, you, the Debtors and Shell Energy North America (US), L.P.

18. "**Mintz**" shall mean Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. and each of its shareholders, partners, associates, attorneys, employees, agents and independent contractors.

19. "**ParentCo**" shall mean Liberty Power Corp.

20. "**Person**" shall mean any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or

     group of natural persons, or other entity, whether sui juris or otherwise and includes both the singular and plural.

21. **"Possession, custody, or control"** as used herein shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

22. **"Relevant Time Period"** as used herein shall mean from **January 1, 2020** through the present unless a different time period is requested in any particularly Request.

23. **"Termination Notice"** means the Notice of Termination of Guaranty dated April 12, 2021 and issued by Mitsubishi Corporation to Liberty Power Holdings, LLC.

24. **"Viner"** shall mean Derik Viner.

25. **"Winter Storm URI"** shall mean the winter storm named Uri that occurred in North America, and in particular the State of Texas, on or about February 13 through February 19, 2021.

26. Each and every definition as set forth in Bankruptcy Code Section 101 and Bankruptcy Rule 9001 are incorporated herein by reference.

## III.  DOCUMENTS REQUESTED[1]

**THE DEPONENT SHALL PRODUCE THE FOLLOWING DOCUMENTS:**

1. All Documents in your possession, custody and/or control relating to Mezzanine Loan, including involving the terms thereof, and/or the development and/or negotiation of such terms, in each case whether between you and Halpern, you and any of the Debtors, you and Mintz, you and Gordian, you and Kaufman, you and BETM and/or you and any other Person.

2. All Documents in your possession, custody and/or control relating to Mezzanine Loan Documents, including all drafts thereof and/or involving the terms thereof, and/or the development and/or negotiation of such terms, in each case whether between you and Halpern, you and any of the Debtors, you and Mintz, you and Gordian, you and Kaufman, you and BETM and/or you and any other Person.

3. All Documents in your possession, custody and/or control relating to your appointment (and acceptance thereof) to the Board of Managers of Holdings, including between you and Halpern, you and any of the Debtors, you and Mintz, you and Gordian, you and Kaufman, you and BETM and/or you and any other Person.

---

[1] To the extent any or all Documents responsive to the Requests are in electronic format, please contact the issuing attorney to make arrangements for their production.

8

4. All Documents in your possession, custody and/or control relating to any meetings of the Board of Managers of Holdings, including any notices of meetings and/or any board materials presented to the Board of Managers in connection with any meetings.

5. All Documents in your possession, custody and/or control relating to any meetings of the Board of Managers/Directors of ParentCo, including any notices of meetings and/or any board materials presented to the Board of Managers/Directors in connection with any meetings.

6. All Documents in your possession, custody and/or control relating to any action taken or not taken by the Debtors resulting from any meeting of the Board of Managers of Holdings.

7. All Documents in your possession, custody and/or control relating to any action taken or not taken by the ParentCo resulting from any meeting of the Board of Managers/Directors of ParentCo.

8. All Documents in your possession, custody and/or control that you either sent or received in your capacity as a member of the Board of Managers of Holdings.

9. All Documents in your possession, custody and/or control that you either sent or received in your capacity as a member of the Board of Managers/Directors of ParentCo.

10. All Documents in your possession, custody and/or control relating to any minutes of meetings of the Board of Managers for Holdings.

11. All Documents in your possession, custody and/or control relating to any minutes of meetings of the Board of Managers/Directors for ParentCo.

12. All Documents in your possession, custody and/or control relating to the financial condition of the Debtors, including reports of management, financial statements, tax returns or other similar items.

13. All Documents in your possession, custody and/or control relating to any payments made to you under the Mezzanine Loan.

14. All Documents in your possession, custody and/or control relating to any payments or transfers of property made to you by one or more of the Debtors for any reason other than on the Mezzanine Loan, including as a member of the Board of Managers of Holdings.

15. All Documents in your possession, custody and/or control relating to any payments or transfers of property made to you by ParentCo for any reason.

16. All Documents in your possession, custody and/or control which relate to or concern the Default Notices (or any of them).

17. All Documents in your possession, custody and/or control which relate to or concern the Termination Notice.

18. All Documents in your possession, custody and/or control which relate to or concern the Events of Default (or any of them).

19. All Documents in your possession, custody and/or control which relate to or concern Communications between you and any of the Debtors (or any of their representatives), Gordian, Kaufman, ParentCo, Akerman, Mintz, Halpern, Daire, and/or Viner related to or involving the Default Notices (or any of them).

20. All Documents in your possession, custody and/or control which relate to or concern Communications between you and any of the Debtors (or any of their representatives), Gordian, Kaufman, ParentCo, Akerman, Mintz, Halpern, Daire, Viner related to or involving the Termination Notice.

21. All Documents in your possession, custody and/or control which relate to or concern Communications between you and any of the Debtors (or any of their representatives), Gordian, Kaufman, ParentCo, Akerman, Mintz, Halpern, Daire, and/or Viner related to or involving the Events of Default (or any of them).

22. All Documents in your possession, custody and/or control which relate to or concern Communications between you and any of the Debtors (or any of their representatives), Gordian, Kaufman, ParentCo, Akerman, Mintz, Halpern, Daire, and/or Viner related to or involving negotiations with BETM or its representatives in respect of the Default Notices (or any of them), the Events of Default and/or the resolution of the issues related thereto.

23. All Documents in your possession, custody and/or control which relate to or concern Communications between you and any of the Debtors (or any of their representatives), Gordian, Kaufman, ParentCo, Akerman, Mintz, Halpern, Daire, and/or Viner related to or involving fiduciary duties owed to any of the Debtors.

24. All Documents in your possession, custody and/or control which relate to or concern Communications between you and any of the Debtors (or any of their representatives), Gordian, Kaufman, ParentCo, Akerman, Mintz, Halpern, Daire, and/or Viner related to or involving any demands on behalf of ParentCo or any other Person for the payment of monies or other benefits from BETM and/or any of the Debtors.

25. All Documents in your possession, custody and/or control which relate to or concern Communications between you and any of the Debtors (or any of their representatives), Gordian, Kaufman, ParentCo, Akerman, Mintz, Halpern, Daire, and/or Viner related to or involving any requests made of BETM for weekly disbursements.

26. All Documents in your possession, custody and/or control which relate to or concern Communications between you and any of the Debtors (or any of their

representatives), Gordian, Kaufman, ParentCo, Akerman, Mintz, Halpern, Daire, and/or Viner related to or involving the filing of a bankruptcy proceeding or other insolvency proceeding by one or more of the Debtors.

27. All Documents in your possession, custody and/or control which relate to or concern Communications between you and any of the Debtors (or any of their representatives), Gordian, Kaufman, ParentCo, Akerman, Mintz, Halpern, Daire, and/or Viner related to or involving the Chapter 11 Cases of the Debtors.

28. All Documents in your possession, custody and/or control which relate to or concern Communications between you and any of the Debtors (or any of their representatives),Gordian, Kaufman, ParentCo, Mintz, Halpern, Daire, and/or Viner related to or involving any hearings in the Chapter 11 Cases of the Debtors.

29. All Documents in your possession, custody and/or control which relate to or concern Communications between you and any of the Debtors (or any of their representatives), Gordian, Kaufman, ParentCo, Akerman, Mintz, Halpern, Daire, and/or Viner related to or involving the termination of the employees of ParentCo on or about April 18, 2021.

30. All Documents in your possession, custody and/or control which relate to or concern Communications between you and any of the Debtors (or any of their representatives), Gordian, Kaufman, ParentCo, Akerman, Mintz, Halpern, Daire, and/or Viner related to or involving the filing of any insolvency proceeding, bankruptcy proceeding, assignment for the benefit of creditors or similar proceeding on behalf of ParentCo.

31. All Documents in your possession, custody and/or control which relate to or concern any matter involving any one of the Debtors.

32. All Documents in your possession, custody and/or control which relate to or concern any matter involving ParentCo.

33. All Documents in your possession, custody and/or control which relate to or concern any matter involving Mintz.

34. All Documents in your possession, custody and/or control which relate to or concern any matter involving Gordian or Kaufman.

35. All Documents that you received from any person, including any of the Debtors (or any of their representatives), Gordian, Kaufman, ParentCo, Akerman, Mintz, Halpern, Daire, and/or Viner, related to any one of the Debtors or any matter involving any one of the Debtors.

36. All Documents in your possession, custody and/or control which relate to or concern any professional or other advice given by any Person to any one of the Debtors, Gordian, Kaufman, ParentCo, Akerman, Mintz, Halpern, Daire, and/or Viner related to any one of the Debtors or any matter involving any one of the

Debtors.

37. All Documents in your possession, custody and/or control which relate to or concern any professional or other advice given to you by Gordian involving any one of the Debtors or any matter involving any one of the Debtors.

38. All Documents in your possession, custody and/or control which relate to or concern any professional or other advice given to you by Mintz involving any one of the Debtors or any matter involving any one of the Debtors.

39. All Documents in your possession, custody and/or control relating to the terms and/or scope of Mintz' retention or engagement by the Debtors or any one of them for the provision of legal services, including but not limited to, all retention and engagement letters or agreements (including drafts).

40. All of the files (hard copy and electronic copy) you maintain in connection with or involving any one of the Debtors or any matter related to any one of the Debtors.