**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:                                                    **Chapter 11 Cases**

**LIBERTY POWER HOLDINGS, LLC,**            **Case No. 21-13797-SMG**
**LPT, LLC,**                                           **Case No. 21-15537-SMG**
**LIBERTY POWER MARYLAND, LLC,**          **Case No. 21-15539-SMG**
**LIBERTY POWER DISTRICT OF COLUMBIA, LLC**   **Case No. 21-15540-SMG**

    **Debtors.**                                      **(Jointly administered 21-13797-SMG)**

_____/

**DEBTORS' JOINT _EX-PARTE_ MOTION FOR ENTRY OF ORDER: (A)
CONDITIONALLY APPROVING JOINT DISCLOSURE STATEMENT; (B)
AUTHORIZING SOLICITATION OF VOTES ON JOINT PLAN OF LIQUIDATION;
(C) APPROVING SOLICITATION PROCEDURES; (D) APPROVING ADDITIONAL
NOTICE PROCEDURES; AND (E) SCHEDULING A COMBINED HEARING ON
FINAL APPROVAL OF THE JOINT DISCLOSURE STATEMENT AND HEARING ON
CONFIRMATION OF THE JOINT PLAN OF LIQUIDATION**

       **LIBERTY POWER HOLDINGS, LLC** ("Holdings"), **LPT, LLC** ("LPT"), **LIBERTY
POWER MARYLAND, LLC** ("Liberty MD") and **LIBERTY POWER DISTRICT OF
COLUMBIA, LLC** ("Liberty DC") (collectively, the "Debtors"), by and through undersigned
counsel, move _ex-parte_ for entry of an order: (a) conditionally approving the _Joint Disclosure
Statement For Joint Chapter 11 Plan of Liquidation Proposed By Liberty Power Holdings, LLC,
LPT, LLC, Liberty Power Maryland, LLC and Liberty Power District of Columbia, LLC_ dated as
of April 14, 2023 and filed contemporaneously with this Motion [ECF No. 880] (the "Disclosure
Statement"); (b) authorizing solicitation of votes on the _Joint Chapter 11 Plan of Liquidation
Proposed By Liberty Power Holdings, LLC, LPT, LLC, Liberty Power Maryland, LLC and
Liberty Power District of Columbia, LLC,_ dated April 14, 2023 [ECF No. 875] (the "Plan")[1]; (c)

---

[1] Capitalized terms used in this Motion and not otherwise defined herein shall have meanings ascribed to such terms
in the Plan.

approving solicitation procedures for voting on the Plan; (d) approving additional notice procedures for parties not eligible to vote on the Plan; and (e) scheduling a combined hearing for final approval of the Disclosure Statement and hearing on confirmation of the Plan.  In support thereof, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

3.      On April 20, 2021 (the "Holdings Petition Date"), Holdings filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the Bankruptcy Code. Since that time, Holdings has operated as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4.      On June 4, 2021 (the "Subsidiary Petition Date"), each of Liberty District of Columbia, LPT and Liberty MD filed chapter 11 bankruptcy petitions, which bankruptcy cases were jointly administered with the chapter 11 case of Holdings, including to facilitate the sale of all, or substantially all, of the Debtors' assets, including without limitation, retail customer contracts, pursuant to Sections 363 and 365 of the Bankruptcy Code.

5.      As of the date hereof, no creditors' committee has been appointed in these cases. In addition, no trustee or examiner has been appointed.

6.      The Debtors are operating their business and managing their affairs as debtors in possession pursuant to 11 U.S.C. §§1107(a) and 1108.

7.      This Court has jurisdiction over these Chapter 11 cases under 28 U.S.C. §§ 157 and 1334.  This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper in this District under 28 U.S.C. §§ 1408.

8.      The statutory predicates for the relief requested in this Motion are Bankruptcy Code §§ 105, 1125 and 1128 and Rules 2002, 3017, 3018, 3020 and 9006 of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Local Rules 3017-1, 3018-1, and 3020-1.

## **RELIEF REQUESTED**

9.      On April 14, 2023, the Debtors filed the Plan.  The Plan contemplates: (a) the payment of Allowed Administrative Expense Claims and Allowed Priority Claims (the "Unimpaired Unsecured Claims") from the proceeds of the BETM Settlement (as defined in the Plan), (b) the surrender of collateral to all secured creditors (other than BETM) in satisfaction of the Secured Claims, and (c) the subordination of BETM's right to receive a distribution on account of its Allowed Superpriority Administrative Expense Claims and its Secured Claims so that, subject to the terms of the Plan, the Debtors can pay the Unimpaired Unsecured Claims in full, in cash, from the proceeds of BETM's collateral.  All other Classes of Creditors and Equity Holders are deemed to have rejected the Plan and the Debtors will not solicit acceptances to the Plan from those Classes.  Therefore, the Debtors will only solicit acceptances to the Plan from BETM.

10.      Through this Motion, the Debtors respectfully request that this Court enter an Order (the "<u>Disclosure Statement Order</u>"): (a) conditionally approving the Disclosure Statement; (b) authorizing solicitation of votes on the Plan; (c) approving solicitation procedures for voting on the Plan (the "<u>Solicitation</u>"); (d) approving the form of notice attached hereto as <u>Exhibit A</u> for holders of Claims and Equity Interests who are not eligible to vote because they are conclusively deemed either to have accepted or rejected the Plan pursuant to sections 1126(f) or (g) of the Bankruptcy Code (the "<u>Non-Voting Notice</u>"); (e) approving the form of notice attached hereto as <u>Exhibit B</u> for parties who are not holders of Claims or Equity Interests (the "<u>Confirmation Notice</u>"); and (f) scheduling a combined hearing to consider final approval of the Disclosure Statement and hearing for confirmation of the Plan (the "<u>Combined Hearing</u>").

11.      An accelerated solicitation and confirmation process in respect of the Plan is

optimal.  The Plan provides for the Distribution of Available Cash on hand on the Effective Date from the liquidation of the Debtors' Assets and settlement of Causes of Actions pursuant to the priorities mandated by the Bankruptcy Code.  The Debtors believe that the Plan will allow for a prompt conclusion of each Debtor's Chapter 11 Case.  As a result, the Debtors believe that proceeding to confirmation on a combined basis is in the best interest of the Debtors' estates and their creditors.

## BASIS AND AUTHORITY FOR RELIEF

**A.**     **Conditional Approval of the Disclosure Statement**

12.     Although this Motion contemplates that the Debtors will seek final approval of the Disclosure Statement at the Combined Hearing, the Debtors request that the Court: (i) enter the Disclosure Statement Order and conditionally approve the Disclosure Statement as containing information sufficient to satisfy section 1125(b) of the Bankruptcy Code, subject to final approval at the Combined Hearing; (ii) authorize the Debtors to commence Solicitation of votes to accept or reject the Plan as soon as practicable after entry of the Disclosure Statement Order; (iii) approve the Non-Voting Notice for those holders of Claims and Equity Interests who are conclusively presumed either to have accepted or rejected the Plan pursuant to sections 1126(f) or (g) of the Bankruptcy Code; and (iv) approve the Confirmation Notice for those parties who are not holders of Claims or Equity Interests under the Plan. Conditional approval of the Disclosure Statement at this time will enable the Debtors to timely commence Solicitation, eliminate the need for the scheduling of a separate disclosure statement hearing, shorten the length of these Chapter 11 Cases, facilitate the confirmation and consummation of the Plan, and reduce administrative expenses.

13.     Conditional approval of the Disclosure Statement will not prejudice any creditors. The Debtors believe that BETM, who is the only creditor with an impaired claim that is entitled

to vote under the Plan, will be able to sufficiently review and assess both the Plan and the Disclosure Statement in the amount of time proposed.  In addition, the Debtors believe that each holder of a Claim or Equity Interest conclusively presumed to have accepted or rejected the Plan pursuant to sections 1126(f) or (g) of the Bankruptcy Code, and other interested parties who are not holders of a Claim or Equity Interest will receive instructions for how to obtain a copy of the Plan and Disclosure Statement (at no charge) and adequate notice of the Combined Hearing and related deadlines. Furthermore, BETM, as the only creditor entitled to vote on the Plan, will receive at least thirty (30) days' notice of the Combined Hearing and will have the opportunity to be heard and to object to the adequacy of the Disclosure Statement prior to its final approval at the Combined Hearing.

14.      Section 105(a) of the Bankruptcy Code provides the Bankruptcy Court with broad authority and discretion to enforce the provisions of the Bankruptcy Code. Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The broad scope of the Bankruptcy Court's equitable powers is supported by ample authority. *See In re American Family Enters.*, 256 B.R. 377, 405 (D.N.J. 2000); *In re Allegheny Int'l, Inc.*, 118 B.R. 282, 302 (Bankr. W.D. Pa. 1990).

15.      Moreover, section 105(d) of the Bankruptcy Code specifically provides "that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan." 11 U.S.C. § 105(d)(2)(B)(vi).  Section 1128(a) of the Bankruptcy Code requires that "after notice, the court shall hold a hearing on confirmation of a plan." 11 U.S.C. § 1128(a). Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation" of a plan of reorganization. Fed. R. Bankr. P. 3017(c). In addition, Bankruptcy Rule 2002(b) requires 28

days' notice of any hearing to consider approval of a disclosure statement or confirmation of a plan of reorganization. Courts have allowed combined hearings for approval of disclosure statements and the confirmation of reorganization and liquidation. *See, e.g., In re Wynwood Community Economic Development Corporation, Inc.,* U.S. Bankruptcy Court, Southern District of Florida, Case No. 05−15867−BKC-AJC [ECF No. #464]; *In re Mercedes Homes Inc., et al.,* U.S. Bankruptcy Court, Southern District of Florida, Case No. 09-11191-BKC-PJB [ECF No. #958]; *Aquatic Development Group, Inc. v. Thomas (In re Aquatic Development Group, Inc.),* 196 B.R. 666, 668 (N.D.N.Y. 1996); *In re Machne Menachem, Inc.,* 304 B.R. 140, 142 (Bankr. M.D. Pa. 2003); *In re Zenith Electric Corp.,* 241 B.R. 92, 96 (Bankr. D. Del. 1999); *In re Pineloch Enters., Inc.,* 192 B.R. 675, 677 (Bankr. E.D.N.C. 1996).

16.     As such, this Bankruptcy Court has the authority to conditionally approve the Disclosure Statement and consider final approval of the Disclosure Statement in conjunction with confirmation of the Plan.

17.     Bankruptcy Code § 1125(b) requires that, prior to the plan solicitation, a plan proponent provide a disclosure statement that contains adequate information regarding the proposed plan. 11 U.S.C. § 1125(b)(1). Section 1125(a) defines "adequate information" as:

> [I]nformation of the kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information . . . .

11 U.S.C. § 1125(a)(1).

18.     The amount and type of information required to satisfy Bankruptcy Code §
1125(a) must be determined on a case-by-case basis. The legislative history of that statute
supports the assertion that the threshold of what constitutes "adequate information" is flexible
and based on the circumstances of each case. *See* H.R. Rep. No. 95-595, 95th Cong., 1st Sess. at
409 (1977).

19.     Courts also have broad discretion to determine what constitutes adequate
information necessary to satisfy the requirements of Bankruptcy Code § 1125(a). *See In re
Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001). This grant of discretion was
intended to facilitate a debtor's effective emergence from Chapter 11 in the broad range of
businesses in which Chapter 11 debtors engage. *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 408-
409 (1977). The general purpose of the disclosure statement is to set forth sufficient facts and
information to permit a creditor to make an informed evaluation of the merits of the plan. *See
Century Glove, Inc. v. First American Bank of New York*, 860 F.2d 94, 100 (3d Cir. 1988); *In re
Phoenix Petroleum Co.*, 278 B.R. 385 at 392.

20.     To determine whether a disclosure statement contains adequate information,
courts typically look to the following factors, where applicable to the circumstances of the case:
(a) the events which led to the filing of a bankruptcy petition; (b) a description of the available
assets and their value; (c) the anticipated future of the company; (d) the source of information
stated in the disclosure statement; (e) a disclaimer; (f) the present condition of the debtor while in
Chapter 11; (g) the scheduled claims; (h) the future management of the debtor; (k) the Chapter
11 plan or a summary thereof; (i) the estimated administrative expenses, including attorneys' and
accountants' fees; (j) the collectability of accounts receivable; (k) financial information and data
relevant to the creditors' decision to accept or reject the Chapter 11 plan; (l) information relevant

to the risks posed to creditors under the plan; (m) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (n) litigation likely to arise in a nonbankruptcy context; (o) tax attributes of the debtor; and (p) the relationship of the debtor with affiliates. *See Phoenix Petroleum Co.*, 278 B.R. at 393, n.6.

21.    The Disclosure Statement contains adequate information, as required by Bankruptcy Code § 1125, so that the voting class will be able to make an informed decision in voting to accept or reject the Plan. The Debtors submit that the Disclosure Statement is comprehensive and contains the type of information described above. The Disclosure Statement includes complete discussions of: (a) the features, terms, and provisions of the Plan; (b) significant events preceding the Debtors' Chapter 11 cases; (c) the Debtors' pre-petition operations and businesses; (d) significant events in the Debtors' Chapter 11 cases; (e) a detailed description of the funding of the Plan and making distributions to creditors; (g) a description of the nature and extent of likely claims against the Debtors' estates; (h) the risk factors affecting the Plan; (i) an analysis setting forth the estimated return that creditors will receive under the Plan; and (j) the federal tax consequences of the Plan.

22.    Based upon the foregoing, conditional approval of the Disclosure Statement is consistent with Bankruptcy Code § 1125, and such conditional approval, subject to final approval at the Combined Hearing, is in the best interests of the Debtors' estates and the Debtors' creditors.

**B.    <u>Scheduling of Combined Hearing for Final Approval of Disclosure Statement</u>**

23.    The Debtors respectfully request that the Court schedule a Combined Hearing to, among other things (as described more fully below with respect to confirmation of the Plan), consider final approval of the Disclosure Statement. The Combined Hearing may be continued

from time to time by the Bankruptcy Court or the Debtors without further notice other than adjournments announced in open court.

24.    Bankruptcy Rule 3017(a) provides:

[A]fter a disclosure statement is filed in accordance with Rule 3016(b), the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest as provided in Rule 2002 to consider the disclosure statement and any objections or modifications thereto. The plan and the disclosure statement shall be mailed with the notice of the hearing only to the debtor, any trustee or committee appointed under the Code, the Securities and Exchange Commission, and any party in interest who requests in writing a copy of the statement or plan.

Fed. R. Bankr. P. 3017(a). Local Rule 3017-1 provides that objections to a disclosure statement must be made at least seven days prior to the hearing to approve such disclosure statement. The Debtors submit that good cause exists to modify these deadlines.

25.    Bankruptcy Rules 2002(b) and (d) require notice by mail to all creditors, indenture trustees, and equity security holders of the time set for filing objections to, and the hearing to consider approval of, a disclosure statement. In order to satisfy these requirements, if and when the Court enters the Disclosure Statement Order, the Debtors will (i) mail a copy of the Disclosure Statement Order, the Plan and the Disclosure Statement to all parties entitled to vote on the Plan; (ii) mail a copy of the Disclosure Statement Order and the Non-Voting Notice to all holders of Claims and Equity Interests who are not eligible to vote because they are either presumed to have accepted or rejected the Plan pursuant to sections 1126(f) or (g) of the Bankruptcy Code, and (iii) mail a copy of the Disclosure Statement Order and the Confirmation Notice to all persons on the master mailing matrix and all other parties-in-interest that filed a request for notices under Bankruptcy Rule 2002 in these chapter 11 cases who are not holders of a Claim or Equity Interest.

26.    In accordance with Bankruptcy Rule 3017(a), the Debtors will include a copy of

the Disclosure Statement Order, the proposed Disclosure Statement, and the Plan, along with a notice of the Combined Hearing, to the Office of the United States Trustee, the Internal Revenue Service and the Securities and Exchange Commission. The Debtors will also provide copies of the proposed Disclosure Statement and the Plan to any party in-interest who specifically requests them in the manner specified in the Disclosure Statement Order and Bankruptcy Rule 3017(a). Copies of the proposed Disclosure Statement and the Plan are available free of charge at www.stretto.com/libertypower and will also remain on file with the Office of the Clerk of the Bankruptcy Court and viewable through access to the PACER and ECF systems at ecf.flsb.uscourts.gov (for a fee).

27.    The Debtors further request that the Bankruptcy Court require that all objections to final approval of the Disclosure Statement: (a) be in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the local Bankruptcy Rules; (c) set forth the name of the objector, and the nature of the amount of any claim or equity security interest asserted by the objector against the estates or property of the Debtors; (d) state with particularity the legal and factual basis for such objection; and (e) be filed with the Clerk of the United States Bankruptcy Court for the Southern District of Florida, together with proof of service thereof, and served by e-mail, personal service or overnight delivery, so as to be received no later than **5:00 p.m. prevailing Eastern Time, 7 calendar days before the Combined Hearing by**: (i) counsel to the Debtors, Paul J. Battista, Esq., c/o Venable LLP, 100 SE 2nd St., 44th Floor, Miami, Florida 33131 or at pjbattista@venable.com; (ii) counsel to BETM, Jordi Guso, Esq. c/o Berger Singerman at 1450 Brickell Ave, Unit 1900, Miami, Florida 33131 or at jguso@bergersingerman.com; and (iii) the Office of the United States Trustee at 51 SW 1st Avenue, Room 1202, Miami, Florida, 33130, c/o Martin P. Ochs, Esq., or at

10

martin.p.ochs@usdoj.gov.

28.     The Debtors respectfully submit that the foregoing procedures provide adequate notice for final approval of the Disclosure Statement at the Combined Hearing under the Bankruptcy Rules.

**C.     <u>Scheduling of Combined Hearing as Evidentiary</u>**

29.     Bankruptcy Rule 3017(c) provides:

> On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation.

Fed. R. Bankr. P. 3017(c).

30.     The Debtors respectfully request that the Combined Hearing be an evidentiary hearing to consider confirmation of the Plan.

**D.     <u>Voting Deadline for Receipt of Ballots and Ballot Tabulation</u>**

31.     The deadline for filing ballots accepting or rejecting a chapter 11 plan is 14 calendar days before the Combined Hearing (the "<u>Voting Deadline</u>").

**E.     <u>Transmittal of Solicitation Packages</u>**

32.     No later than 30 days prior to the Combined Hearing, the Debtors will commence Solicitation by transmitting a solicitation package (the "<u>Solicitation Package</u>") to holders of impaired claims and interests entitled to vote on the Plan.  The Debtors submit that shortening the notice periods set forth in Bankruptcy Rule 3017(d) and Local Rule 3017-1(B)(2) is sufficient because the *Class 4 Secured Claim of Boston Energy Trading and Marketing LLC (All Debtors)* is the only impaired Class eligible to vote on the Plan.  The Solicitation Package will consist of: (a) the conditionally-approved Disclosure Statement; (b) the Disclosure Statement Order; (c) the appropriate ballot; (d) the Plan; and (e) written notice of (i) the Bankruptcy Court's conditional approval of the Disclosure Statement, (ii) the deadline and procedures for filing

11

objections to confirmation of the Plan, and (ii) related issues (the "Solicitation Notice").  In addition, the Debtors will transmit the Disclosure Statement Order, and Non-Voting Notice or the Confirmation Notice to the applicable parties.

33.     No interested party will be prejudiced by the proposed notice procedures. All of the Debtors' impaired creditors entitled to vote will receive copies of the Disclosure Statement and the Plan. The Disclosure Statement and the Plan will be filed with the Court and can be obtained free of charge at www.stretto.com/libertypower or through this Court's ECF notification e-mails. Additionally, the Disclosure Statement and Plan can be obtained by any interested party on written request the Debtors' counsel at the following address: Venable LLP, 100 SE 2nd Street Suite 4400, Miami, FL 33131, (305) 349-2300 Attn: Paul J. Battista, pjbattista@venable.com.

34.     The foregoing notice procedures constitute adequate notice of the Combined Hearing to consider confirmation of the Plan and the Confirmation Objection Deadline. Consequently, the Debtors respectfully request that the Bankruptcy Court approve the manner of service of the proposed notices.

**CONCLUSION**

35.     For the above reasons, the Debtors respectfully request that the Bankruptcy Court: (i) enter the Disclosure Statement Order granting the relief requested in this Motion; (ii) approve the form of the Notice of Non-Voting Status and solicitation procedures in connection therewith in the form attached as Exhibit A; (iii) approve the form of the Confirmation Notice and solicitation procedures in connection therewith in the form attached as Exhibit B; and (iv) and grant such other relief as the Bankruptcy Court deems appropriate.

Dated: April 21, 2023

Respectfully Submitted,


**VENABLE, LLP**
*Counsel for Debtors-in-Possession*
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

By:    /s/ *Paul J. Battista*
       Paul J. Battista, Esq.
       Florida Bar No. 884162
       pjbattista@venable.com
       Mariaelena Gayo-Guitian, Esq.
       Florida Bar No. 813818
       mguitian@venable.com
       Heather L. Harmon, Esq.
       Florida Bar No. 13192
       hlharmon@venable.com

# **EXHIBIT A**

## **Form of Notice of Non-Voting Status**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | **Chapter 11 Cases** |
| **LIBERTY POWER HOLDINGS, LLC,** | **Case No. 21-13797-SMG** |
| **LPT, LLC,** | **Case No. 21-15537-SMG** |
| **LIBERTY POWER MARYLAND, LLC,** | **Case No. 21-15539-SMG** |
| **LIBERTY POWER DISTRICT OF COLUMBIA, LLC** | **Case No. 21-15540-SMG** |
| **Debtors.** | **(Jointly administered 21-13797-SMG)** |

_____/

## NOTICE OF NON-VOTING STATUS

**PLEASE TAKE NOTICE THAT LIBERTY POWER HOLDINGS, LLC, LPT, LLC, LIBERTY POWER MARYLAND, LLC and LIBERTY POWER DISTRICT OF COLUMBIA, LLC** (collectively, the "Debtors"), commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE THAT** on April ___, 2023, the Bankruptcy Court entered an order [ECF No. _____] (the "Disclosure Statement Order"): (a) authorizing the Debtors to solicit votes on the *Joint Chapter 11 Plan of Liquidation Proposed By Liberty Power Holdings, LLC, LPT, LLC, Liberty Power Maryland, LLC and Liberty Power District of Columbia, LLC* [ECF No. 875] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan"); (b) conditionally approving the *Joint Disclosure Statement For Joint Chapter 11 Plan of Liquidation Proposed By Liberty Power Holdings, LLC, LPT, LLC, Liberty Power Maryland, LLC and Liberty Power District of Columbia, LLC* [ECF No. _____] (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) authorizing solicitation of votes on the Plan; (d) approving solicitation procedures for voting on the Plan; (e) approving additional notice procedures for non-voting parties (f) scheduling a combined hearing for final approval of the Disclosure Statement and hearing on confirmation of the Plan (the "Combined Hearing"); and (g) scheduling certain dates with respect thereto.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Equity Interest under the Plan, **_you are not entitled to vote on the Plan_**. Specifically, under the terms of the Plan, as a Holder of a Claim (as currently asserted against the Debtors) that is either: (1) Unimpaired and conclusively presumed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code; or (2) Impaired and conclusively presumed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code because you will not receive a Distribution or retain any property under the Plan on account of your Claim or Equity Interest,

15

you are **not** entitled to vote on the Plan.

      **PLEASE TAKE FURTHER NOTICE THAT** the Combined Hearing to consider final approval of the Disclosure Statement and confirmation of the Plan will commence on _____, 2023, at _____, prevailing Eastern Time, before the Honorable Scott M. Grossman, in the United States Bankruptcy Court for the Southern District of Florida – Fort Lauderdale Division, located at 299 E. Broward Blvd., Courtroom 308, Fort Lauderdale, Florida 33301

_____

      **PLEASE TAKE FURTHER NOTICE THAT** you may participate in the Combined Hearing either in person or by an audio and video connection. Although the Court will conduct the Combined Hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone, if the judge's procedures allow. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance no later than 3:00 p.m., one business day before the date of the Combined. To register, click on or manually enter the following registration link in a browser:

      https://www.zoomgov.com/meeting/register/vJIsceqsqzMtG7hezfpqRtlAFR1SzvHOb JU

      All participants (whether attending in person or remotely) must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire for those participants appearing in person or by video

---

      **<u>PLEASE BE ADVISED</u>: THE COMBINED HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS <u>WITHOUT FURTHER NOTICE</u> OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON PARTIES ENTITLED TO NOTICE.**

---

      **PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the adequacy of the Disclosure Statement or confirmation of the Plan is _____, 2023 (the "<u>Objection Deadline</u>"). Any objections to the relief sought at the Combined Hearing must be: (i) in writing; (ii) comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules; (iii) state, with specificity, the legal and factual bases thereof, and, if practicable, a proposed modification to the Disclosure Statement or Plan (or related materials) that would resolve such objection; and (iv) be filed with the Court on or before the Objection Deadline.

      **PLEASE TAKE FURTHER NOTICE THAT**, if you wish to challenge the Debtors' classification of your Claim, you must file a motion, pursuant to Bankruptcy Rule 3018(a) (a "<u>Rule 3018 Motion</u>"), for an order temporarily allowing your Claim in a different classification or

amount for purposes of voting to accept or reject the Plan and file such motion on or before _____, 2023. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018 Motion, such creditor's ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes, after notice and a hearing. Rule 3018 Motions that are not timely filed and served in the manner set forth above will not be considered.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the materials you have received, please contact Stretto, the Debtors' claims and noticing agent (the "Noticing Agent"), at 855.529.1663 (domestic toll free) or +1 949.771.2210 (International). Copies of the Disclosure Statement, the Plan, and any other publicly filed documents in the Chapter 11 Cases are available upon written request to the Noticing Agent at the following address:

| By Regular, Hand Delivery, or Overnight Mail: | By Email: |
| --- | --- |
| Liberty Power Holdings, LLC<br>Ballot Processing<br>c/o Stretto<br>410 Exchange, Suite 100<br>Irvine, California 9260 | libertypowerinquiries@stretto.com |

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Plan, the Disclosure Statement, and any other publicly filed documents are also available by downloading the exhibits and documents from the website of the Debtors' Voting Agent at https://cases.stretto.com/LibertyPower (free of charge) or the Court's website at https://ecf.flsb.uscourts.gov (for a fee). Please be advised that Stretto cannot provide legal or financial advice.

**ARTICLE XI OF THE PLAN CONTAINS INJUNCTION AND EXCULPATION PROVISIONS. YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER. THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.**

<u>**PLAN INJUNCTION**</u>

**Except as otherwise expressly provided for in the Plan or in obligations issued pursuant to the Plan, all Persons and Entities are permanently enjoined, on and after the Effective Date, on account of any Claim or Equity Interest, from: (i) commencing or continuing in any manner any action or other proceeding of any kind against the Debtors, their Estates and their successors and assigns and its assets and properties; (ii) enforcing, determining, attaching, collecting or recovering by any manner or means any liability, claim, judgment, award, decree or order against the Debtors and their Estates, and their successors and assigns and their assets and properties; (iii) creating, perfecting or enforcing any encumbrance of any kind against the Debtors, and their Estates and their successors and assigns and their assets and properties; and (iv) commencing or continuing in any manner any action or other proceeding of any kind in respect of any Claim or**

17

Equity Interest or Cause of Action released or settled hereunder, *provided however*, that nothing in the Plan or Confirmation Order shall constitute a waiver of any rights or defenses of such persons with respect to such actions, provided, further, that such injunction shall neither bar any entity from asserting any defense in an action commenced by or on behalf of the Debtors, nor prohibit any entity from asserting any right expressly preserved or contemplated by the Plan; provided, furthermore, that nothing contained in the Plan or Confirmation Order shall preclude the IRS from pursuing an action against any entity, or preclude any governmental entity from pursuing a criminal, police or regulatory action against any entity.  Nothing herein shall be construed as enjoining any party's prosecution or defense of any appeal of any order entered by the Bankruptcy Court in these Chapter 11 Cases.

## EXCULPATION

Notwithstanding anything in the Plan to the contrary, the Exculpated Parties shall neither have nor incur any liability to any Person or Entity for any and all Claims and Causes of Action arising on or after the Petition Date up through the time these Chapter 11 Cases are closed, involving or relating to any act taken or omitted to be taken in connection with, or related to, prosecuting these Chapter 11 Cases, formulating, negotiating, preparing, disseminating, implementing, or administering any aspect of these Chapter 11 Cases, including the sale of property of the Estate, distributing property of the Estate or related in any way to any other contract, instrument, release or other agreement or document created or entered into in connection with these Chapter 11 Cases, the Plan or any other post-petition act taken or omitted to be taken in connection with or in contemplation of the administration of the Estate; provided, however, that the foregoing provisions of this paragraph shall have no effect on the liability of any person that results from any such act or omission that is determined to have constituted gross negligence, willful misconduct, or fraud; provided further, that nothing contained in the Confirmation Order shall preclude any governmental entity from pursuing a criminal, police or regulatory action against any entity.

Nothing in the Plan shall be construed to release or exculpate any Person from, or require indemnification of, any Person against losses arising from criminal conduct, intentional unauthorized misuse of confidential information that causes damages, or limit the liability of the professionals of the Debtors to the Debtors pursuant to Rule 4-1.8(h) of the Florida Rules of Professional Conduct ("<u>Limiting Liability for Malpractice</u>").

"Exculpated Parties" shall mean (a) each of Stephen Gray, Jay Goldman and Louis Martinsen as certain of the Debtors' respective present and former managers, (b) Bob Butler as the Debtors' chief restructuring officer, (c) Michael Brown, as the Debtor's chief financial officer, (d) each of the Debtors' employees who were employed by the Debtors from and after the Petition Date; (e) all Professionals (including ordinary course professionals) whose employment has been approved by the Bankruptcy Court in the Chapter 11 Cases, including Genovese Joblove & Battista, P.A., Venable LLP and Berkeley Research Group, LLC, and each of their respective attorneys, paraprofessionals and employees, and (f) BETM and all its managers, members, professionals and representatives, including Berger Singerman LLP and Eversheds Sutherland, and each of

18

**their respective attorneys, paraprofessionals and employees.**

*[Remainder of Page Intentionally Left Blank]*

Dated: _____, 2023

                                      **VENABLE, LLP**
*Counsel for Debtors-in-Possession*
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

By: _____/s/ *Paul J. Battista*_____
        Paul J. Battista, Esq.
        Florida Bar No. 884162
        pjbattista@venable.com
        Mariaelena Gayo-Guitian, Esq.
        Florida Bar No. 813818
        mguitian@venable.com
        Heather L. Harmon, Esq.
        Florida Bar No. 13192
        hlharmon@venable.com

## **EXHIBIT B**

## **Form of Confirmation Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:                                                    **Chapter 11 Cases**

**LIBERTY POWER HOLDINGS, LLC,**                    **Case No. 21-13797-SMG**
**LPT, LLC,**                                        **Case No. 21-15537-SMG**
**LIBERTY POWER MARYLAND, LLC,**                    **Case No. 21-15539-SMG**
**LIBERTY POWER DISTRICT OF COLUMBIA, LLC**         **Case No. 21-15540-SMG**

      Debtors.                              **(Jointly administered 21-13797-SMG)**

_____/

## NOTICE OF CONFIRMATION HEARING

      **PLEASE TAKE NOTICE THAT LIBERTY POWER HOLDINGS, LLC, LPT, LLC, LIBERTY POWER MARYLAND, LLC and LIBERTY POWER DISTRICT OF COLUMBIA, LLC** (collectively, the "Debtors"), commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court").

      **PLEASE TAKE FURTHER NOTICE THAT** on April ___, 2023, the Bankruptcy Court entered an order [ECF No. _____] (the "Disclosure Statement Order"): (a) authorizing the Debtors to solicit votes on the *Joint Chapter 11 Plan of Liquidation Proposed By Liberty Power Holdings, LLC, LPT, LLC, Liberty Power Maryland, LLC and Liberty Power District of Columbia, LLC* [ECF No. 875] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan"); (b) conditionally approving the *Joint Disclosure Statement For Joint Chapter 11 Plan of Liquidation Proposed By Liberty Power Holdings, LLC, LPT, LLC, Liberty Power Maryland, LLC and Liberty Power District of Columbia, LLC* [ECF No. _____] (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) authorizing solicitation of votes on the Plan; (d) approving solicitation procedures for voting on the Plan; (e) approving additional notice procedures for non-voting parties; (f) scheduling a combined hearing for final approval of the Disclosure Statement and hearing on confirmation of the Plan (the "Combined Hearing"); and (g) scheduling certain dates with respect thereto.

      **PLEASE TAKE FURTHER NOTICE THAT** because you are not a holder of a Claim or Equity Interest under the Plan, ***you are not entitled to vote on the Plan***.

      **PLEASE TAKE FURTHER NOTICE THAT** the Combined Hearing to consider final approval of the Disclosure Statement and confirmation of the Plan will commence on _____, 2023, at _____, prevailing Eastern Time, before the Honorable Scott M. Grossman, in the United States Bankruptcy Court for the Southern District of Florida – Fort Lauderdale Division, located at 299 E. Broward Blvd., Courtroom 308, Fort Lauderdale, Florida

33301.

**PLEASE TAKE FURTHER NOTICE THAT** you may participate in the Combined Hearing either in person or by an audio and video connection. Although the Court will conduct the Combined Hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone, if the judge's procedures allow. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance no later than 3:00 p.m., one business day before the date of the Combined. To register, click on or manually enter the following registration link in a browser:

https://www.zoomgov.com/meeting/register/vJIsceqsqzMtG7hezfpqRtlAFR1SzvHObJU

All participants (whether attending in person or remotely) must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire for those participants appearing in person or by video

---

**PLEASE BE ADVISED: THE COMBINED HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS WITHOUT FURTHER NOTICE OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON PARTIES ENTITLED TO NOTICE.**

---

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the adequacy of the Disclosure Statement or confirmation of the Plan is _____, 2023 (the "Objection Deadline"). Any objections to the relief sought at the Combined Hearing must be: (i) in writing; (ii) comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules; (iii) state, with specificity, the legal and factual bases thereof, and, if practicable, a proposed modification to the Disclosure Statement or Plan (or related materials) that would resolve such objection; and (iv) be filed with the Court on or before the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE THAT**, if you wish to challenge the Debtors' classification of your Claim, you must file a motion, pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion"), for an order temporarily allowing your Claim in a different classification or amount for purposes of voting to accept or reject the Plan and file such motion on or before _____, 2023. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018 Motion, such creditor's ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes, after notice and a hearing. Rule 3018 Motions that are not timely filed and served in the manner set forth above will not be considered.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the materials you have received, please contact Stretto, the Debtors' claims and noticing agent (the "Noticing Agent", at 855.529.1663 (domestic toll free) or +1 949.771.2210 (International). Copies of the Disclosure Statement, the Plan, and any other publicly filed documents in the

Chapter 11 Cases are available upon written request to the Noticing Agent at the following address:

| By Regular, Hand Delivery, or Overnight Mail: | By Email: |
|---|---|
| Liberty Power Holdings, LLC<br>Ballot Processing<br>c/o Stretto<br>410 Exchange, Suite 100<br>Irvine, California 9260 | libertypowerinquiries@stretto.com |

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Plan, the Disclosure Statement, and any other publicly filed documents are also available by downloading the exhibits and documents from the website of the Debtors' Voting Agent at https://cases.stretto.com/LibertyPower (free of charge) or the Court's website at https://ecf.flsb.uscourts.gov (for a fee). Please be advised that Stretto cannot provide legal or financial advice.

**ARTICLE XI OF THE PLAN CONTAINS INJUNCTION AND EXCULPATION PROVISIONS. YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER. THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.**

## PLAN INJUNCTION

**Except as otherwise expressly provided for in the Plan or in obligations issued pursuant to the Plan, all Persons and Entities are permanently enjoined, on and after the Effective Date, on account of any Claim or Equity Interest, from: (i) commencing or continuing in any manner any action or other proceeding of any kind against the Debtors, their Estates and their successors and assigns and its assets and properties; (ii) enforcing, determining, attaching, collecting or recovering by any manner or means any liability, claim, judgment, award, decree or order against the Debtors and their Estates, and their successors and assigns and their assets and properties; (iii) creating, perfecting or enforcing any encumbrance of any kind against the Debtors, and their Estates and their successors and assigns and their assets and properties; and (iv) commencing or continuing in any manner any action or other proceeding of any kind in respect of any Claim or Equity Interest or Cause of Action released or settled hereunder, *provided however*, that nothing in the Plan or Confirmation Order shall constitute a waiver of any rights or defenses of such persons with respect to such actions, provided, further, that such injunction shall neither bar any entity from asserting any defense in an action commenced by or on behalf of the Debtors, nor prohibit any entity from asserting any right expressly preserved or contemplated by the Plan; provided, furthermore, that nothing contained in the Plan or Confirmation Order shall preclude the IRS from pursuing an action against any entity, or preclude any governmental entity from pursuing a criminal, police or regulatory action against any entity.  Nothing herein shall be construed as enjoining any party's prosecution or defense of any appeal of any order entered by the Bankruptcy Court in these Chapter 11 Cases.**

## EXCULPATION

**Notwithstanding anything in the Plan to the contrary, the Exculpated Parties shall neither have nor incur any liability to any Person or Entity for any and all Claims and Causes of Action arising on or after the Petition Date up through the time these Chapter 11 Cases are closed, involving or relating to any act taken or omitted to be taken in connection with, or related to, prosecuting these Chapter 11 Cases, formulating, negotiating, preparing, disseminating, implementing, or administering any aspect of these Chapter 11 Cases, including the sale of property of the Estate, distributing property of the Estate or related in any way to any other contract, instrument, release or other agreement or document created or entered into in connection with these Chapter 11 Cases, the Plan or any other post-petition act taken or omitted to be taken in connection with or in contemplation of the administration of the Estate; provided, however, that the foregoing provisions of this paragraph shall have no effect on the liability of any person that results from any such act or omission that is determined to have constituted gross negligence, willful misconduct, or fraud; provided further, that nothing contained in the Confirmation Order shall preclude any governmental entity from pursuing a criminal, police or regulatory action against any entity.**

**Nothing in the Plan shall be construed to release or exculpate any Person from, or require indemnification of, any Person against losses arising from criminal conduct, intentional unauthorized misuse of confidential information that causes damages, or limit the liability of the professionals of the Debtors to the Debtors pursuant to Rule 4-1.8(h) of the Florida Rules of Professional Conduct ("Limiting Liability for Malpractice").**

**"Exculpated Parties" shall mean (a) each of Stephen Gray, Jay Goldman and Louis Martinsen as certain of the Debtors' respective present and former managers, (b) Bob Butler as the Debtors' chief restructuring officer, (c) Michael Brown, as the Debtor's chief financial officer, (d) each of the Debtors' employees who were employed by the Debtors from and after the Petition Date; (e) all Professionals (including ordinary course professionals) whose employment has been approved by the Bankruptcy Court in the Chapter 11 Cases, including Genovese Joblove & Battista, P.A., Venable LLP and Berkeley Research Group, LLC, and each of their respective attorneys, paraprofessionals and employees, and (f) BETM and all its managers, members, professionals and representatives, including Berger Singerman LLP and Eversheds Sutherland, and each of their respective attorneys, paraprofessionals and employees.**

*[Remainder of Page Intentionally Left Blank]*

Dated: _____, 2023

<div style="margin-left:40%">

**VENABLE, LLP**
*Counsel for Debtors-in-Possession*
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

By:     /s/ *Paul J. Battista*
        Paul J. Battista, Esq.
        Florida Bar No. 884162
        pjbattista@venable.com
        Mariaelena Gayo-Guitian, Esq.
        Florida Bar No. 813818
        mguitian@venable.com
        Heather L. Harmon, Esq.
        Florida Bar No. 13192
        hlharmon@venable.com

</div>