UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

| | |
|---|---|
| In re: | Lead Case No. 21-13797-SMG |
| LIBERTY POWER HOLDINGS, LLC, et al., | Chapter 11 |
| Debtors. _____ / | |

### LIMITED OBJECTION TO PROPOSED SETTLEMENTS BY
### PHILIP J. VON KAHLE AS ASSIGNEE OF LIBERTY POWER CORPORATION[1]

Philip J. von Kahle, in his capacity as the Assignee (the "Assignee") for the benefit of creditors of Liberty Power Corporation ("LPC"), by and through his counsel, hereby files this Limited Objection (the "Limited Objection") to the *Debtor's Motion Pursuant to Section 105(a) of the Bankruptcy Code and Fed. R. Bankr. P. 9019 for Entry of an Order Approving the Terms of a Settlement By and Between the Debtors and the D&O Parties* (ECF No. 871) (the "D&O Motion," and together David Hernandez ("Hernandez") and Martin Halpern ("Halpern") are the "D&O Parties") and *Debtor's Motion Pursuant to Section 105(a) of the Bankruptcy Code and Fed. R. Bankr. P. 9019 for Entry of an Order Approving the Terms of a Settlement By and Among the Debtors, Boston Energy Trading and Marketing, LLC, and Peter S. Kaufman* (ECF No. 872) (the "Kaufman Motion," and together with the D&O Motion, the "Motions"), and states as follows:

### LIMITED OBJECTION

By the Motions, the Debtors seek approval of the Global Settlement and Release Agreement attached to the D&O Motion at Exhibit B (the "D&O Agreement"), and the Global

---

[1] The undersigned and counsel for the Movant agreed to extend the Assignee's deadline to file the instant objection until Tuesday, May 23, 2023, at 4:00 p.m. in order to provide additional time to reach an agreement with the settling parties on the issues raised herein. Accordingly, the Assignee requests the Court deem the objection timely filed notwithstanding L.R. 5005-1(F)1.

Settlement and Release Agreement attached to the Kaufman Motion at Exhibit B (the "Kaufman Agreement," and together with the D&O Agreement, the "Agreements"). The Assignee asserts this limited objection on the following bases: (1) the releases contained in the Agreements include language that is ambiguous as to whether the parties intend to release claims held by LPC; (2) the Agreements are each represented to be a "global" settlement of claims without clarifying that the Assignee participated in the mediation and was excluded from the settlements; and (3) the D&O Agreement purports to carve out claims for the benefit of the D&O Parties against BETM (as defined below), but those claims are property of LPC's estate under the Assignee's control. Although the Assignee has attempted to resolve these issues with the Debtors, BETM, and the settling parties; the settling parties have not agreed to include clarifying language in the order approving the settlements.

## RELEVANT FACTS

1. On April 20, 2021 (the "Petition Date"), Liberty Power Holdings, LLC (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the U.S. Code commencing the instant bankruptcy case.

2. On May 14, 2021, LPC executed an assignment of substantially all of its assets to the Assignee for the benefit of creditors, pursuant to Florida Statute, Chapter 727. On May 19, 2021, the Assignee commenced the case styled *In re the Assignment for the Benefit of Creditors of Liberty Power Corp., LLC*, Case No. CACE-21-010056, pending in the Seventeenth Judicial Circuit, in and for Broward County, Florida (the "Assignment Case").

3. Prior to the Petition Date and the commencement of the Assignment Case, both the Debtor and LPC were jointly operated by Hernandez as CEO and board member of both entities. Although the Debtor and LPC were two entities on paper, Hernandez admittedly operated them as

a single unified entity,[2] and claimed "what was good for LPH, was good for LPC … ." [Rule 2004 Examination of David Hernandez (June 7, 2022), at 133:20-21].

4. In or around April 2019, LPC retained Gordian Group to provide advice and consultation to LPC and its subsidiaries regarding a potential debt restructuring and/or refinancing. LPC's main contact at Gordian Group was Peter Kaufman ("Kaufman").

5. That engagement resulted in LPH refinanced its debt with BETM.

6. Following the effects of Winter Storm Uri, Hernandez sought personal advice from Kaufman, who counseled Hernandez to take actions in furtherance of Hernandez's own interests, at the expense of LPC's interests.

7. The Assignee has investigated these circumstances and has identified certain actionable claims which he may bring against Hernandez, Gordian, and Kaufman. Those claims include, without limitation, negligence, breach of contract, malpractice, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty collectively with all other claims the Assignee may assert against Hernandez, Gordian, and/or Kaufman, the "Assignee Claims"). Many of the Assignee Claims are the same or similar to the claims settled by the Debtors in the Agreements, and all of them arise out of the same or similar nucleus of operative facts.

8. Accordingly, LPC participated in a pre-suit mediation with the Debtor, Hernandez, Kaufman, and others on January 17-18, 2023 (the "Mediation"), with Harley Riedel, Esq. as mediator.

9. Additionally, LPC has potential claims to bring against the Debtors' lender, Boston Energy Trading and Marketing LLC ("BETM"), which were not the subject of Mediation.

---

[2] According to Hernandez, LPH was "more of a legal construct" that was managed with LPC in "one unified way." [Statutory Examination of Assignor's Representative, David Hernandez (June 16, 2021), at 14:2-5].

10.     As of the filing of this Limited Objection, the Assignee has not reached a settlement of the Assignment estate's claims against Hernandez or Kaufman.

## ANALYSIS

**A. <u>The Releases are Ambiguous as to the Assignee's Claims</u>**

Each of the Settlement Agreements contains a release that is ambiguous as to whether it purports to release the Assignee's claims against the settling parties by virtue of being a creditor in the instant bankruptcy.  For example, the D&O Settlement Agreement states:

> 6.     <u>General Release by the Debtors</u>: As a material inducement to Hernandez and Halpern to enter into this Agreement, effective automatically on the Effective Date, each of the Debtors, **<u>on behalf of themselves and their bankruptcy estates, and anyone claiming by, through, or under them</u>** (collectively the "Debtor Releasing Parties"), hereby fully and forever remises, releases, acquits, waives, disclaims, surrenders, satisfies, and discharges each of Hernandez and Halpern …

[D&O Settlement Motion, at Ex. B, pg. 3, ¶ 6 (emphasis added)].[3]  While the Assignee has no objection to the Debtors settling the estates' claims against the Settling Parties, the Assignee believes the current language, without clarification, creates ambiguity as to whether the Assignee's claims against these same individuals might be released since the Assignee is also a creditor in this case.  See, Proof of Claim No. 56.

The ambiguity of the release language is compounded by the fact that each of the Agreements indicates that it is a "global" settlement of claims, with specific reference to the mediation, but devoid of any mention of LPC's claims, the Assignee's attendance at the mediation, the Assignee's separately asserted claims, or the fact that the Assignee is not included in the "global" settlement.  Due to the overlapping nature of the Debtor's claims with the Assignee's Claims, however, the Agreements, or the order approving same, should specify that they *do not*

---

[3] The Kaufman Settlement Agreement contains substantially the same language.

waive, release, limit, modify, or otherwise affect in any way the Assignee's Claims. This is especially important given the lack of formality between the entities' operations pre-Petition, the Assignee believes calling these settlements "global" without expressly indicating that LPC is not a party is ambiguous and potentially prejudicial to LPC's claims against these same individuals.

For the avoidance of doubt, and notwithstanding vague references to releases from "affiliates" of certain Releasing Parties, such as Hernandez, in the Agreements, the Assignee has not agreed to provide, and is not providing, any of the releases set forth in the Agreements, as presently drafted. Accordingly, to the extent the Court approves the Agreements, LPC requests the Order include clarifying language identifying that the Agreements and the approval of same in no way waives, releases, limits, modifies, or otherwise impacts in any way any of the Assignee's Claims, including without limitation claims against Hernandez and/or Kaufman.

B. **The BETM Carveout appears to reference claims held by LPC**

The D&O Agreement provides in the release a carveout of claims purportedly held by Hernandez and Halpern against BETM:

> 5. General Release by D&O Parties: As one of the material inducements to the Debtors to enter into this Agreement, effective automatically on the date the Debtors receive the Settlement Payment (the "Effective Date"), each of Hernandez and Halpern, on behalf of themselves and each and every of their heirs, agents, attorneys, legal representatives, affiliates, predecessors, successors, and assigns and anyone claiming by, through, or under them (collectively, the "Releasing Parties"), hereby fully and forever remises, releases, acquits, waives , disclaims, surrenders, satisfies, and discharges each of the Debtors, their respective bankruptcy estates and each of their respective present and former managers (including Stephen Gray, Jay Goldman and Louis Martinsen), members, officers (including Bob Butler as the chief restructuring officer), directors, employees, attorneys, affiliates, direct and indirect subsidiaries, accountants, financial advisors, agents and representatives, (collectively, the "Debtor Released Parties") **but specifically excluding Boston Energy Trading and Marketing, LLC, its parents and/or subsidiaries from the Debtor Released Parties**, of and from any and all manner of claims, debts, equity or ownership interests, rights, dues, sums of money, accountings, bonds, warranties, representations, covenants, promises, contracts, controversies,

>agreements, liabilities, obligations, reckonings, expenses, damages, judgments, executions, objections, defenses, setoffs, actions, liens, suits, proceedings, claims, counterclaims, losses, costs, expenses, attorneys' fees, demands, and causes of action of any kind or nature whatsoever, whether contingent, whether disputed or undisputed, whether or not well-founded in fact or law, whether in law, equity or otherwise, whether known or unknown, and whether now accrued or hereafter maturing, which any of the Releasing Parties ever had, now has or hereafter can, shall or may have against any of the Debtor Released Parties, from the beginning of the world until the Effective Date, for or by reason of any matter, cause, omission, or thing whatsoever, including, but not limited to, any matter, cause, omission, or thing related to, arising out of or in connection with the Debtors, the Chapter 11 Cases and the D&O Claims, and by this Agreement, the Releasing Parties acknowledge and affirm that they have not assigned any of claims or causes of action being released hereunder to any third-party not bound by this Agreement. Nothing contained in this Section or elsewhere in this Agreement shall release any of the Debtor Released Parties from their respective obligations set forth in this Agreement.

[D&O Agreement, pg. 3 (*emphasis added*) (the highlighted portion, the "BETM Carveout")].

The Assignee files this limited objection with respect to BETM Carveout because LPC has potential claims to bring against BETM. While the BETM Carveout appears to *preserve* claims, the D&O Agreement indicates that Hernandez and/or Halpern hold claims against BETM individually, which potential claims the Assignee believes are actually held by LPC. The Assignee does not object to the nature of the BETM Carveout preserving claims which Hernandez and/or Halpern may hold, but the Assignee does not want his silence to be interpreted as a tacit agreement that Hernandez and/or Halpern do in fact hold in their individual capacities claims against BETM. Accordingly, to the extent the Court approves the D&O Agreement, the Assignee requests the Order include language that the approval of same in no way waives, impacts, resolves, or otherwise adjudicates any issue with respect to LPC's claims against BETM, nor that the approval is any adjudication of the ownership of any claims as between Hernandez and/or Kaufman on the one hand and LPC and/or the Assignee on the other.

### C. The Agreements include Vague and Ambiguous "Cooperation" Requirements

The D&O Motions and Agreements also contain vague and ambiguous "cooperation" requirements for certain settling parties, such as Hernandez and Kaufman. While the Agreements do not expressly purport to compel disclosures of privileged and confidential information with respect to the Assignee, neither Hernandez nor Kaufman has authority to waive any privilege held by LPC. As a result of the Assignment, the Assignee maintains exclusive control over LPC's privilege. CITE. As such, any cooperation must be limited by, subject to, and without waiver of, the Assignee's exclusive control of LPC's privilege.

WHEREFORE, the Assignee requests that to the extent the D&O Agreement or the Kaufman Agreements are approved by this Court, that the Orders approving same include clarifications as provided herein; and for such other and further relief as the Court deems just and proper.

Dated: May 23, 2023

                                        Respectfully submitted,

                                        BAST AMRON LLP
*Counsel for Assignee, Philip J. von Kahle for the Benefit of Creditors of Liberty Power Corp., LLC*
One Southeast Third Ave., Suite 2410
Miami, Florida 33131
Telephone: 305.379.7904
Facsimile: 786.206.8740
Email: jbast@bastamron.com
Email: dquick@bastamron.com

By: */s/ Dana R. Quick*
      Jeffrey P. Bast (FBN 996343)
      Dana R. Quick (FBN 074402)

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May, 2023, true and correct copies of the foregoing were served electronically via the Court's electronic filing system on all parties registered to receive notifications via CM/ECF in this case.

                                                        */s/ Dana R. Quick*
                                                        Dana R. Quick, Esq.