**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11 Cases** |
| **LIBERTY POWER HOLDINGS, LLC,** | Case No. 21-13797-SMG |
| **LPT, LLC,** | Case No. 21-15537-SMG |
| **LIBERTY POWER MARYLAND, LLC,** | Case No. 21-15539-SMG |
| **LIBERTY POWER DISTRICT OF COLUMBIA, LLC,** | Case No. 21-15540-SMG |
| | **(Jointly administered 21-13797-SMG)** |

_____/

**OBJECTION TO PROOF OF CLAIM FILED BY JASON MENDOZA**
**ON BEHALF OF HIMSELF AND FORMER**
**EMPLOYEES OF THE DEBTOR FOR WARN ACT AND OTHER DAMAGES**
(Proof of Claim No. 4 in Case No. 21-13797)

**LIBERTY POWER HOLDINGS, LLC** ("Holdings" or "Debtor"), one of the four above-captioned debtors in these chapter 11 cases, by and through its undersigned counsel, and pursuant to Fed. R. Bankr. P. 3007 and Local Rule 3007-1, files this objection ("Objection") to Proof of Claim No. 4 filed in Case No. 21-13797 by Jason Mendoza ("Claimant") of behalf of himself and the class he seeks to represent consisting of all former employees of the Debtor who worked at or reported to Debtor's facility located at 2100 W. Cypress Creek Road, Fort Lauderdale, Florida 33309 (collectively, the "Purported Class") asserting a priority wage claim against Holdings in the amount of $1,000,000. In support of the Objection the Debtor states as follows:

1. On May 12, 2021, Claimant filed Proof of Claim No. 4 in Case No. 21-13797 asserting a priority wage claim against Holdings in the amount of $1,000,000 (the "Priority Wage Claim"). The Priority Wage Claim is based on the Debtor's alleged violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq. (the "WARN Act").

2. The Priority Wage Claim states that:

    a. The Debtor was an "employer" as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a) and therefore the WARN Act applies to the Debtor;

    b. The Debtor and Liberty Power Corporation ("LPC"), Holdings' ultimate parent company, are a "single employer"; and

    c. The Debtor and Liberty Power Corporation as "alter egos" of each other.

3. The Debtor objects to the Priority Wage Claim on the basis that:

    a. LPC was, at all relevant times, the employer of Claimant and each member of the Purported Class and therefore the Debtor is not an employer under the WARN Act; and

    b. Even if this Court were to find that the Debtor and LPC are a "single employer" or "alter egos" of each other, LPC only had 94 full-time employees and 1 part-time employee as of April 18, 2021 (the alleged termination date) which is below the statutory minimum threshold of the WARN Act.

4. The WARN Act states:

**The term "employer" means any business that employs 100 or more employees, excluding part-time employees; or 100 or more employees, including part-time employees, who in the aggregate work at least 4,000 hours per week, exclusive of hours of overtime.**

5. The Debtor seeks an Order of this Court striking and disallowing the Priority Wage Claim on the threshold grounds that, even if this Court were to impute LPC's employer status[1] to the Debtor, the Debtor could not be an employer under the WARN Act as Claimant cannot meet

---

[1] It is important to note that LPC is also not an "employer" under the WARN Act because Claimant cannot meet the "minimum number of employees" threshold.

its burden that the WARN Act applies to the Debtor. A list of LPC's 95 employees as of April 18, 2021 will be given to opposing counsel confidentially and filed with the Court under seal.

6. The Debtor reserves all rights to amend or supplement this Objection on any grounds, including but not limited to, that: (i) LPC was the employer for Claimant and the Purported Class; (ii) the Debtor and LPC are not a "single employer"; (iii) the Debtor and LPC are not alter egos of each other; (iv) the Priority Wage Claim purports to be a "Class Proof of Claim" and, as no motion to certify the Purported Class has been filed, much less ruled upon, the request is premature; and (v) because the Priority Wage Claim cannot be a class proof of claim, the Priority Wage Claim exceeds the allowable priority wage claim of $13,650 applicable to Claimant himself.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order: (i) sustaining the Objection; (ii) striking and disallowing the Priority Wage Claim; and (iii) granting the Debtor such other and further relief as is just and proper.

**Dated this 25th day of May, 2023.**

Respectfully Submitted,

**VENABLE, LLP**
*Counsel for Debtors-in-Possession*
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

By: /s/ *Heather L. Harmon*
Paul J. Battista, Esq.
Florida Bar No. 884162
pjbattista@venable.com
Mariaelena Gayo-Guitian, Esq.
Florida Bar No. 813818
mguitian@venable.com
Heather L. Harmon, Esq.
Florida Bar No. 13192
hlharmon@venable.com