**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11 Cases** |
| | |
| **LIBERTY POWER HOLDINGS, LLC,** | Case No. 21-13797-SMG |
| **LPT, LLC,** | Case No. 21-15537-SMG |
| **LIBERTY POWER MARYLAND, LLC,** | Case No. 21-15539-SMG |
| **LIBERTY POWER DISTRICT OF COLUMBIA, LLC,** | Case No. 21-15540-SMG |
| | |
| | **(Jointly administered 21-13797-SMG)** |
| _____ / | |

**DEBTORS' *EX-PARTE* MOTION FOR ENTRY OF AN ORDER (A) SHORTENING NOTICE PERIOD FOR HEARING ON DEBTORS' OBJECTION TO CERTAIN ADMINISTRATIVE, PRIORITY AND SECURED CLAIMS AND (B) SCHEDULING EXPEDITED HEARING ON JUNE 15, 2023 AT 1:30 PM**

**LIBERTY POWER HOLDINGS, LLC** ("Holdings"), **LIBERTY POWER DISTRICT OF COLUMBIA, LLC** ("Liberty District of Columbia"), **LPT, LLC** ("LPT") and **LIBERTY POWER MARYLAND, LLC** ("Liberty Maryland")(collectively, the "Debtors"), by and through their undersigned counsel, file this *ex-parte* motion (the "Motion") pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules") seeking entry of an Order (the "Order"), in substantially the form attached hereto as **Exhibit "A,"** shortening the notice required under Bankruptcy Rules 3007(a)(1) and scheduling an expedited hearing on the Objection to Claims (defined herein) on the date scheduled for the confirmation hearing on **June 15, 2023 at 1:30 p.m.** (the "Confirmation Hearing"). In support of the Motion, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtor's bankruptcy case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Rules 9006 and 3007(a)(1), and Local Rule 9013-1.

## Relevant Background

3. On April 20, 2021 (the "Petition Date"), Holdings filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since that time, the Debtor has operated as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. On June 4, 2021 (the "Subsidiary Petition Date"), the Subsidiary Debtors each filed chapter 11 bankruptcy petition, which bankruptcy cases were jointly administered with the Chapter 11 case of Holdings, including to facilitate the sale of all or substantially all of the Debtors' assets, including without limitation, retail customer contracts, pursuant to Sections 363 and 365 of the Bankruptcy Code.

5. As of the date hereof, no creditors' committee has been appointed in this case. In addition, no trustee or examiner has been appointed.

6. On April 14, 2023, the Debtors filed the *Joint Chapter 11 Plan of Liquidation Proposed by Liberty Power Holdings, LLC, LPT,LLC, Liberty Power Maryland, LLC and Liberty Power District of Columbia, LLC* dated as of April 14, 2023 (as it may be amended or modified) (the "Plan") [ECF No.874/875].[1]

7. On April 21, 2023, the Debtors filed the *Joint Disclosure Statement for Chapter 11*

---

[1] Capitalized terms used herein and not otherwise defined shall have the same meaning as attributed to them in the Plan or, if not defined in the Plan, in the Disclosure Statement.

*Plan of Liquidation Proposed by Liberty Power Holdings, LLC, LPT,LLC, Liberty Power Maryland, LLC and Liberty Power District of Columbia, LLC* [ECF No. 880] dated as of April 14, 2023 (as modified, amended and/or supplemented from time to time, the "<u>Disclosure Statement</u>").

8. On April 21, 2023, the Debtors filed the *Debtors' Joint Ex-Parte Motion for Entry of Order: (A) Conditionally Approving Joint Disclosure Statement; (B) Authorizing Solicitation of Votes on Joint Plan of Liquidation; (c) Approving Solicitation Procedures; (D) Approving Additional Notice Procedures; and (E) Scheduling Combined Hearing on Final Approval of The Joint Disclosure Statement and Hearing on Confirmation of the Joint Plan of Liquidation* (the "<u>Solicitation Motion</u>") [ECF No. 881].

9. On April 27, 2023, the Court granted the Solicitation Motion and entered its *Order Granting Debtor' Motion For Order: (A) Conditionally Approving Joint Disclosure Statement; (B) Authorizing Solicitation Of Votes On Joint Plan Of Liquidation; (C) Approving Solicitation Procedures; (D) Approving Additional Notice Procedures; And (E) Scheduling A Combined Hearing On Approval Of The Joint Disclosure Statement And Hearing On Confirmation Of The Joint Plan Of Liquidation* (the "<u>Combined Hearing Order</u>") [ECF No. 884] which, among other things, (i) scheduled a combined hearing to consider approval of the adequacy of the Disclosure Statement on a final basis; (ii) confirmation of the Plan; and (iii) established June 1, 2023 as the deadline to file objections to claims.

10. The Combined Hearing on the final approval of the Disclosure Statement and Confirmation are currently set on June 15, 2023 at 1:30 p.m.

**<u>Relief Requested</u>**

11. Bankruptcy Rule 3007(a)(1) requires thirty (30) days' notice for a hearing on

Objection to Claims. By this Motion, the Debtors request entry of an order under Bankruptcy Rule 9006(c)(1) shortening the required thirty (30) day notice for the Objection to Claims to twenty-one (21) days and setting a hearing on June 15, 2023 at 1:30 p.m. in conjunction with the Confirmation Hearing.

12. Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time . . . , the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). Bankruptcy Rule 2002(a)(2) also provides that the thirty (30) day notice required therein may be shortened by the Court "for cause shown."

14. The Debtors submit that cause exists to shorten the notice period for a hearing on the Objection to Claims as the outcome of the claims process may directly impact confirmation of the Plan. The Debtors will serve the Objections to the Claimant, Claimant's representative and/or Claimant's counsel, as applicable, ***via e-mail***, upon entry of an Order on this Motion.

15. The primary purpose of the Plan is to effectuate the orderly wind down of the Debtors' affairs by distributing the Assets of the Estates. Notably, the Plan is based upon arms'-length negotiations among the Debtors and BETM regarding the best means for completing the liquidation of the remaining Assets, winding down the Debtors' affairs, and maximizing the value of the Estates and the return to creditors pursuant to the Liquidation Analysis attached as *Exhibit "3"* to the Disclosure Statement. Specifically, the Liquidation Analysis is based, in part, on approval of the BETM Plan Settlement which provides, among other things, on BETM's agreement to subordinate its right to receive a Distribution on account of: (a) the DIP Financing Claims, (b) the BETM Adequate Protection Obligation, and (c) the BETM Class 4 Allowed Secured Claim, so as to enable the Debtors to use the Available Cash (i) to pay the Agreed Senior

Claims in connection with confirmation of the Plan, and/or (ii) to pay for the prosecution of Causes of Action on terms acceptable to the Debtors and BETM.

16. Simultaneously, with the filing of this Motion the Debtors have filed three (3) Objections to Claims [ECF Nos. 903, 904 & 905] objecting to certain claims as: (i) improperly classified administrative, priority, and/or secured, or (ii) priority tax or secured claims that have been paid or otherwise satisfied in full.

17. Specifically, Claim #4 filed by Jason Mendoza in Holdings on behalf of himself and others similarly situated asserts a priority wage claim in the amount of $1,000,000 for alleged WARN Act violations. As set forth in more detail in the Objection to Claims [ECF No. 903] the Debtors assert that there is no factual or legal basis to support this Claim and the objection should be sustained.

18. Additionally, the Debtors have filed Objections to improperly classified administrative, priority, and/or secured claims filed by Manoj Kumar Tripathy, Alvin Scott, Barbara Allan and Patricia Wilburn. The Debtors seek to reclassify any such claims to general unsecured claims. Further, the Debtors are objecting to priority tax and secured claims that have been paid or otherwise satisfied in full.

19. The resolution of these claims on or before the Confirmation Hearing is important as the claims asserted may directly impact the ability of the Debtors to proceed with confirmation of the Plan.

20. A proposed Order granting this Motion will be uploaded to the Court via CM/ECF.

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order: (i) setting a hearing on the Objection to Claim for June 15, 2023 at 1:30 p.m.; (ii) requiring that the Claimants file a response pursuant to Local Rule 5005-1(F) not later than 4:30 p.m. on the second business

day prior to the Confirmation Hearing; and (iii) granting such other or further relief as the Court may deem just.

**Dated this 25th day of May, 2023.**

Respectfully Submitted,

**VENABLE, LLP**
*Counsel for Debtors-in-Possession*
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

By: /s/ *Heather L. Harmon*
Paul J. Battista, Esq.
Florida Bar No. 884162
pjbattista@venable.com
Mariaelena Gayo-Guitian, Esq.
Florida Bar No. 813818
mguitian@venable.com
Heather L. Harmon, Esq.
Florida Bar No. 13192
hlharmon@venable.com