**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11 Cases** |
| **LIBERTY POWER HOLDINGS, LLC,** | Case No. 21-13797-SMG |
| **LPT, LLC,** | Case No. 21-15537-SMG |
| **LIBERTY POWER MARYLAND, LLC,** | Case No. 21-15539-SMG |
| **LIBERTY POWER DISTRICT OF COLUMBIA, LLC,** | Case No. 21-15540-SMG |
| Debtors. | (Jointly administered 21-13797-SMG) |
| _____/ | |

**DEBTORS' EXPEDITED MOTION TO MODIFY**
**JOINT PLAN OF LIQUIDATION DATED APRIL 14, 2023**

**(Hearing Requested for June 15, 2023 at 1:30 p.m.)**

**LIBERTY POWER HOLDINGS, LLC** ("Holdings"), **LPT, LLC** ("LPT"), **LIBERTY POWER MARYLAND, LLC** ("Liberty MD") and **LIBERTY POWER DISTRICT OF COLUMBIA, LLC** ("Liberty DC") (collectively, the "Debtors"), by and through undersigned counsel, hereby file this *Expedited Motion to Modify Joint Plan of Liquidation dated April 14, 2023* (the "Motion"). In support thereof, the Debtors respectfully state as follows:

**I.      Background**

1.     On April 20, 2021 (the "Holdings Petition Date"), Holdings filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the Bankruptcy Code. Since that time, Holdings has operated as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.     On June 4, 2021 (the "Subsidiary Petition Date"), each of Liberty District of Columbia, LPT and Liberty MD filed chapter 11 bankruptcy petitions, which bankruptcy cases were jointly administered with the chapter 11 case of Holdings, including to facilitate the sale of

all, or substantially all, of the Debtors' assets, including without limitation, retail customer contracts, pursuant to Sections 363 and 365 of the Bankruptcy Code.

3. On April 14, 2023, the Debtors filed their *Joint Chapter 11 Plan of Liquidation Proposed By Liberty Power Holdings, LLC, LPT, LLC, Liberty Power Maryland, LLC and Liberty Power District of Columbia, LLC* [ECF No. 875] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan"). On April 21, 2023, the Debtors filed their *Joint Disclosure Statement For Joint Chapter 11 Plan of Liquidation Proposed By Liberty Power Holdings, LLC, LPT, LLC, Liberty Power Maryland, LLC and Liberty Power District of Columbia, LLC* [ECF No. 880] (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement").

4. On April 27, 2023, the Court entered its *Order (A) Conditionally Approving Joint Disclosure Statement; (B) Authorizing Solicitation Of Votes On Joint Plan Of Liquidation; (C) Approving Solicitation Procedures; (D) Approving Additional Notice Procedures; And (E) Scheduling A Combined Hearing On Approval Of The Joint Disclosure Statement And Hearing On Confirmation Of The Joint Plan Of Liquidation* (the "Disclosure Statement Order") [ECF No. 884].

5. Thereafter, on May 16, 2023, the Debtors, through their noticing agent and pursuant to the Disclosure Statement Order, served [*See* ECF No. 898]:

    a. The Plan, Disclosure Statement, Disclosure Statement Order and Ballot to Boston Energy Trading and Marketing LLC as the Holder of the Class 4 Allowed Secured Claim (All Debtors);

    b. The Plan, Disclosure Statement and Disclosure Statement Order to the Internal Revenue Service, the United States Trustee and the Securities and

        Exchange Commission pursuant to Bankruptcy Rule 3017(a);

    c.    The Notice of Non-Voting Status (Exhibit A to ECF No. 881) and Disclosure Statement Order to all Holders of Claims and Interests that are not entitled to vote on the Plan; and

    d.    The Notice of Confirmation Hearing (Exhibit B to ECF No. 881) and Disclosure Statement Order to all other parties in interest.

6.    The Plan provides a framework for the orderly liquidation of the Debtors' remaining assets and the payment of certain administrative, priority tax and secured claims. On May 19, 2023, Boston Energy Trading and Marketing, LLC ("<u>BETM</u>") filed its Ballot Accepting the Plan [ECF No. 891]. BETM is the only member in Class 4 under the Plan and Class 4 is the only impaired class entitled to vote on the Plan (the "<u>Voting Class</u>"). Therefore, the Plan has been accepted by at least one class of impaired claims as required under Section 1129(a)(10) of the Bankruptcy Code. The Debtors anticipate proceeding with cramdown on the other impaired Classes under the Plan under section 1129(b) of the Bankruptcy Code.

7.    The hearing on final approval of the Disclosure Statement and confirmation of the Plan is currently scheduled for June 15, 2023 at 1:30 p.m. (the "<u>Confirmation Hearing</u>").

**II.**    **<u>Relief Requested</u>**

8.    By this Motion, the Debtors request that the Court: (i) authorize the Debtors to modify the Plan pursuant to the Modifications (as defined and set forth below), (ii) determine that the Modifications comply with Section 1127 of the Bankruptcy Code, (iii) determine that BETM as the only creditor in the Voting Class is not adversely affected by the Modifications, (iv) determine that the Debtors are not required to re-solicit ballots on the Plan, as modified, from BETM as the only holder of a claim in the Voting Class, and (v) determine that the prior acceptance

3

of the Plan by BETM be applied to, and used in connection with, confirmation of the Plan, as modified by the Modifications.

9. Section 1127(a) of the Bankruptcy Code allows a plan proponent to modify a plan "at any time before confirmation," but further provides that such proponent "may not modify such plan so that such plan as modified fails to meet the requirements of Sections 1122 and 1123 of this title." Section 1127(c) provides that the proponent of the modification shall comply with the disclosure requirements of Section 1125 of this title with respect to the plan as modified. Courts do not require notice of a modification if the modification does not adversely change a claimant's treatment. *In re Dow Corning Corporation*, 237 B.R. 374, 379 (Bankr. E.D. Mich. 1999).

Bankruptcy Rule 3019 provides that in a Chapter 11 case:

> after a plan has been accepted and before its confirmation, the proponent may file a modification of the plan. If the court finds after hearing on notice to the trustee, any committee appointed under the Code, and any other entity designated by the court that the proposed modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, it shall be deemed accepted by all creditors and equity security holders who have previously accepted the plan.

Rule 3019 explains when it is necessary to re-solicit parties who have previously voted on the plan. *Dow Corning*, 237 B.R. at 379. If a modification does not materially impact a claimant's treatment, the change is not adverse and the court may deem that prior acceptances apply to the amended plan as well. *In re American Solar King Corp.,* 90 B.R. 808, 826 (Bankr. W.D. Tex. 1988). In addition, the Modification does not materially or adversely change the treatment of *any* creditor or equity holder under the Plan. *See In re: America-CV Station Group, Inc. et al.*, 56 F.4th 1302. 1311 (11th Cir. 2023). Given that the Plan, as modified by the Modifications described below, does not change the treatment of any creditor or equity holder, including BETM, the only

4

member of the single Voting Class who voted on the Plan, then BETM should be deemed to have accepted the Plan, as modified by the Modifications. In addition, BETM has reviewed this Motion and the Modifications and supports the relief requested herein.

10. As such, pursuant to Bankruptcy Rule 3019, BETM does not need to be re-solicited in respect of confirmation of the Plan as modified. To determine otherwise would needlessly delay confirmation, increase the administrative expenses in connection therewith and heighten the risk of the Plan's failure in contravention of the goal of consensual plans under the Bankruptcy Code. *See American Solar King*, 90 B.R. at 825-26; *Dow Corning,* 237 B.R. at 378.

11. Based on the foregoing, the Plan, as modified by the Modifications below, complies with the applicable provisions of the Bankruptcy Code and 11 U.S.C. §1129. Further, the lack of inclusion in the Disclosure Statement of the information contained in this Modification does not impair the adequacy of disclosure in the Disclosure Statement. No party in interest will be prejudiced by virtue of the relief requested. Specifically, the resolution of Causes of Action will only benefit or otherwise affect BETM in respect of its Class 4 Allowed Secured Claim. The Debtors also submit with a degree of certainty that any future recoveries from Causes of Action will not exceed BETM's Class 4 Secured Claim.

### III.     Plan Modifications

12. The modifications proposed herein (collectively, the "Modifications") will modify certain provisions of the Plan related to (i) the procedures for approving settlement and compromises of Causes of Action after the Effective Date, and (ii) adding a condition to the occurrence of the Effective Date.

## MODIFICATION OF JOINT PLAN

The Debtors seek to modify Article X(A)(c) of the Plan (Conditions Precedent to the Effective Date) to add the language in italics set forth below:

"(c)  All asserted Priority Claims and Priority Tax Claims, *and pending Objections to Priority Claims and Priority Tax Claims [ECF Nos. 903, 904, 905]*, other than the Settled Priority Tax Claims, shall have been resolved by a Final Order of the Court in a manner acceptable to BETM;"

The Debtors also seek to modify Article XII(v) of the Plan (Retention of Jurisdiction) to add the language in italics set forth below:

"(v)  decide, adjudicate or resolve any motions, contested or litigated matters and any other matters, including all Causes of Action, and grant or deny any applications involving the Debtors that may be pending on the Effective Date or filed after the Effective Date, *provided, however, that, after the Effective Date and except as otherwise expressly provided herein, the Debtors shall not be required to seek Court approval of a compromise or settlement of a Cause of Action under Bankruptcy Rule 9019*;"

Finally, the Debtors seek to add the following language to the end of Article IV(J):

"*Notwithstanding anything herein or in the Disclosure Statement to the contrary, from and after the Effective Date, the Reorganized Debtors may, without the prior written consent of BETM, settle or compromise any Cause of Action and with BETM's consent shall not be required to seek Court approval of a compromise or settlement of a Cause of Action under Bankruptcy Rule 9019.*"

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order, or authorize inclusion of language into an order confirming the Plan: (i) authorizing the modification of the Plan as set forth herein; (ii) determining that no creditor or equity holder, including BETM as the only member of the single Voting Class, is materially or adversely affected by the Modifications; (iii) determining that the Debtors are not required to re-solicit a ballot on the Plan, as modified, from BETM as the only member of the single Voting Class; (iv) determining that BETM's prior acceptance of the Plan be applied to and used in connection with confirmation of the Plan, as modified by the Modifications; (v) determining that the Modifications comply with the provisions of Section 1127 of the Bankruptcy Code and do not affect the adequacy of disclosure

under Section 1125 of the Bankruptcy Code; and (vi) granting such other relief as the Court deems appropriate.

Dated: June 9, 2023

        Respectfully Submitted,

        **VENABLE, LLP**
        *Counsel for Debtors-in-Possession*
        100 Southeast Second Street, Suite 4400
        Miami, Florida 33131
        Telephone: (305) 349-2300
        Facsimile: (305) 349-2310

        By:  /s/ *Paul J. Battista*
              Paul J. Battista, Esq.
              Florida Bar No. 884162
              pjbattista@venable.com
              Mariaelena Gayo-Guitian, Esq.
              Florida Bar No. 813818
              mguitian@venable.com
              Heather L. Harmon, Esq.
              Florida Bar No. 13192
              hlharmon@venable.com