## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

### FORT LAUDERDALE DIVISION

| | |
|---|---|
| *In re:* | Chapter 11 Case |
| LIBERTY POWER HOLDINGS, LLC, | Case No. 21-13797-SMG |
| Debtor. | (Jointly administered 21-13797-SMG) |

### RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 17 FILED BY BLT STEAK LLC AND BLT FISH LLC, AS CLASS REPRESENTATIVES

BLT Steak LLC and BLT Fish LLC (the "Representative Plaintiffs"), individually and as the appointed representatives of the class certified in *BLT Steak LLC and BLT Fish LLC v. Liberty Power Corp., LLC d/b/a Liberty Power New York and Liberty Power Holdings LLC*, Supreme Court, New York County, Index No. 151293/2013 (Hagler, J.S.C.) (the "New York Action"), pending against Liberty Power Holdings, LLC ("Debtor") and Liberty Power Corp., L.L.C. d/b/a Liberty Power New York ("LPC") (Debtor and LPC, collectively, "Liberty Power"), by and through the undersigned counsel, as and for their Response to Debtor's Objection (ECF Doc. 917) to Proof of Claim No. 17, states:

1. Representative Plaintiffs, for themselves on behalf of the certified class in the New York Action, consisting of all Liberty Power's customers for the provision of electricity in New York State that, at any point from June 29, 2009, to the present, were on a variable rate plan that provided that rates would be based on electricity market pricing (the "Class"), filed Proof of Claim No. 17 (the "Claim"), in the principal amount of $383,112,952. *See* Claim, as filed, attached as Exhibit 1.

2.      Debtor previously argued that the merits and amount of Representative Plaintiffs' Claim are *prima facie* valid, noting its own lack of objection to the Claim, in opposing and preventing Representative Plaintiffs from obtaining relief from the stay to liquidate the Claim in Supreme Court. *See* ECF Doc. 570. Debtor now reverses its position, asking the Court to strike and disallow the Claim as "speculative, excessive, unsubstantiated and without merit," based on Debtor's own unfounded speculation that (A) Supreme Court did not certify the Class, and that (B) the New York Action is only in the initial stages of discovery. Debtor is incorrect, and the Objection wholly unsupported.

3.      To the contrary, Debtor's contentions are easily disproven: certification of the Class and calculation of Class damages are well-supported by the thorough and prolific record in the New York Action, developed over 8 years of litigation and certified as trial ready as of the petition date.

A. **Supreme Court Certified the Class**

4.      Debtor's Objection wrongly contends that Supreme Court in the New York Action "had not entered an order certifying the alleged class or appoint[*sic*] class counsel because the parties could not reach agreement on the language of the proposed order."

5.      Supreme Court had entered an order granting class certification as set forth in its decision stated on the record. The Decision and Order states "ORDERED, that the motion is granted to the extent stated on the record today. Submit Order." *See* 8/12/20 Decision + Order on Motion (short form), together with 8/12/20 Transcript of Decision, annexed hereto as Exhibit 2.

6.      As stated on the record in the transcript of the decision, Supreme Court appointed Representative Plaintiffs to represent a class of all of Liberty Power's customers that, at any point from June 29, 2009, to the present, were subject to a variable rate plan for the provision of

electricity in New York State that provided that rates would be based on electricity market pricing, including all customers charged Liberty Power's default variable rate. *See* Ex. 2 (8/12/20 Decision Tr. 40-41).

7.  Inclusion of the words "Submit Order" did not nullify Supreme Court's order granting class certification. "Submit Order" neither invited nor required Liberty Power to agree or approve of language in any other or further order entered by the court. Rather, Supreme Court's "submit order" directive empowered Representative Plaintiffs, as the prevailing party on the motion, to draft and submit an order to the relevant back office for signature by Supreme Court, without further notice to Liberty Power. *See Funk v. Barry*, 89 N.Y.2d 364, 367 (1996) (as opposed to the "settle order" procedure, the "submit order" procedure typically "calls for no notice to the opponent").

8.  Supreme Court's order granting class certification required nothing further. Debtor has made no showing suggesting otherwise, and the Objection must be overruled.

B. **The New York Action Was Ready for Trial as of the Petition Date**

9.  Next, Debtor wrongly contends that the New York Action was "in its initial stages of discovery" as of the petition date. By that time, the New York Action had been litigated for over 8 years, and discovery was complete. Indeed, as of the petition date, Representative Plaintiffs' breach of contract claim had withstood summary judgment and an interlocutory appeal by Liberty Power, and Representative Plaintiffs had already filed a Note of Issue and Certificate of Trial Readiness.

10. Representative Plaintiffs commenced the New York Action against Liberty Power not in a representative capacity on February 11, 2013. Representative Plaintiffs are restaurants in

New York that were variable rate customers of Liberty Power from approximately March 2005 through June 2012. They alleged their own damages to be in excess of $350,000.

11. Representative Plaintiffs took extensive merits discovery on their claim that Liberty Power breached a contractual obligation to charge them a variable rate "based upon the electricity market pricing," by, instead, charging them exorbitant rates that were not tied to electricity market pricing. Testimony and records produced by Liberty Power, including their form contracts used for variable rate customers, demonstrated that Liberty Power was uniformly obligated to charge those customers a variable rate that was 'based upon electricity market pricing.' Rather, Liberty Power systematically breached this obligation by charging variable rates containing unreasonable and exorbitant hidden "margin" fees, as corroborated and amplified by Representative Plaintiffs' expert, Robert Sinclair, Ph.D., an economist with expertise in New York electricity market pricing. (The expert affidavit of Robert Sinclair, Ph.D., sworn to December 20, 2019, submitted in the New York Action, is annexed to the Claim together with a Damages Explanation.)

12. On June 29, 2015, Representative Plaintiffs sought leave to amend the complaint to add class allegations based on the evidence adduced in merits discovery. Liberty Power opposed. By Decision and Order dated June 8, 2016, Supreme Court granted Representative Plaintiffs' motion and directed Liberty Power to answer the amended complaint containing class allegations.

13. On September 2, 2016, Liberty Power moved for summary judgment against the single claim for breach of contract in the class action complaint. By Decision and Order dated March 13, 2018, Supreme Court upheld Representative Plaintiffs' breach of contract claim and denied Liberty Power's motion for summary judgment, from which Liberty Power took interlocutory appeal. By Decision and Order dated May 7, 2019, the First Department likewise upheld the claim and affirmed Supreme Court's denial of summary judgment.

14. By Decision and Order dated December 17, 2018, Supreme Court granted a further motion for leave to amend the complaint to expand the definition of the Class to encompass all variable rate customers within the State of New York. A copy of the operative First Amended Class Action Complaint dated May 25, 2018, is annexed hereto as Exhibit 3.

15. On December 30, 2019, Representative Plaintiffs filed a Note of Issue and Certificate of Readiness for Trial.

16. On August 12, 2020, Supreme Court granted Representative Plaintiffs' motion for class certification. Representative Plaintiffs continued to advance the litigation thereafter, including by gathering information necessary for provision of class notice to members of the certified class; however, court functions and availability were limited due to pandemic-related restrictions.

17. On April 20, 2021, Debtor filed a voluntary chapter 11 petition in this Court.

18. On May 19, 2021, the Assignee for LPC filed an *Assignment for the Benefit of Creditors of Liberty Power Corp., LLC*, Case No. CACE-21-010056, pending in the Seventeenth Judicial Circuit, Broward County, Florida.

19. Accordingly, Debtor's contention that the New York Action was still in its infancy as of the petition date is baseless, and the Objection should be overruled.

C. The Objection Is Belied by Debtor's Prior Admission that the Claim Is Valid as Filed

20. On June 24, 2021, Representative Plaintiffs filed the Claim in the general unsecured principal amount of $383,112,952, exclusive of interest or other charges. Attached to the main claim form is a Damages Explanation, which explains that the damages amount was calculated by applying a 7.26% average overcharge in each year of the applicable period (2009-2020) based on the damages methodologies described in the affidavit of Representative Plaintiffs' expert Robert

5

Sinclair, Ph.D., sworn to December 19, 2020 (annexed to the Claim as Ex. A to the Damages Explanation).

21. On February 11, 2022, Representative Plaintiffs moved for an order of relief from the automatic stay ("Stay Relief Motion"). Representative Plaintiffs sought to resume litigation of the New York Action against Liberty Power for purposes of liquidating the Claim, *inter alia*. Debtor opposed the Stay Relief Motion, stating in its written Response, as well as repeatedly at the March 2 hearing, that the Stay Relief Motion should be denied because there was no need to lift the stay to allow Representative Plaintiffs to liquidate or estimate the dollar amount of the Claim, to which Debtor was in any event not objecting, and which was entitled to a presumption of validity as to the merits and amount of the claim. ECF Doc. 570 at 7 (citing Fed. R. Bankr. P. 3001[f]).

22. After a hearing, on March 2, 2022, this Court denied the Stay Relief Motion, specifically, without prejudice to renew if Debtor objected to the Claim. Debtor took the position on the Stay Relief Motion that the Claim as filed was sufficient and the amount presumptively valid to oppose and block Representative Plaintiffs from liquidating the Claim in Supreme Court. Debtor argued only that there was insufficient "cause" to lift the stay due to the lack of funds expected to be available to satisfy nonpriority general unsecured debts, like the Claim. The Court, in turn, ruled accordingly, specifying that it was denying the Stay Relief Motion without prejudice to renew, noting specifically that if Debtor later decided to object to the Claim, the Court would reevaluate its ruling at such time.

23. The Claim, as Debtor has readily admitted in these proceedings, is amply supported and presumptively valid. Representative Plaintiffs have not modified the Claim, and Debtor has presented no evidence or authority to the contrary in its Objection. Nor has Debtor initiated estimation proceedings in the nearly one and a half years since Representative Plaintiffs made their

Stay Relief Motion. Accordingly, Debtor's Objection is wholly unsupported and must be overruled.

24. Alternatively, Representative Plaintiffs respectfully request that the Court grant its prior Motion for Relief from the Automatic Stay to permit the Representative Plaintiffs to move forward in State Court.

25. Representative Plaintiffs, for themselves and on behalf of the Class, reserve all rights, including the right to amend or supplement this Response to Debtor's Objection.

WHEREFORE, Representative Plaintiffs, for themselves and on behalf of the Class, respectfully request that this Court: (i) grant Representative Plaintiffs relief from the automatic stay; (ii) overrule the Objection; and (iii) grant such other and further relief in favor of Representative Plaintiffs as may be just, proper, and equitable.

Dated: June 30, 2023

CIARDI CIARDI & ASTIN

By:*/s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
1905 Spruce Street
Philadelphia, PA 19103
(215) 557-3550
aciardi@ciardilaw.com

*Attorneys for Representative Plaintiffs
BLT Steak LLC and BLT Fish LLC*